Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mhigbee@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>        Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive<br><br>        Defendants. | **Case No.** 2:21-cv-00567-DBP<br><br>**COMPLAINT** |

Plaintiff Great Bowery, Inc., d/b/a Trunk Archive ("Trunk Archive") states its claim against Defendants Best Little Sites d/b/a www.comicbookmovie.com("CBM"), Joshua Wilding ("Wilding") and Mark Cassidy ("Cassidy") (collectively "Defendants") as follows:

### PARTIES

1.       Plaintiff Great Bowery, Inc. d/b/a Trunk Archive is a Delaware corporation duly organized by law, having a place of business at 190 Bowery New York, NY 10012.

1

2.      Defendant Best Little Sites, LLC d/b/a/ www.comicbookmovie.com ("CBM"), is a Utah limited liability company duly organized and existing under the laws of Utah, with a principal place of business at 639 E 720 N, Lindon, UT 84042.

3.      Defendant Nathan Best is an individual that, on information and belief, resides at 237 E. Lake View Drive, Vineyard, Utah, 84059.

4.      Defendant Mark Cassidy is an individual that, on information and belief resides in Dublin, Ireland.

5.      Defendant Joshua Wilding is an individual that, on information and belief resides in Defendant Joshua Wilding is an individual that, on information and belief resides in Taunton, Somerset, England.

6.      Trunk Archive is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Trunk Archive is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Trunk Archive's damages as herein alleged were proximately caused by the conduct of said Defendants. Trunk Archive will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction under the Federal question pursuant to 28 U.S.C. §1331, concerning actions relating to copyright, 28 U.S.C. § 1338(a), and under diversity jurisdiction pursuant to 28. U.S.C. § 1332 as the parties are diverse in citizenship.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

9.      This Court has personal jurisdiction over Defendants because Defendants conducts business in the state of Utah and the acts of infringement alleged in this complaint occurred in state of Utah and were directed towards the state of Utah

10.     Specifically, Trunk Archive's copyright infringement claims arise out of Defendant CBM's relationship with Defendant Best, Cassidy and Wilding.

11.     Venue is proper because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this Judicial District.

## FACTUAL BACKGROUND

### Trunk Archive

12.     Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

13.     Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

14.     One of Trunk Archive's most prominent American portrait photographer Annie Leibovitz.

15.     Leibovitz is one of the world's best known and most accomplished portrait photographers. She is primarily known for her celebrity portraiture, with her work has been featured on numerous album covers and magazines.

16.     Her work has also been exhibited in prominent galleries and museums, including the Smithsonian Institute's National Portrait Gallery in Washington, DC.

17.     Between 2014 and 2019, Leibovitz took a series of photographs of the cast and crew of *Star Wars: The Last Jedi* and *Star Wars: The Rise of Skywalker.*

18.     Specifically Leibovitz took a photograph of actress Laura Dern as Vice Admiral Amilyn Holdo ("Holdo Photograph"); a photograph of actor Benicio Del Toro as DJ ("DJ Photograph"); a photograph of actors Mark Hamil and Carrie Fisher as Luke Skywalker and Leia Organa ("Skywalker Photograph"); a photograph of actress Carrie Fisher and her daughter Billie Lourd as Leia Organa and Kaydel Ko Connix ("Connix Photograph"); a photograph of actors Oscar Isaacs, and Billy Dee Williams as Poe Dameron and Lando Calrissian aboard the Millennium Falcon with Chewbacca and BB-8 ("Millennium Falcon Photograph"); a photograph

of actor Mark Hamil as Luke Skywalker with R2-D2 ("R2-D2 Photograph"); a photograph of actors John Boyega and Naomi Ackle as Finn and Jannah ("Finn Photograph"), a photograph of actors Domhnall Gleeson and Richard E. Grant as General Hux and Allegiant General Pryde; ("Hux Photograph"); eight photographs of behind the scenes production of *Star Wars: The Rise of Skywalker* ("Production Photographs"); a photograph of actors Adam Driver and Daisy Ridley as Kylo Ren and Rey ("Lightsaber Photograph"); and a photograph of actors Oscar Issacs and John Boyega as Poe Dameron and Finn ("Dameron Photograph").

19. Collectively these will be referred to as the Star Wars Photographs.

20. Attached hereto as Exhibit A are true and correct copies the eighteen (18) Star Wars Photographs at issue in this case.

21. The Star Wars Photographs were originally published exclusively by the publication *Vanity Fair* in print and online at the *Vanity Fair* website. *See* https://bit.ly/2YWOwW7 and https://bit.ly/3CnQI7z

22. Leibovitz registered the Star Wars Photographs with the United States Copyright Office.

23. Specifically, Leibovitz registered the Holdo Photograph, Skywalker Photograph, Connix Photograph, and Dameron Photograph under registration certificate VA 2-111-252 with an effective registration date of July 10, 2017; Leibovitz registered the DJ photograph under registration certificate VA 2-056-929 with an effective registration date of October 17, 2016; Leibovitz registered the Millennium Falcon Photograph, R2-D2 Photograph, Finn Photograph, Hux Photograph, and Production Photographs, Lightsaber Photograph and Dameron Photograph under registration certificate VA 2-192-380 with an effective registration date of January 16, 2020.

24. Leibovitz subsequently granted Trunk Archive the exclusive right to license the Star Wars Photographs.

/ / /

**www.ComicBookMovie.com**

25.     Defendant CBM owns and operates the website www.comicbookmovie.com (the "Website").

26.     Defendant Best is the owner and President of CBM.

27.     CBM's Website consists primarily of movie and television articles and related editorial content geared towards the comic book, graphic novel, sci-fi, fantasy, and horror genres.

28.     Content on CBM's Website is monetized through paid advertisements.

29.     Attached hereto as Exhibit B is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/about/advertise/.

30.     On information and belief, Defendant Best has the ability to supervise and control the content on the Website and receives a financial benefit from the operation of the Website.

31.     CBM actively solicits paid contributors to generate, edit, and moderate content for the CBM Website.

32.     According to the CBM Website, paid contributors are expected to meet a minimum article count "based upon your desired shift (typically one per day), that you will be required to meet to maintain editorship and payment eligibility."

33.     Paid contributors are compensated each month and are eligible for bonus and other incentives based on the content they create to CBM's Website.

34.     Attached hereto as Exhibit C is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/about/contribute/.

35.     Defendants Wilding and Cassidy are listed prominently on the "About" page of the CBM website as two of the Website's four "Top Contributors."

36.     Attached hereto as Exhibit D is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/about/.

37.     On information and belied, Defendants Cassidy and Wilding are paid contributors of CBM.

**Defendant Mark Cassidy**

38.     Defendant Cassidy's profile on the CBM Website states that he has been a member of the Website since November 9, 2008 and states that he has contributed nearly 16,000 posts to the CBM Website, or an average of approximately 3.4 post per day.

39.     According to his profile on the Website, Cassidy posts to the Website under the username "RorMachine."

40.     Attached hereto as Exhibit E is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/user/RorMachine.

41.     Cassidy lists himself on his LinkedIn Profile as "Head Editor" of the Website.

42.     Attached hereto as Exhibit F is a true and correct copy of Cassidy's LinkedIn page.

43.     On information and belief Cassidy is a paid editor/contributor to the Website.

44.     On information and belief Cassidy is expressly authorized by CBM to create and edit content for the Website.

45.     In a post to his Twitter account on October 2, 2014, Cassidy stated "Once again: If something isn't written up by a CBM editor and posted out on our main page, it is not endorsed by us."

46.     Attached hereto as Exhibit G is a true and correct copy of Cassidy's October 2, 2014 tweet.

**Defendant Joshua Wilding**

47.     Defendant Wilding's profile on the CBM Website states that he has been a member of the Website since March 13, 2009 and states that he has contributed over 27,000 posts to the CBM Website, or an average of almost 6 posts per day.

48.     According to his profile on the Website, Wilding posts to the Website under the username "JoshWilding."

49.     Attached hereto as Exhibit H is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/user/JoshWilding.

50.     Wilding lists himself on his Twitter Profile as "Head writer" of the Website.

51.     Attached hereto as Exhibit I is a true and correct copy of Wilding's Twitter page.

52.     Additionally, on his personal website, Wilding states that during his time with the CBM Website "I've helped manage the Twitter, Facebook, and Instagram accounts (growing their followers by thousands of users) and have used Google Analytics to track pageviews in order to best establish how to increase traffic to the website. That resulted in the articles I published receiving over 174 million pageviews in 2019."

53.     Attached hereto as Exhibit J is a true and correct copy of the "About Me" page on the website https://www.josh-wilding.com/about-me.

54.     On information and belief Wilding is a paid editor/contributor to the Website.

55.     On information and belief Wilding is expressly authorized by CBM to create and edit content for the Website.

56.     On information and belief, content created by Cassidy, Wilding, and other paid/contributors is created on behalf of and endorsed by CBM.

**Defendants' Infringing Conduct**

57.     In February 2019, Trunk Archive began to discover a number of articles on the CBM website that displayed unlicensed copies of the Star Wars Photographs.

58.     The Website containedan article authored by Cassidy titled "STAR WARS: THE LAST JEDI Actress Laura Dern Shares New Image Of Vice Admiral Amilyn Holdo" dated October 18, 2017, which displayed the Holdo Photograph.

59.     The Website contained an article authored by Cassidy titled "STAR WARS: THE LAST JEDI International TV Spot Features Benicio Del Toro As The Mysterious DJ" dated November 20, 2017, which displayed the DJ Photograph.

60.     The Website contained an article authored by Cassidy titled "STAR WARS: THE LAST JED's Mark Hamill Shares A Lovely Tribute To Carrie Fisher One Year After Her Passing" dated December 27, 2017, which displayed the Skywalker Photograph.

61.     The Website contained an article authored by Cassidy titled "Billie Lourd Shares A Touching Tribute To Carrie Fisher On The Second Anniversary Of Her Passing" dated December 27, 2018, which displayed the Connix Photograph.

62.     The Website contained an article authored by Wilding titled "STAR WARS: THE RISE OF SKYWALKER – 12 Biggest Reveals And Spoilers From Vanity Fair's Cover Story" dated May 22, 2019, which displayed the Millennium Falcon Photograph.

63.     The Website contained an article authored by Wilding titled "STAR WARS: THE RISE OF SKYWALKER Behind The Scenes Video Features New Aliens And Cast Interviews" dated May 22, 2019, which displayed the R2-D2 Photograph, Finn Photograph, Hux Photograph, and Production Photographs.

64.     The Website contained an article authored by Wilding titled "STAR WARS: THE RISE OF SKYWALKER Has A Very Interesting Alternate Title In Japan" dated June 25, 2019, which displayed the Lightsaber Photograph.

65.     The Website contained an article authored by Cassidy titled "STAR WARS: THE RISE OF SKYWALKER Star Daisy Ridley Promises A 'Brilliant End' To The Story" dated June 26, 2019, which displayed the Lightsaber Photograph.

66.     The Website contained an article authored by Wilding titled "STAR WARS: THE RISE OF SKYWALKER's Runtime Possible [sic] Revealed Along With Some Potential SPOILERS" dated August 12, 2019, which displayed the R2-D2  Photograph.

67.     The Website contained an article authored by Cassidy titled "STAR WARS: THE RISE OF SKYWALKER – Rey And Kylo Ren Clash On New Empire Magazine Covers" dated September 27, 2019, which displayed the Lightsaber Photograph.

68.     The Website contained an article authored by Cassidy titled "STAR WARS: THE RISE OF SKYWALKER Final Trailer Reportedly Scheduled For October 21" dated October 10, 2019, which displayed the Lightsaber Photograph.

69.     The Website contained an article authored by Wilding titled "STAR WARS: THE RISE OF SKYWALKER's Oscar Issacs Blames 'Dinsey Overlords' For No Poe/Finn Romance" dated December 26, 2019, which displayed the Dameron Photograph.

70.     The Website contained an article authored by Cassidy titled "STAR WARS: THE RISE OF SKYWALKER Remains #1 At The Box Office As It Passes $900M Worldwide" dated January 5, 2020, which displayed the Lightsaber Photograph.

71.     The Website contained an article authored by Wilding titled "Luke Skywalker's Big STAR WARS: THE RISE OF SKYWALKER Scene Was The Result Of Reshoots" dated January 7, 2020, which displayed the R2-D2 Photograph.

72.     The Website contained an article authored by Cassidy titled "STAR WARS: THE RISE OF SKYWALKER Passes $500 Million At The Domestic Box Office" dated January 26, 2020, which displayed the Lightsaber Photograph.

73.     Collectively, these will be known as the Infringing Articles

74.     Attached hereto as Exhibit K are true and correct copies of the Infringing Articles.

75.     On information and belief, CBM monetized the Infringing Articles and received advertising revenue from visitors to the Website who viewed the Infringing Articles.

76.     On information and belief, Cassidy and Wilding were paid by CBM to create the Infringing Articles.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17  U.S.C. § 101 *et seq.***

77.     Trunk Archive incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78.     Trunk Archive holds the exclusive right to license the Star Wars Photographs, which are original works of authorship subject to copyright protection under the laws of the United States.

79.     The Star Wars Photographs have been registered with the United States Copyright Office and perfected registration certificates have been issued.

80.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed the copyrights to the Star Wars Photographs by causing them to be displayed as part of the Infringing Article on the Website without authorization in violation of 17 U.S.C. § 501 *et seq.*

81.     All Defendants' acts were performed without Trunk Archives' permission, license, or consent.

82.     As a result of Defendants' violations of Title 17 of the U.S. Code, Trunk Archive is entitled to recover damages in the form of any actual damages and disgorgement of profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

83.     As a result of Defendants violations of Title 17 of the U.S. Code, the court in its discretion may allow Trunk Archive the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

84.     The said wrongful acts of Defendants have caused, and are causing, great injury to Trunk Archive, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law.

85.     Accordingly, Trunk Archive seeks a declaration that Defendants are infringing the copyrights to the Star Wars Photographs and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of the copyrights to the Star Wars Photographs.

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Trunk Archive requests judgment against Defendants as follows:

1.      Defendants and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with Defendants be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all copyrights owned or managed by Trunk Archive;

2.      An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringed the Star Wars Photographs pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

3.      Actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement to reimburse Trunk Archive for all damages suffered by it by reasons of Defendants acts, under 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Trunk Archives' election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

4.      Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 or otherwise available by law;

5.      Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, or otherwise available by law;

6.      Prejudgment interest to Trunk Archive on all amounts owed; and

7.      Any such other and further relief as the Court may deem just and appropriate.

Dated: September 27, 2021                                     Respectfully submitted,

                                                      **/s/ Mathew K. Higbee**
                                                      Mathew K. Higbee, SBN 11133
                                                      **HIGBEE & ASSOCIATES**
                                                      1504 Brookhollow Drive, Suite #112
                                                      Santa Ana, CA 92705
                                                      (714) 617-8336
                                                      mhigbee@higbeeassociates.com
                                                      *Attorneys for Plaintiff Trunk Archive*

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff, Great Bowery, Inc., d/b/a Trunk Archive hereby demands a jury trial in the above matter.


Dated: September 27, 2021                    Respectfully submitted,

                                             **/s/ Mathew K. Higbee**
                                             Mathew K. Higbee, SBN 11133
                                             **HIGBEE & ASSOCIATES**
                                             1504 Brookhollow Drive, Suite #112
                                             Santa Ana, CA 92705
                                             (714) 617-8373
                                             mhigbee@higbeeassociates.com
                                             *Attorneys for Plaintiff Trunk Archive*