Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mhigbee@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>　　　Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive,<br><br>　　　Defendants. | Case No. 2:21-cv-00567-JNP-JCB<br><br>**MOTION FOR ALTERNATE SERVICE** |

<u>**MOTION FOR ALTERNATE SERVICE**</u>

　　　Pursuant to Federal Rules of Civil Procedure 4(f)(3) Plaintiff Great Bowery d/b/a Trunk Archive ("Trunk Archive") hereby moves this Court for leave to serve a copy of the summons and complaint upon Defendants Mark Cassidy ("Cassidy") and Joshua Wilding ("Wilding") via email, social media, or any other means which the Court deems appropriate.

/ / /

/ / /

/ / /

## I.  INTRODUCTION

### A.  Factual Background

This is a lawsuit for copyright infringement. Plaintiff Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world. Dkt. #1 ¶12. One such client is famed photographer Annie Leibovitz, who took a series of photographs of the cast and crew of *Star Wars: The Last Jedi* and *Star Wars: The Rise of Skywalker* ("Star Wars Photographs"). *Id.* at ¶¶14-21.

Trunk Archive alleges that the Star Wars Photographs were displayed in 15 separate editorial articles on the CBM website which were authored by co-Defendants Mark Cassidy ("Cassidy") and Joshua Wilding ("Wilding"). *Id.* at ¶¶57-76. Cassidy is a resident of Dublin, Ireland. *Id.* at ¶4. Cassidy's Twitter handle is @RorMachine. *Id.* at ¶¶45-46, Exhibit G. Wilding is a resident of Taunton, Somerset, England. *Id.* at ¶5.

### B.  Attempts At Service

Prior to filing the Complaint, counsel was able to locate a valid email address and personal Facebook profile for both Defendant Cassidy and Defendant Wilding. Declaration of Mathew K. Higbee ("Higbee Decl.") ¶¶2-11, Exhibit A. After the Complaint was filed counsel sent emails to both Defendant Cassidy and Defendant Wilding with a copy of the Complaint to alter them to the filings. *Id.* at ¶¶ 7, 11.

After the emails were sent, counsel's office was contacted by attorney Caroline Mankey on behalf of Defendant Wilding. *Id.* at ¶¶ 12-13, Exhibit B. Attorney Mankey indicated that she was not authorized to accept service on behalf of Defendant Wilding and that she was only retained in a limited capacity to see if the case might be resolved on behalf of Defendant Wilding. *Id.* at ¶ 14.

Subsequently, counsel's office hired a private investigator who was able to locate valid addresses for Defendants Cassidy and Wilding. *Id.* at ¶ 15. After the addresses were located, a process server made multiple attempts at personal service of Defendants Cassidy and Wilding at

their residential addresses, but the process server was not successful and noted that service was evaded. *Id.* at ¶¶ 16-17, Exhibit C.

After the unsuccessful attempts at service, counsel's office sent waivers of service via FedEx to both Defendants Cassidy and Wilding. *Id.* at ¶ 18. However, the FedEx parcel was rejected and returned to sender. *Id.* at ¶ 19.

## II.    LEGAL STANDARD

Rule 4(f) of the Federal Rules of Civil Procedure governs service of an individual outside the United States. This rule permits such individuals to be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or

> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Courts interpreting Rule 4(f) have concluded this rule does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3). *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *The Neck Hammock, Inc. v. Danezen.com*, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020); *Blackbird Capital LLC v. Worth Grp. Capital LLC*, 2022 U.S. Dist. LEXIS 27977, at *4 (D. Utah Feb. 15, 2022). A method of service authorized under Rule 4(f)(3) must comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond." *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11-12 (quoting *Rio Props., Inc*., 284 F.3d at 1017). Additionally, the method of service must not be "prohibited" by international agreement, including the Hague Convention. *Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V*., 970

F.3d 1269, 1294 (10th Cir. 2020); *Rio Props., Inc*., 284 F.3d at 1015 n.4; *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.

Both the U.K. and Ireland are signatories[1] to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T. S. 163 ("Hague Convention"). The Hague Convention does not prohibit service by means of e-mail service or Internet posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) ("This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention i.e. an objection to service through "postal channels" does not equate to an express objection to service via electronic mail.").

A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Neither Ireland nor the UK have expressly objected to electronic service. *See Carson v. Griffin*, 2013 U.S. Dist. LEXIS 77087, at *4 (N.D. Cal. May 31, 2013) ("The Court has conducted a search, but has located no authority holding that international agreement prohibits service by email in either Dubai or Ireland"); *N. Face Apparel Corp. v. Aothenorthface.com*, 2019 U.S. Dist. LEXIS 226109, at *4 (S.D. Fla. Apr. 30, 2019) (Finding e-mail service to UK defendant proper under Hague Convention).

---

[1] The Court need not address whether the proposed methods of service violate UK or Irish law because as long as court-directed service is "not prohibited by an international agreement," such service may be accomplished "in contravention of the laws of the foreign country." *Chanel, Inc. v. Zhixian*, 2010 U.S. Dist. LEXIS 50745 at *2 (S.D. Fla. Apr. 29, 2010).

"Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Zhixian*, 2010 U.S. Dist. LEXIS 50745, at \*3 (internal citations omitted).

## III.     THE COURT SHOULD ORDER SERVICE VIA EMAIL OR SOCIAL MEDIA

Here, Cassidy is a resident of Ireland and Defendant Wilding is a resident of England[2]. Higbee Decl. at ¶¶ 4-5. Both countries are signatories to the Hague Convention which does not expressly prohibit service by means of e-mail or Internet posting. Additionally, neither country has expressly objected to such means of service. As such electronic service is not prohibited and is a valid means of alternate service. Thus, the only remaining question in this instance is whether service of Defendants Cassidy and Wilding via their email and Facebook pages is "reasonably calculated to give notice."

Regarding Defendant Cassidy, counsel was able to discover his email address via a public Tweet from his Twitter account in which he responded to another Twitter user and provided his email address. Higbee Decl. at ¶¶ 3-4, Exhibit A. Likewise, counsel was able to discover Defendant Cassidy's personal Facebook profile. *Id.* at ¶ 5. Counsel is certain that the Facebook profile belongs to Defendant Cassidy because he is Facebook friends with Co-Defendants Nathan Best ("Best") and Wilding. *Id.* at ¶ 6.

Thus, it is highly likely that allowing the Complaint to be served via sending it to Cassidy's email address and via a message to his personal Facebook profile would be reasonably calculated to give Cassidy notice of the lawsuit.

Regarding Defendant Wilding, counsel was similarly able to discover his email address. *Id.* at ¶8, Exhibit A. After discovering the email address counsel sent a courtesy copy of the Complaint and exhibits to Defendant Wilding to notify him of the lawsuit. *Id.* at ¶11. Subsequently,

---

[2] Because both Defendants are located outside the United States and this Motion requests service via Rule 4(f), the 90-day time limit for service does not apply. Fed. R. Civ. Proc. 4(m).

counsel was contacted by an attorney who stated that she was retained by Defendant Wilding to try and resolve the case, indicating that Defendant Wilding had, in fact, received the original email. *Id.* at ¶12. Likewise, counsel was also able to discover Defendant Wilding's personal Facebook profile. *Id.* at ¶ 9. Counsel is certain that the Facebook profile belongs to Defendant Cassidy because he is Facebook friends with Co-Defendants Best and Cassidy. *Id.* at ¶ 10.

Thus, it is highly likely that allowing the Complaint to be served via sending it to Wilding's email address and via a message to his personal Facebook profile would be reasonably calculated to give Cassidy notice of the lawsuit.

## IV.     CONCLUSION

In conclusion, Plaintiff respectfully request that the Court allow Defendants Cassidy and Wilding to be served by sending copies to them via their email address and personal Facebook pages. In the alternative, Plaintiff would request that service be allowed by any other means which the Court deems reasonable.

Dated: March 1, 2022                             Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mhigbee@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*