FILED
2022 MAR 24 PM 1:29
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>  Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive,<br><br>  Defendants. | ORDER GRANTING MOTION FOR ALTERNATE SERVICE<br><br>Case No. 2:21-cv-00567-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(A).[1] Before the court is Plaintiff Great Bowery, d/b/a/ Trunk Archive's ("Trunk Archive") Motion for Alternate Service.[2] Trunk Archive moves for leave to effect alternative service on Defendant Mark Cassidy ("Cassidy") and Defendant Joshua Wilding ("Wilding") via email and Facebook. On March 15, 2022, attorney Robert H. Scott entered a Notice of Limited Appearance on behalf of Cassidy and Wilding for the purpose of opposing the

---

[1] ECF No. 25.

[2] ECF No. 26.

motion.[3] On March 22, 2022, Trunk Archive submitted its Reply.[4] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. For the reasons set forth below, Trunk Archive's motion is GRANTED.

## BACKGROUND

On September 27, 2021, Trunk Archive, a photography licensing agency, filed a lawsuit claiming copyright infringement.[5] As it relates to defendants Cassidy and Wilding, the suit alleges that Cassidy and Wilding infringed on copyrighted materials by posting editorial articles on the website belonging to co-defendant Best Little Sites d/b/a www.comicbookmovie.com ("CBM").[6]

According to Trunk Archive, Cassidy is a resident of Ireland and Wilding is a resident of England.[7] In its motion and the supporting declaration, Trunk Archive represents that after the Complaint was filed, Trunk Archive hired a private investigator that located valid addresses for both Cassidy and Wilding.[8] Counsel for Trunk Archive further represents that a process server "made multiple attempts at personal service" of Cassidy and Wilding at their respective

---

[3] ECF No. 28 (Notice of Limited Appearance); ECF No. 29 (Memorandum in Opposition).

[4] ECF No. 31.

[5] ECF No. 2.

[6] *Id.* at 9.

[7] ECF No. 26 at 2.

[8] ECF No. 26-1 (Decla. Of Mathew K. Higbee) ¶ 15.

addresses, but "service was evaded."[9] Trunk Archive claims that after three unsuccessful attempts at service it sent waivers of service via FedEx to both Cassidy and Wilding, but "the parcel was rejected and returned to sender."[10]

Trunk Archive states that it has a "valid email address and personal Facebook profile for both Cassidy and Wilding."[11] Trunk archive maintains that it has good reason to believe the email address for Wilding is valid and sufficient to give Wilding notice because, after emailing a copy of the Complaint to Wilding on September 28, 2021, Trunk Archive was contacted by an attorney, Caroline Mankey, on behalf of Wilding.[12] The attorney indicated she was not authorized to accept service, however, and stated that she had been retained in a limited capacity to see if she could resolve the case on behalf of Wilding.[13] As for Cassidy, Trunk Archive represents that the email address it has for Cassidy is valid and will provide the requisite notice because Trunk Archive obtained the email address from a Tweet, sent from Cassidy's Twitter account, wherein Cassidy represented to a third party that his email address was mark.j.cassidy@googlemail.com.[14]

---

[9] Id. ¶¶ 16-17.

[10] Id. ¶¶ 18-19.

[11] Id. ¶ 20.

[12] Id. ¶¶ 11-12.

[13] Id. ¶ 14.

[14] Id. ¶¶ 3-4; ECF No. 26-1 at 5.

In response, Cassidy and Wilding assert that they were never aware of any attempts to personally serve them, and they were never presented with any FedEx packages.[15] Cassidy and Wilding claim that service via email is not proper in this case because Trunk Archive cannot confirm whether the email addresses provided to the court are currently used by Cassidy and Wilding, and whether the emails Trunk Archive allegedly sent to Cassidy and Wilding were actually received or filtered as "spam" or junk mail.[16] Cassidy and Wilding assert that under these circumstances Trunk Archive has failed to show that service via email is reasonably calculated to provide notice and an opportunity to respond.

## DISCUSSION

Rule 4(f) of the Federal Rules of Civil Procedure governs service of an individual outside the United States. This rule permits such individuals to be served:

> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajurisdictional Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice …; or
>
> (3) by other means not prohibited by international agreement, as the court orders.[17]

---

[15] ECF No. 29 at 2.

[16] *Id.* at 3.

[17] Fed.R.Civ.P. 4(f).

"Courts interpreting Rule 4(f) have concluded that this rule does not create a hierarchy of preferred methods of service."[18] In other words, parties are "not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3)."[19] Trunk Archive's motion seeks leave for alternate service pursuant to subsection (3). Whether to allow alternative methods of service process under Rule 4(f)(3) is committed to the sound discretion of the district court.[20]

Consistent with the Rule 4(f)(3), a court may fashion a means of service on an individual in a foreign country so long as the ordered means of service: (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process, meaning that it must be reasonably calculated to provide notice and an opportunity to respond. As explained below, the court finds that alternate service via email to Cassidy and Wilding, coupled with simultaneous service on their counsel, satisfies these requirements.

First, the court finds that service via email against the foreign defendants in this case is not prohibited by international agreement. Subsection (3)'s language, "not prohibited by international agreement," requires the court to consider the Hague Convention,[21] to which both the United Kingdom and Ireland are signatories.[22] Courts in the District of Utah and courts in

---

[18] *Blackbird Capital, LLC v. Worth Group Capital, LLC,* 2:21cv37, 2022 WL 464234, at *2 (D. Utah Feb. 15, 2022) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

[19] *Id.*

[20] *Group One Ltd. v. GTE GMBH*, 523 F. Supp. 3d 323, 342 (E.D.N.Y. 2021).

[21] *Compania De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.,* 970 F.3d 1269, 1294 (10th Cir. 2020).

[22] *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited March 15, 2022).

other jurisdictions have previously determined that "the Hague Convention does not expressly prohibit service by email."[23]

Second, the court finds that alternate service via email on Cassidy and Wilding, coupled with simultaneous service on their counsel, satisfies due process. Constitutional due process requires that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[24] Courts in this district and in other jurisdictions have authorized service by email where such service is reasonably calculated, considering the unique circumstances presented, to give the defendant notice and an opportunity to respond.[25]

Having considered the circumstances in this case, the court finds that alternate service via email is reasonably calculated, under the circumstances, to apprise Wilding and Cassidy of the pendency of this action and give them an opportunity to present their objections.[26] Specifically, the court finds that alternate service via the email address joshtcwilding@yahoo.co.uk is reasonably calculated to give Wilding proper notice based on Trunk Archive's September 28, 2021 email to Wilding, using that email address, which resulted in a response from attorney

---

[23] *Blackbird Capital*, 2022 WL 464234, at *2 (citing cases).

[24] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[25] *Blackbird Capital*, 2022 WL 464234, at *2; *see The Neck Hammock, Inc. v. Danezen.com*, 2:20cv287, 2020 WL 6364598, at *4 (D. Utah Oct. 29, 2020) (agreeing with "fellow courts" that "email service can comport with constitutional notions of due process").

[26] The court does not find, however, that notice via Facebook satisfies due process under the circumstances presented. Even assuming Trunk Archive has identified Facebook accounts that belong to Cassidy and Wilding, Trunk Archive has not shown that either Cassidy or Wilding actively use or maintain their respective accounts.

Caroline Mankey on Wilding's behalf. [27] Similarly, the court finds that alternate service via the email address mark.j.cassidy@googlemail.com is reasonably calculated to give Cassidy proper notice given Trunk Archive's proffered evidence of a Tweet from the Twitter account of Cassidy wherein Cassidy represents to a third party that his email address is mark.j.cassidy@googlemail.com.

Moreover, the Notice of Limited Appearance filed by counsel for Cassidy and Wilding, combined with the timely-filed opposition to Trunk Archive's motion, confirms that Cassidy and Wilding have actual notice of this action. And, to the extent there is any lingering concern that service via email will not provide Cassidy and Wilding with proper notice, the court agrees with Trunk Archive that such concern can be ameliorated by requiring simultaneous service on counsel for Cassidy and Wilding.

## CONCLUSION AND ORDER

For the reasons stated, the court finds that service of process via email to Cassidy and Wilding, combined with simultaneous service upon their counsel, comports with Fed. R. Civ. P. 4(f)(3). Therefore, the court GRANTS Trunk Archive's motion for leave to serve by alternate means and ORDERS that defendants Cassidy and Wilding may be served by sending the summons, the operative complaint, and a copy of this order to both Cassidy and Wilding, via their respective email addresses. In addition, Trunk Archive shall simultaneously serve counsel

---

[27] *See, e.g., Merrimack Mut. Ins. Co. v. New Widetech Indus. Co. Ltd.,* 3:20cv546, 2020 WL 5879405, at *2 (D. Conn. Oct. 2, 2020) (concluding that alternate service via email was consistent with due process where plaintiff initially "notified defendant of its claim via the email address listed on the website" and thereafter received a response from an individual who represented that she was an adjuster who had been hired by defendant to investigate the claim).

for Cassidy and Wilding. Finally, Trunk Archive shall file proof of compliance with the court's order.

DATED March 24, 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge