Robert H. Scott (USB #10981)
**AKERMAN LLP**
170 South Main Street, Suite 725
Salt Lake City, Utah  84101-1648
Telephone: 801.907.6900
Facsimile: 801.355.0294
Email:  robert.scott@akerman.com

Caroline H. Mankey (*pro hac vice*)
**AKERMAN LLP**
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 533-5949
Facsimile:  (213) 627-6342
Email:  caroline.mankey@akerman.com

*Attorneys for Defendants Mark Cassidy and Joshua Wilding*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREET BOWERY, d/b/a TRUNK ARCHIVE,<br><br>　　　Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive,<br><br>　　　Defendants. | **MOTION BY DEFENDANTS MARK CASSIDY AND JOSHUA WILDING TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Case No. 2:21-cv-00567-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Rule 12(b)(2) of the Federal Rule of Civil Procedure, defendants Mark Cassidy

and Joshua Wilding, by and through their counsel, hereby respectfully move the Court to dismiss

the complaint filed against them by Plaintiff Great Bowery, d/b/a Trunk Archive ("Plaintiff") in

this matter on the grounds that the Court lacks general personal jurisdiction and specific personal jurisdiction over them.

 DATED this 14th day of April, 2022.

     **AKERMAN LLP**

   By: /s/ Robert H. Scott
    Robert H. Scott (USB #10981)

    Caroline H. Mankey (CA SBN 187302)
    (*pro hac vice*)
    601 West Fifth Street, Suite 300
    Los Angeles, California 90071
    Telephone: (213) 533-5949
    Email: caroline.mankey@akerman.com

    *Attorneys for Defendants Mark Cassidy and Joshua Wilding*

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   PERTINENT FACTS ........................................................................................ 3

      A.  Cassidy and Wilding Have No Physical Presence in, or Minimum Contacts with, the
          State of Utah ............................................................................................ 3

      B.  Cassidy and Wilding Conducted No Activity in Utah Related to the Claim of
          Copyright Infringement ............................................................................ 3

III.  THE COURT LACKS BOTH GENERAL AND SPECIFIC PERSONAL
      JURISDICTION OVER CASSIDY AND WILDING ...................................... 4

      A.  Applicable Standards of Personal Jurisdiction ................................... 4

      B.  The Court Lacks General Personal Jurisdiction over Cassidy and Wilding ................... 6

      C.  The Court Also Lacks Specific Personal Jurisdiction over Cassidy and Wilding ........... 9

          1.  Purposeful Availment or Direction Is Lacking ...................... 11

          2.  The Claim Does Not Arise Out of Any Activities Relating to Utah...................... 14

          3.  The Exercise of Specific Jurisdiction Over Cassidy and Wilding Would Not Be
              Reasonable ..................................................................... 15

IV.   CONCLUSION ............................................................................................... 20

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solana Cnty.*,
    480 U.S. 102, 107 S.Ct. 1026 (1987) ........................................................................15, 16, 17

*Benton v. Cameco Corp.*,
    375 F.3d 1070 (10th Cir. 2004) .............................................................................................10

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ..............................................................................................................11

*ClearOne, Inc. v. PathPartner Technology, Inc.*,
    Case No. 2:18-cv-427-JNP-PMW, 2019 WL 12043493 (Sept. 30, 2019) ...............4, 5, 10, 11

*Daimler AG v. Bauman*,
    571 U.S. 117, 134 S. Ct. 746 (2014) ......................................................................... passim

*First Mortgage Corp. v. State Street Bank and Trust Co.*,
    173 F. Supp. 2d 1167 (D. Utah 2001) ...................................................................................15

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ................................................. passim

*Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*,
    205 F.3d 1244 (10th Cir. 2000) .............................................................................................16

*International Shoe Co. v. Washington*,
    326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ............................................................5, 11

*Jonsson v. National Feeds, Inc.*,
    Civil No. 2:11-CV-00140BSJ, 2012 WL 425274 (D. Utah Feb. 9, 2012) ...............................5

*Kindig It Design Inc. v. Creative Controls Inc.*,
    157 F. Supp. 3d 1167 (D. Utah 2016) ...................................................................................15

*Larada Sciences, Inc. v. Skinner*,
    147 F. Supp. 3d 1336 (D. Utah 2015) ..............................................................................12, 14

*Monge v. RG Petro-Machinery (Group) Co. Ltd.*,
    701 F.3d 598 (2012) .......................................................................................6, 10, 13, 15

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*,
    149 F.3d 1086 (10th Cir. 1998) ...................................................................... passim

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915, 131 S.Ct. 2846, 180 L. Ed. 2d 796 (2011)................................6, 7, 11

*Pro Axess, Inc. v. Orlux Distribution, Inc.*,
    428 F.3d 1270 (10th Cir. 2005) .................................................................................10

*Shrader v. Biddinger*,
    633 F.3d 1235 (10th Cir. 2011) ............................................................................ passim

*Soma Medical Intern. v. Standard Chartered Bank*,
    196 F.3d 1292 (10th Cir. 1999) ........................................................................9, 10, 13

*TH Agriculture and Nutrition, LLC v. Ace European Group Ltd.*,
    488 F.3d 1282 (10th Cir. 2007) ............................................................................ passim

*Walden v. Fiore*,
    571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014)................................5, 10, 11

*World–Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)......................................5, 12

**Statutes**

Utah Code § 78B-3-201(3) .............................................................................................5

**Rules**

Fed. R. Civ. Proc. 4(k)(1)(A)..........................................................................................4

Rule 12(b)(2) of the Federal Rules of Civil Procedure....................................................1

**Other Authorities**

Fourteenth Amendment to the United States Constitution ........................................5, 21

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, defendants Mark Cassidy and Joshua Wilding, by and through their counsel, hereby respectfully submit this memorandum in support of their motion to dismiss the complaint filed by plaintiff Great Bowery, d/b/a Trunk Archive ("Plaintiff") in this matter. In support of their motion to dismiss, Cassidy and Wilding state as follows:

I.    **<u>INTRODUCTION</u>**

Plaintiff filed suit on September 27, 2021, naming Mark Cassidy and Joshua Wilding as individual defendants and alleging a single claim for relief for copyright infringement. Cassidy is a resident of Dublin, Ireland, and Wilding is a resident of England. Therefore, the Court must have general or specific personal jurisdiction over these defendants in order for the claims against them to proceed in this Court.

General personal jurisdiction exists only where a non-resident defendant's contacts with the State are "'so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Daimler AG v. Bauman,* 571 U.S. 117, 127, 134 S. Ct. 746 (2014). Even engaging in "a substantial, continuous and systematic course of business" does not render a defendant "at home" in the forum State for purposes of the exercise of personal jurisdiction. *Id.* at 116-118. Occasionally making sales, traveling to, or doing business in the forum state similarly does not expose a non-resident defendant to general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). Here, ***Cassidy and Wilding are foreign citizens who have never even been to Utah***. Their contacts with the State of Utah are limited to the electronic submission of articles for publication on a website that they only learned recently happens to be operated by a Utah resident. By no stretch of the

imagination would these attenuated contacts render these defendants "at home" in the State of Utah.

Specific personal jurisdiction exists only where (1) the non-resident defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there," namely, where the defendant purposefully directed his activities at residents of the forum; (2) the claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state; **_and_** (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Id.* Here, Plaintiff cannot meet this burden. Cassidy and Wilding did not purposefully direct their activities at Utah; they did not conduct *any* activities in the State of Utah; and hailing two individuals into court in Utah, a place they have never physically been, in a country in which they are not citizens, when they live thousands of miles away in other countries, would not remotely comport with fair play and substantial justice.

Absent the forum-related contacts necessary to support either general jurisdiction or specific jurisdiction, the complaint against Cassidy and Wilding must be dismissed for lack of personal jurisdiction.

## II.    <u>PERTINENT FACTS</u>

### A.    **Cassidy and Wilding Have No Physical Presence in, or Minimum Contacts with, the State of Utah**

Wilding is a citizen of the United Kingdom, who resides in Somerset, England.  Declaration of Joshua Wilding ("Wilding Decl."), ¶ 1.  Cassidy is a citizen of the Republic of Ireland, who resides in Dublin, Ireland.  Declaration of Mark Cassidy ("Cassidy Decl."), ¶ 1.

Both Cassidy and Wilding are self-employed and perform all of their work on a freelance basis from their respective homes in Ireland and England.  Cassidy Decl., ¶ 2; Wilding Decl., ¶ 2. Neither Cassidy nor Wilding travel regularly to the United States and neither have *ever* traveled to Utah for any purpose.  Cassidy Decl., ¶ 3; Wilding Decl., ¶ 3.  Both Cassidy and Wilding do not maintain a bank account in Utah or even in the United States, do not pay taxes in Utah or in the United States, and do not own any real or personal property in Utah or the United States.  Cassidy Decl., ¶ 4; Wilding Decl., ¶ 4.They do not have any employment or employees in Utah; they do not engage the services of any person or entity in Utah; and they have never attended any school or college in Utah or the United States.  Cassidy Decl., ¶ 4; Wilding Decl., ¶ 4.

### B.    **Cassidy and Wilding Conducted No Activity in Utah Related to the Claim of Copyright Infringement**

The complaint filed in this case alleges that Cassidy and Wilding submitted a total of fifteen articles in 2017-2021 to the website www.comicbookmovie.com that contained images that infringed the plaintiff's copyrights.  See Complaint, ¶¶ 62-72.  Cassidy and Wilding submitted their respective articles electronically via the Internet from their homes in Ireland and England.  Cassidy Decl., ¶ 5; Wilding Decl., ¶ 5.  They did not copy any of the photos used in those articles from any

websites that they knew or believed to be based in Utah. *Id.* The photos had been distributed widely online through various websites and social media platforms with no copyright notices linking them to Utah or any other geographic location. *Id.*

At the time they submitted the accused articles, Cassidy and Wilding were unaware that defendant Nathan Best and Best Little Sites resided or were based in Utah. Cassidy Decl., ¶ 6; Wilding Decl., ¶ 6. Neither Cassidy nor Wilding have ever had any in-person contact with Nathan Best or any Best Little Sites employees. *Id.*

All payments that Cassidy and Wilding have received from Best Little Sites have been sent to them through PayPal and paid into their respective bank accounts in their national currency. Cassidy Decl., ¶ 7; Wilding Decl., ¶ 7.

## III. THE COURT LACKS BOTH GENERAL AND SPECIFIC PERSONAL JURISDICTION OVER CASSIDY AND WILDING

As Cassidy and Wilding are residents of Ireland and England, respectively, this Court has personal jurisdiction over them only if there is a basis for exercising general or specific personal jurisdiction. There is not.

### A. Applicable Standards of Personal Jurisdiction

There is no applicable federal statute governing personal jurisdiction, thus Utah law applies. Fed. R. Civ. Proc. 4(k)(1)(A); *ClearOne, Inc. v. PathPartner Technology, Inc.*, Case No. 2:18-cv-427-JNP-PMW, 2019 WL 12043493 at *1 (Sept. 30, 2019). Utah law permits the exercise of jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. *Id.* (*citing* Utah Code § 78B-3-201(3)).

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (*citing World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)). The threshold for satisfying due process requirements in exercising personal jurisdiction of a nonresident corporate defendant is that the defendant has such minimum contacts with the forum State that the exercise of jurisdiction does not offend "'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)). The standard is satisfied where a controversy arises out of a defendant's contacts with the forum (specific jurisdiction) or where there are sufficient contacts between the State and the foreign corporation (general jurisdiction). *Id.*

The plaintiff bears the burden of establishing that the court has personal jurisdiction over each defendant. *Jonsson v. National Feeds, Inc.,* Civil No. 2:11-CV-00140BSJ, 2012 WL 425274, at *1 (D. Utah Feb. 9, 2012) (*citing Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011)); *ClearOne, supra,* 2019 WL 12043493 at *6 ("Typically, when there are multiple defendants in a case, the requirements for personal jurisdiction must be met as to each defendant over whom the court seeks to exercise jurisdiction.").

In *Shrader v. Biddinger,* 633 F.3d 1235, 1240 (10th Cir. 2011), the Tenth Circuit addressed "personal jurisdiction in the internet context," noting the challenges presented as a result of the fact that "the internet operates 'in' every state regardless of where the user is physically located, potentially rendering the territorial limits of personal jurisdiction meaningless." *Id.* "To avoid this

untenable result, it is necessary to adapt the analysis of personal jurisdiction to this unique circumstance by placing emphasis on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there." *Id.* (emphasis in original). The court even expressly noted that posting material on an internet site "does not, without more, subject the poster to personal jurisdiction wherever the posting could be read." *Id.* at 1241. Rather, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.*

### B.    The Court Lacks General Personal Jurisdiction over Cassidy and Wilding

General jurisdiction requires that a defendant have contacts with the forum State that are "'so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Monge v. RG Petro-Machinery (Group) Co. Ltd.,* 701 F.3d 598, 614 (2012) (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 131 S.Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011)); *see also Daimler AG v. Bauman,* 571 U.S. 117, 127, 134 S.Ct. 746 (2014); and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L. Ed. 2d 404 (1984)). The Supreme Court in *Daimler* expressly rejected the argument that general jurisdiction may be exercised wherever a defendant "engages in a substantial, continuous and systematic course of business," emphasizing instead the defendant's place of incorporation, the principal place of business, and any place in which the defendant's affiliations render it "essentially at home." 571 U.S. at 138-139.

In *Daimler*, the Supreme Court declined to address whether Daimler, a German public company headquartered in Stuttgart, could be subjected to a California court's general jurisdiction

based on the contacts of its in-state subsidiary. 571 U.S. at 134-135. Instead, it held that Daimler's slim contacts with California – which were insufficient to render it "at home there" -- precluded the exercise of general personal jurisdiction. *Daimler*, 571 U.S. at 136. Noting that the words "continuous and systematic" were used "to describe instances in which the exercise of *specific* jurisdiction would be appropriate," the Court explained that the test in *Goodyear* is not "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,'" but rather "whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Id.* at 138-139 (*quoting Goodyear,* 564 U.S. at 919, 131 S. Ct. at 2851).

In *Helicopteros,* the Supreme Court held that the defendant did not have sufficient "continuous and systematic general business contacts" in the State of Texas to support general personal jurisdiction over it, even where it had numerous contacts with the State, including that it sent its chief executive officer to Houston for a contract negotiation, accepted checks drawn on a Houston account, purchased over $4 million worth of helicopters and equipment in Texas, and sent pilots, management and maintenance personnel to Texas for training. *Helicopteros*, 466 U.S. at 416. The Court expressly noted that a single trip to Houston by the defendant's chief executive officer could not be considered a contact of a continuous and systematic nature. *Id.* The Court further held that "mere purchases, even if occurring at regular intervals," and sending personnel to Texas for training were not significant contact with the State. *Id.* at 418.

In evaluating whether general personal jurisdiction exists in the internet context, the Tenth Circuit in *Shrader* emphasized that the commercial contacts would have to approximate physical presence in the forum state and that merely engaging in commerce with residents of a forum state

does not itself confer the requisite basis for general personal jurisdiction. *Shrader,* 633 F.3d at 1243. Thus, the court concluded that no general personal jurisdiction existed as to defendants who operated a website where the accused material was posted, as the website was "simply a vehicle by which members could exchange information" and the plaintiff had not established substantial or sustained commercial engagement between the website and residents of the forum state. *Id.* at 1243-1244. The court also rejected general personal jurisdiction over the defendant who had authored the accused material because their sales of books to residents of the forum state and advertising in a magazine available for purchase in the resident state were "scant commercial transactions" inadequate to confer general personal jurisdiction. *Id.* at 1246.

The *Shrader* court additionally declined to find general personal jurisdiction over an individual defendant who had "for some time an ongoing business relationship with [the plaintiff], editing and selling his materials on market trading," which relationship had been conducted primarily through email, but also during an eleven-day in-person visit to the forum state. *Id.* The court reasoned that "[s]imply because a defendant has a contractual relationship and business dealings with a person or entity in the forum state does not subject him to general jurisdiction there." *Shrader,* 633 F.3d at 1246-1247. Moreover, sporadic or isolated visits to the forum state do not confer jurisdiction where the defendant has no regular place of business there. *Id.* at 1247.

Much like in *Shrader*, in the present case, Cassidy and Wilding do not have commercial contacts with the State of Utah that would approximate their physical presence in the State. They do not live or work in Utah, they have never been to Utah, they do not have any physical presence in the State whatsoever. At best, their relationship with the State of Utah is like that of the defendant in *Shrader* who had a business relationship with a resident of the forum state editing

and selling materials through mostly electronic transmissions, which the Tenth Circuit held was insufficient to confer general personal jurisdiction, even though the defendant in that case had actually visited the forum state and performed some of his work there, which Cassidy and Wilding have not.

Moreover, the Tenth Circuit has held that maintenance of a passive website that does little more than make information available to those who are interested, and where a defendant has posted information accessible to users in foreign jurisdictions, does not give rise to general personal jurisdiction. *Soma Medical Intern. v. Standard Chartered Bank,* 196 F.3d 1292, 1297 (10th Cir. 1999). Here, defendants Cassidy and Wilding did *less* than operate or maintain such a website; they merely submitted material to be posted on a website operated by others.

The *Daimler, Helicopteros, Shrader,* and *Soma Medical* cases demonstrate that the continuous and systematic contacts between a defendant and a forum state that render the forum state the equivalent of the defendant's home, and that are the foundation for the exercise of general personal jurisdiction, cannot be found here. Instead, the circumstances here more closely approximate those in *Shrader, Soma Medical* and *Monge*, in which the Tenth Circuit resoundingly found no general personal jurisdiction over the defendants.

### C. The Court Also Lacks Specific Personal Jurisdiction over Cassidy and Wilding

A plaintiff that cannot establish that a defendant is subject to general jurisdiction in a forum state must instead establish that the defendant is subject to specific jurisdiction for claims related to its activities or contacts there. *E.g., Walden v. Fiore* 571 U.S. 277, 283, 134 S.Ct. 1115, 1121 n. 6 (2014).

The Tenth Circuit holds that a defendant has minimum contacts with the forum state where (1) the defendant purposefully directed its activities at residents of the forum and (2) the plaintiff's claim arises out of or results from actions by the defendant that create a substantial connection with the forum state. *ClearOne,* 2019 WL 12043493 at *6 (*citing Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1277 (10th Cir. 2005)); *see also Monge*, 701 F.3d at 613 (*citing Benton v. Cameco Corp.,* 375 F.3d 1070, 1075 (10th Cir. 2004)) ("Specific jurisdiction calls for a two-step inquiry… First, has the plaintiff shown that the defendant has sufficient minimum contacts with the forum state?...  Second, would personal jurisdiction over the defendant offend 'traditional notions of fair play and substantial justice'?").

Even the exercise of specific personal jurisdiction must be based on contact with the forum state that is "continuous and systematic." *Daimler,* 571 U.S. at 138 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 317, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).  In determining whether a defendant has sufficient minimum contacts with a forum state to create specific jurisdiction, the focus is on the relationship among the defendant, the forum, and the litigation.  *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014).  The *defendant* must create minimum contacts with the forum state; the contacts cannot be those between the *plaintiff* and the forum state, nor can they be the defendant's contacts with *persons* residing in the forum State.  *Id.* at 284-285.

Furthermore, specific jurisdiction exists only to adjudicate issues deriving from or connected with the underlying controversy.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011).  Specific jurisdiction "depends on an affiliation

between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.*

None of these requirements for specific personal jurisdiction are met here.

### 1.    Purposeful Availment or Direction Is Lacking

The first prong of the test for specific personal jurisdiction is the requirement that the defendant purposefully directed its activities at the forum. *ClearOne,* 2019 WL 12043493, at *6. The purpose of this requirement is to ensure that defendants are not sued in a forum based on "'random, fortuitous, or attenuated contacts' with that forum." *Id.* (*quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 480 (1985)). Rather, the "exercise of jurisdiction must be foreseeable in the sense that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Larada Sciences, Inc. v. Skinner,* 147 F. Supp. 3d 1336, 1341 (D. Utah 2015) (*quoting World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

In a case alleging defamation in the form of an internet posting, the Tenth Circuit explained that the posting would not confer jurisdiction in the forum state even where the plaintiff resided in the forum state and suffered harm there. *Shrader, supra,* 633 F.3d at 1244. Rather, the posts would have to be directed specifically at a forum state audience or otherwise make the forum state the focal point of the message in order for the forum state to have specific personal jurisdiction. *Id.* Because the individual who posted the accused defamation targeted an audience with no particular tie to the forum state, and the content of the post was geographically neutral, the evidence indicated that the post was targeted at a nation-wide or worldwide audience with no inherent tie to the forum state, which was an insufficient basis for exercising specific personal jurisdiction. *Id.*

at 1245-1246.  The *Schrader* court also noted that "email addresses typically do not reveal anything about the geographic location of the addressee."  *Schrader,* 633 F.3d at 1248-1249.  "Thus, if the plaintiff does not show that the defendant otherwise knew where the recipient was located, the email itself does not demonstrate purposeful direction of the message to the forum state."  *Id.* at 1249.  Likewise, here, Cassidy and Wilding did not even know at the time they submitted the allegedly infringing material that defendants Best and Best Little Sites were located in Utah. Cassidy Decl., ¶ 6; Wilding Decl., ¶ 6.

Purposeful direction is also lacking where the defendant's presence in the forum state arose from the unilateral acts of someone other than the defendant.  *Soma Medical Intern.,* 196 F.3d at 1299 (*citing OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1092 (10th Cir. 1998)).  Here, the sole connection between defendants Cassidy and Wilding to Utah was the fact that the allegedly infringing posts were hosted by a website operated by a company located in Utah, which was the result of unilateral acts by the other defendants and were wholly outside of Cassidy's and Wilding's control.

In *Monge, supra,* the plaintiff filed suit against multiple defendants in Oklahoma for tort claims arising out of injuries caused to him in an accident that occurred in Oklahoma involving an oil rig.  701 F.3d at 602.  The court found that it had no specific personal jurisdiction against a Chinese company that had entered into a contract with an Oklahoma company to build the rig, because it was anticipated that the Oklahoma company would send the rig to a company in Kansas. 701 F.3d at 619.  Another co-defendant other than the Chinese company moved the rig back to Oklahoma and the court concluded that the contractual basis for jurisdiction was tangential to the tort jurisdiction that was at issue in the case.  *Id.* at 618.  The court noted that if it were a contract

dispute between the Chinese company and the Oklahoma company, jurisdiction in Oklahoma might be proper because the dispute would arise out of the contacts with a state resident." *Id.* at 619. Instead of being a contract dispute, the case arose from an accident on a rig that was consigned to a Kansas company and sent to Kansas. *Id.*

Much like in *Monge*, any relationship between Cassidy and Wilding, on one hand, and the Utah-based defendants Nathan Best and Best Little Sites, on the other, are tangential to the copyright infringement claim asserted by the Plaintiff here. This is not a contract dispute among Cassidy, Wilding, Best and Best Little Sites. Rather, it is a claim by a Delaware corporation that has its place of business in New York and is suing residents of Ireland and England. Complaint, ¶¶ 1, 4 & 5. The accused images were not copied from any website or copyright owner located in Utah and no harm has been caused to a Utah resident. Cassidy Decl., ¶ 5; Wilding Decl., ¶ 5. There is nothing about the alleged infringement that is connected to Utah or that occurred in Utah, other than the fact that the website where the allegedly infringing material was posted – which is accessible from any state -- is administered in Utah by the co-defendants Best and Best Little Sites.

In *Larada Sciences, supra*, this Court explained that, in a patent infringement case, specific personal jurisdiction would exist only if the defendant established contacts with Utah by offering to sell the allegedly infringing products to Utah residents. 147 F. Supp. 3d at 1344. Here, defendants Cassidy and Wilding were not the operators or the administrators of the website that published the allegedly infringing photographs; thus, *they* did not target any Utah residents and did not propose any sale of any infringing material to Utah residents. Moreover, like in *Larada Sciences*, the plaintiff here "has failed to plead any facts showing that any Utah resident…ever visited" the website where the allegedly infringing photos were posted. *See generally* Complaint;

*Larada Sciences,* 147 F. Supp. 3d at 1346. " Without such evidence, the court cannot find that [the] website creates sufficient minimum contacts with Utah to constitute purposeful availment of the Utah forum." *Id.*

There is similarly no basis for asserting specific jurisdiction on any stream of commerce basis, *i.e.*, that the infringing material would reach the Utah market. Purposeful availment requires more than placing a product into the stream of commerce; "[t]he substantial connection between the defendant and the forum 'must come about by *an action of the defendant purposefully directed toward the forum State*.'" *Monge,* 701 F.3d at 619 (*quoting Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solana Cnty.,* 480 U.S. 102, 112, 107 S.Ct. 1026 (1987)) (emphasis in original).

There is no basis whatsoever for finding that Cassidy and Wilding purposefully directed the accused articles at the State of Utah or its residents.

### 2.    The Claim Does Not Arise Out of Any Activities Relating to Utah

There is also no nexus between the claim of copyright infringement and the conduct of Cassidy and Wilding. The nexus requirement is satisfied only where the non-resident defendant has engaged in conduct in the forum state and the claim arises from that conduct. *First Mortgage Corp. v. State Street Bank and Trust Co.,* 173 F. Supp. 2d 1167, 1175 (D. Utah 2001) (finding no specific personal jurisdiction where the conduct forming the basis of the claim for breach of fiduciary duty occurred outside of Utah).

Cassidy and Wilding engaged in no conduct in Utah. All of their activities giving rise to this case took place from their homes in Ireland and England and the accused content was transmitted electronically via websites with no apparent geographic identification or connection. This is directly contrary to the circumstances in *Kindig It Design Inc. v. Creative Controls Inc.,*

157 F. Supp. 3d 1167, 1179 (D. Utah 2016), in which this Court found specific personal jurisdiction for copyright infringement claims arising from the defendants' alleged copying of photographs from a *Utah website*. Here, the Plaintiff's work was not copied from a Utah website and were submitted to a website that Cassidy and Wilding did not even know was operated by a company based in Utah. The Plaintiff itself is a Delaware corporation doing business in New York. There is no nexus whatsoever between the accused conduct and the State of Utah.

### 3. The Exercise of Specific Jurisdiction Over Cassidy and Wilding Would Not Be Reasonable

Even where a defendant has purposefully established minimum contacts with a forum state and there is a nexus between the forum-related contacts and the plaintiff's claim, a court may decline to exercise jurisdiction where doing so would not comport with "'traditional notions of fair play and substantial justice.'" *TH Agriculture and Nutrition, LLC v. Ace European Group Ltd.,* 488 F.3d 1282, 1292 (10th Cir. 2007) (*quoting Asahi,* 480 U.S. at 113). This decision requires assessment of the following five factors to determine whether the exercise of personal jurisdiction is reasonable: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Id.* (*quoting Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1249 (10th Cir. 2000)). Where a defendant's contacts with the forum state are week, he need not make a strong showing of unreasonableness to defeat personal jurisdiction. *Id.* at 1292. These factors weigh heavily against the exercise of personal jurisdiction here, indicating that the exercise of personal

jurisdiction over Cassidy and Wilding would improperly offend traditional notions of fair play and substantial justice.

The first factor, the burden on the defendant, is of "primary concern in determining the reasonableness of personal jurisdiction," and here it weighs heavily against an exercise of personal jurisdiction. *OMI Holdings,* 149 F.3d at 1096. "'The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.'" *TH Agriculture*, 488 F.3d at 1292 (*quoting Asahi,* 480 U.S. at 114). "When the defendant is from another country, this concern is heightened and 'great care and reserve should be exercised' before personal jurisdiction is exercised over the defendant." *OMI Holdings,* 149 F.3d at 1096 (*quoting Asahi,* 480 U.S. at 114).

In *TH Agriculture*, the defendants were insurance companies incorporated and doing business in Europe and the United Kingdom. *TH Agriculture*, 488 F.3d at 1285. In addition to having to travel to Kansas, they would have been forced to litigate the dispute in a foreign forum while being unfamiliar with the applicable law. *Id.* at 1293. On the other hand, they were large companies engaged in business on a worldwide basis, many of which were routinely involved in litigation in the United States. *Id.* Thus, the court found that this factor did not weigh in favor of either party.

In *OMI Holdings*, the defendants were Canadian corporations that "have no license to conduct business in Kansas, maintain no offices in Kansas, employ no agents in Kansas, and insure no Kansas residents. Defendants issued insurance policies in Canada to a Canadian company in accordance with Canadian law." *OMI Holdings,* 149 F.3d at 1096. The Tenth Circuit concluded

that this factor weighed strongly against exercising personal jurisdiction because, not only would the defendants have to travel outside their home country, but they would be forced to litigate in a foreign forum unfamiliar with the applicable Canadian law. *Id.*

Here, however, Cassidy and Wilding are individuals who reside in Ireland and the United Kingdom, have never been to Utah, have little to no connection to Utah, have never litigated in Utah or the United States. Cassidy Decl., ¶¶ 1-4; Wilding Decl., ¶¶ 1-4. The personal and financial burdens on them of having to travel to Utah and defend themselves in litigation in Utah would be profound and create substantial hardship, particularly given that they are individuals and not corporate defendants. Cassidy Decl., ¶ 8; Wilding Decl., ¶ 8.

The second factor, the forum state's interest in adjudicating the dispute, also weighs heavily against an exercise of personal jurisdiction against Cassidy and Wilding. The forum state's interest is in providing a forum in which the *state's residents* can seek redress caused by out-of-state actors. *TH Agriculture,* 488 F.3d at 1293. Here, the plaintiff is *not* a resident of Utah, but is a Delaware corporation doing business in New York. *See* Complaint, ¶ 1. As the plaintiff here is not a resident of Utah seeking redress against an out-of-state defendant, but rather is an out-of-state plaintiff seeking redress against two defendants who have no connection to the State of Utah, the State of Utah has no interest in adjudicating the dispute against Cassidy and Wilding. *OMI Holdings,* 149 F.3d at 1096 (finding that this factor weighed heavily in favor of defendants where neither the plaintiff nor the defendants were residents of the forum state, neither conducted business in the forum or employed its citizens, and Canadian law governed).

The third factor, the plaintiff's interest in convenient and effective relief, requires consideration of whether the plaintiff may receive convenient and effective relief in another forum.

*TH Agriculture,* 488 F.3d at 1294.  The fact that the alternative forum would be a foreign country does not preclude a finding that the plaintiff may receive convenient and effective relief in that forum.  *See, e.g., TH Agriculture,* 488 F.3d at 1295 (concluding that the plaintiff could get convenient and effective relief against the foreign defendants in the Netherlands).  The laws of England and Ireland protect copyright and both countries are members of the Berne Convention protecting copyrights internationally.  Thus, there is an alternative forum where the Plaintiff may seek relief and this factor also weighs against the exercise of personal jurisdiction over Cassidy and Wilding in the State of Utah.

The fourth factor asks whether the forum state is the most efficient place to litigate the dispute.  *TH Agriculture,* 488 F.3d at 1296.  Considerations include the location of witnesses, where the events giving rise to the lawsuit occurred, what forum's substantive law governs, and whether jurisdiction is necessary to prevent piecemeal litigation.  *Id.*  This factor also does not weigh in favor of jurisdiction.  Cassidy and Wilding are located in Ireland and England.  This case arises out of actions taken by Cassidy and Wilding from their homes in Ireland and England.  Defendant Nathan Best is the only individual involved in the case who is located in Utah and is the only person who Cassidy and Wilding communicated with about the articles giving rise to the present action.  Cassidy Decl., ¶ 5; Wilding Decl., ¶ 5.  The substantive law that governs is federal copyright law, which is not specific to the State of Utah.

Finally, the fifth factor, whether the exercise of personal jurisdiction in the forum state affects the substantive social policy interests of other states or foreign nations, also weighs against favor of exercising personal jurisdiction.  This factor requires a careful analysis of whether the exercise of personal jurisdiction would interfere with the sovereignty of a foreign nation.

*TH Agriculture,* 488 F.3d at 1297 (finding that exercising jurisdiction in Kansas would interfere with Dutch sovereignty even though the defendants chose to conduct business with the plaintiff by issuing insurance policies to plaintiff). One of the facts considered by courts in evaluating this factor is whether one of the parties is a citizen of a foreign nation. *OMI Holdings,* 149 F.3d at 1098. As defendants Cassidy and Wilding are each a citizen of a foreign nation, and the application of United States law to their activities conducted from their homes in Ireland and England, respectively, would interfere with the sovereignty of those countries, this factor weighs against exercising personal jurisdiction.

The failure of Plaintiff to establish a connection between the complained-of conduct and Utah as the forum State mandates immediate dismissal of the counterclaims against Cassidy and Wilding for lack of specific personal jurisdiction. However, even if dismissal were not required based on the lack of any connection between their actions and Utah, dismissal would be mandated based on the principles of fair play, substantial justice, and reasonableness. Cassidy and Wilding have no regular presence in Utah whatsoever, they do not travel there, they do not seek to conduct business in Utah, they do not conduct business on any regular or frequent basis there. To require these individuals to defend themselves in an unfamiliar foreign State thousands of miles from where they live, and in a foreign country to which they have little or no connection, at an extremely high cost to them beyond their current financial means, does not comport with fair play or substantial justice and would altogether defeat the protections of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**IV.**    **CONCLUSION**

For all of the foregoing reasons, defendants Cassidy and Wilding respectfully request that

the Court dismiss the complaint against them in its entirety for lack of personal jurisdiction.

DATED this 14th day of April, 2022.

**AKERMAN LLP**

By: */s/  Robert H. Scott*
Robert H. Scott (USB #10981)

Caroline H. Mankey (CA SBN 187302)
(*pro hac vice*)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 533-5949
Email: caroline.mankey@akerman.com

*Attorneys for Defendants Mark Cassidy and Joshua Wilding*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 14th day of April, 2022, I caused a true and correct copy of the foregoing **MOTION BY DEFENDANTS MARK CASSIDY AND JOSHUA WILDING TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be filed via the Court's CM/ECF system which provided electronic notice of such filing to all persons registered to receive notice in this case.

*/s/ Robert H. Scott*

21