Mathew K. Higbee, SBN 11133
Ryan E. Carreon, *Pro Hac Vice*
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mhigbee@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE, <br><br>　　　Plaintiff, <br><br> v. <br><br> BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive, <br><br>　　　Defendants. | Case No. 2:21-cv-00567-JNP-JCB <br><br> **OBJECTION TO CASE TRANSFER** |

Pursuant to the Court's Order of April 20, 2022, Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") hereby submits the following objection to the proposed transfer of the case to Judge Barlow:

I.  **INTRODUCTION**

The instant litigation involves the serial infringement of 18 photographs for which Trunk Archive holds the exclusive licensing rights. *See generally* Complaint at Dkt. #2 ("Complaint"). Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world. *Id*. at ¶12. One of Trunk Archive's most prominent American portrait photographer Annie Leibovitz. *Id.* at ¶14.

Between 2014 and 2019, Leibovitz took a series of photographs of the cast and crew of *Star Wars: The Last Jedi* and *Star Wars: The Rise of Skywalker*, 18 of which make up the subject matter of this lawsuit ("Star Wars Photographs"). *Id.* at ¶¶17-20.

Trunk Archive alleges that the Star Wars Photographs were displayed in 15 separate editorial articles authored by Defendant Mark Cassidy ("Cassidy") and Defendant Joshua Wilding ("Wilding") on a website owned and operated by Defendant Best Little Sites, LLC d/b/a www.comicbookmovie.com ("CBM") which. *Id.* at ¶¶57-76. Defendant Best, who is the owner of CBM, was also included as a defendant based on a theory of vicarious liability. *See e.g., Id.* at ¶¶26-30.

2.  **CBM Files A Declaratory Action On May 9, 2019.**

On May 9, 2019, CBM filed the case *Best Little Sites, LLC et al v. Great Bowery, Inc. et al* – Case No. 2:19-cv-00319 ("2019 Dec. Action Litigation") arising out of a single article on the CBM website entitled "Stunning STAR WARS: THE LAST JEDI Pics Provide First Looks At Benicio Del Tori & Laura Dern's Characters" dated May 24, 2017 ("Original Infringing Article"). The Original Infringing Article included 8 photographs of the cast of *Star Wars: The Last Jedi*, however of the eight photographs at issue in the 2019 Dec. Action Litigation only three are implicated in this litigation. *See* Complaint at ¶¶18-20.

The sole parties to the 2019 Dec. Action Litigation are CBM and Trunk Archive, and the sole claim arises out of the circumstances surrounding the posting of the Original Infringing Article on the CBM website. The 2019 Dec. Action Litigation is currently set for trial in December.

After the 2019 Dec. Action Litigation was filed, Trunk Archive began to discover additional infringement of Leibovitz' Star Wars related photographs on the CBM website. In all, Trunk Archive discovered an additional 15 editorial articles on the CBM website ("Subsequent Infringing Articles") displaying the 18 Star Wars Photographs at issue in this litigation. Complaint at ¶¶18-20. The Subsequent Infringing Articles were uploaded to the CBM website at various times between October 2017 and January 2020, nearly six months after the Original Infringing Article that is subject to the 2019 Dec. Action Litigation, and featured 15 additional photographs that were not part of the 2019 Dec. Action Litigation. *Id.* at ¶¶57-72.

After its investigation was complete, Trunk Archive filed this lawsuit on September 27, 2021 ("2021 Infringement Litigation"). The claims arising out of the 2021 Infringement Litigation relate solely to the use of the Star Wars Photographs in the 15 Subsequent Infringing Articles. *Compare* Complaint with Dkt. #16-1. Only three photographs are at issue in both cases. *Compare* Dkt. #16-3 with Dkt. #2-1. The uses of these three photographs as alleged in the 2021 Infringement Litigation arises out of their use in three Subsequent Infringing Articles: "STAR WARS: THE LAST JEDI Actress Laura Dern Shares New Image Of Vice Admiral Amilyn Holdo" dated October 18, 2017; "STAR WARS: THE LAST JEDI International TV Spot Features Benicio Del Toro As The Mysterious DJ" dated November 20, 2017; and "STAR WARS: THE LAST JED's Mark Hamill Shares A Lovely Tribute To Carrie Fisher One Year After Her Passing" dated December 27, 2017. *Id.* at ¶¶58-60.

The factual basis for the infringement alleged in the 2021 Infringement Litigation does not include the Original Infringing Article, but instead is wholly based on the Subsequent Infringing Articles which were not part of the 2019 Dec. Action Litigation or subsequent Counterclaim.

/ / /

## III. THE COURT SHOULD DECLINE TO CONSOLIDATE THE TWO CASES

Here, the Court noted in its Order that "this case appears closely related to a case already pending before Judge Barlow in this District" and asked the parties to "to show cause as to why the court should not exercise its discretion to transfer this action to Judge Barlow, who can then decide any pending[1] motions." April 24, 2020 Order at Dkt. # 39 ("Order"). In essence, the Court is asking whether it would be appropriate to exercise its discretionary powers under Rule 42(a) of the Federal Rules of Civil Procedure and D.U. Civ. R. 42-1 which allows for consolidation[2] of related matters to a single judge. As such, Trunk Archive will provide its analysis under Rule 42(a).

Consolidation is appropriate where "cases arise from *substantially* the same transaction or event; involve *substantially* the same parties . . . : call for determination of *substantially* the same questions of law or . . . would entail *substantial* duplication of labor or unnecessary court costs or delay if heard by different judges." D.U. Civ. R. 42-1 (emphasis added). The District of Utah's Local Rule is consistent with courts finding that consolidation is not justified "simply because the actions *include* a common question of fact or law." *Leeds v. Matrixx Initiatives, Inc.*, 2012 U.S. Dist. LEXIS 47279, at *4 (D. Utah Apr. 2, 2012) quoting *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (emphasis in original). If cases involve some common issues but the individual issues predominate, consolidation should be denied. *Ibid.*

Here, each litigation involves substantially differing transactions or events; involves substantially differing parties; and call for determination of substantially differing questions of law and fact. The unique claims, theories, factual circumstances and underlying intellectual property

---

[1] Defendants CBM and Best filed a motion to dismiss based on alleged improper "claim splitting" as well as failure to state a claim against Best in his personal capacity. *See* Dkt. #16. Many of the same arguments advanced by Trunk Archive in opposition to that Motion are applicable to this Objection. Defendants Best and Wilding are not a party to that Motion and instead have filed a separate challenge to personal jurisdiction. *See* Dkt. #38.

[2] Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).

in both litigations is substantially different and will predominate such that there is little judicial economy to be had via consolidation.

The only similarity between the two litigations is the presence of a copy infringement claim asserted by Trunk Archive against CBM. The sole transaction at issue in the 2019 Dec. Action Litigation is the posting of the Original Infringing Article on May 24, 2017. All of the Subsequent Infringing Articles that are the subject of the 2021 Infringement Litigation were posted between October 2017 and January 2020 and are not being litigated in 2019 Dec. Action Litigation. Likewise, of the 20 combined photographs at issue only three are implicated in both litigations, however they arise under differing circumstances. Far from arising from *substantially* the same transaction or event, the two litigations arise from *completely separate* factual occurrences.

Similarly, the parties to the two litigations are substantially different. While Trunk Archive and CBM are common to both litigations, the 2021 Infringement Litigation includes three additional defendants: Best, Cassidy, and Wilding. The conduct of Best and Wilding is not at issue at all in the 2019 Dec. Action Litigation, and the conduct of Cassidy[3] is only marginally implicated in that case. Thus, the makeup of the parties is substantially different in this litigation.

The inclusion of individual defendants also gives rise to distinct legal theories not present in the 2019 Dec. Action Litigation. In the 2019, Dec. Action Litigation, Trunk Archive, the defendant, is a defending a declaratory judgment action brought by CBM while alleging a straightforward claim of infringement. In contrast, the 2021 Infringement Litigation does not involve a declaratory judgment claim. Instead, Trunk Archive as the plaintiff has asserted claims against Best, Cassidy, and Wilding involve theories of direct, contributory, and vicarious infringement which are not present in the 2019 Dec. Action Litigation. Although no defendant has yet filed an answer, it is highly likely that the defenses raised in the 2021 Infringement Litigation

---

[3] Cassidy was the author of the Original Infringing Article at issue in the 2019 Dec. Action Litigation but is not a party to that case.

will be substantially different considering the additional parties and circumstances. Thus, the legal issues being adjudicated are substantially different between the two litigations.

Finally, consolidation would not prevent substantial duplication of labor or allay unnecessary court costs or delay. As stated above, the underlying parties, facts, and legal theories are substantially different. Discovery is not likely to overlap in any significant or meaningful way since discovery related to the Subsequent Infringing Articles would be markedly different than discovery related to the Original Infringing Article at issue in the 2019 Dec. Action Litigation.

Because the factual and legal underpinnings of the two litigations are distinct Judge Barlow is not in a substantially better position to handle 2021 Infringement Litigation. For example, in this litigation, Best has moved to dismiss based on failure to state a claim for vicarious liability, and Cassidy and Wilding have moved to dismiss based on personal jurisdiction. These motions are unique to the facts and legal theories alleged in this case, and Judge Barlow's familiarity with the 2019 Dec. Action Litigation would not make him any more or less suited to decide these motions.

Indeed, consolidation would likely burden Judge Barlow unnecessarily and cause significant delay. Discovery has long since closed in the 2019 Dec. Action Litigation, and that case is currently set for trial in December. In contrast, the Defendants in this matter have not answered, and discovery has not commenced. Consolidation will likely require discovery to be re-opened in the 2019 Dec. Action Litigation, and the December trial to be vacated.

Because each case involves substantially different parties, facts, underlying intellectual property, and legal theories, the questions of law and fact in each case will necessarily be different rendering consolidation not only unwarranted, but potentially prejudicial.

## V. CONCLUSION

Plaintiff Great Bowery Inc. d/b/a Trunk Archive respectfully requests that the Court decline to consolidate the two pending litigations.

/ / /

/ / /

Dated: May 2, 2022                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee,
Utah Bar No.11133
**HIGBEE & ASSOCIATES**
(714) 617-8373
mhigbee@higbeeassociates.com

**/s/ Ryan E. Carreon**
Ryan E. Carreon,
*Pro Hac Vice*
**HIGBEE & ASSOCIATES**
(714) 617-8373
rcarreon@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*