Robert H. Scott (USB #10981)
**AKERMAN LLP**
170 South Main Street, Suite 725
Salt Lake City, Utah 84101-1648
Telephone: 801.907.6900
Facsimile: 801.355.0294
Email: robert.scott@akerman.com

Caroline H. Mankey (*pro hac vice*)
**AKERMAN LLP**
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 533-5949
Facsimile: (213) 627-6342
Email: caroline.mankey@akerman.com

*Attorneys for Defendants Mark Cassidy and Joshua Wilding*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>    Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive,<br><br>    Defendants. | **REPLY BY DEFENDANTS MARK CASSIDY AND JOSHUA WILDING TO PLAINTIFF'S OPPOSITION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:21-cv-00567-JNP-JCB<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

## I.    **INTRODUCTION**

In its opposition to the motion to dismiss for lack of personal jurisdiction by Defendants Mark Cassidy and Joshua Wilding, Plaintiff Great Bowery concedes that the Court does not have general jurisdiction over these Defendants, but then spends the majority of its brief arguing that alleged *general* contacts between these Defendants and the State of Utah create specific personal jurisdiction.  Plaintiff's argument in this regard is misguided for at least three reasons.

First, the general connections between these Defendants and the State of Utah do not confer specific personal jurisdiction.  "For specific jurisdiction, a defendant's general connections with the forum are not enough."  *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco County*, __ U.S. __, 137 S. Ct. 1773, 1781, 198 L.Ed. 2d 395 (2017).

Second, Plaintiff fails to establish the mandatory nexus between the alleged contacts between Cassidy and Wilding, on one hand, and the State of Utah, on the other hand, and the sole claim of copyright infringement that is asserted by the Plaintiff in this case.  For example, Plaintiff repeatedly argues that Cassidy and Wilding have contributed thousands of posts to Best Little Sites' website.  Whether true or not, it is irrelevant to a determination of whether the Court has specific personal jurisdiction over Cassidy and Wilding, because those alleged thousands of posts are not accused by Plaintiff as constituting copyright infringement in this case.  Instead, Plaintiff has alleged infringement against Cassidy and Wilding based on a mere *nine* articles by Cassidy and *six* articles by Wilding.

Third, Plaintiff has identified only contacts between Cassidy and Wilding, on one hand, and co-defendants Best Little Sites and Nathan Best, *not* contacts with the State of Utah, as required for exercising specific personal jurisdiction.

1

Finally, Plaintiff cannot defeat all the many reasons why exercising jurisdiction over Cassidy and Wilding in this case would be unreasonable and violate their due process rights, particularly the severe burden that would be placed on them in defending themselves in a foreign country and state and the lack of any interest of the State of Utah in resolving this dispute given that the Plaintiff is a New York entity that did not suffer any specific harm in Utah.

## II.    PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE SHOWING OF SPECIFIC PERSONAL JURISDICTION OVER CASSIDY AND WILDING

"The burden of establishing personal jurisdiction over the defendant is on the plaintiff." *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.,* 385 F.3d 1291, 1295 (10th Cir. 2004). Plaintiff here has failed to meet that burden.

### A.    There Is No Nexus Between the Claim and the State of Utah

The threshold requirement for the exercise of specific personal jurisdiction is that the claim arises out of the defendant's contacts with the forum State. *Bristol-Myers Squibb, supra*, 137 S.Ct. at 1780 (*quoting Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L. Ed. 2d 796 (2011)). "[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (*quoting Goodyear,* 564 U.S. at 919). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781 (*citing Goodyear*, 564 U.S. at 931 n.6).

In *Bristol-Myers Squibb*, the defendant engaged in extensive business activities in California, including owning five research and laboratory facilities and employing around 160 people. *Bristol-Myers Squibb,* 137 S.Ct. at 1778. Despite these extensive contacts, the Supreme Court held that there was no connection between California and the specific claims at issue – and

2

no specific personal jurisdiction -- where the non-resident plaintiffs were not prescribed the defendant's prescription drug in California, did not purchase the drug in California, did not ingest the drug in California, and were not injured by the drug in California. *Id.* at 1781.

Much like in *Bristol-Myers Squibb*, the alleged posting by Cassidy and Wilding of thousands of articles to a website owned by a Utah resident is irrelevant to specific jurisdiction when those alleged thousands of articles did not give rise to Plaintiff's claim for copyright infringement. Even the nine alleged infringements posted by Cassidy and six alleged infringements by Wilding have not been shown by Plaintiff to be geographically tethered in any way to the State of Utah. They were posted online by Cassidy and Wilding from thousands of miles away on a website that can be accessed from almost anywhere in the world. The website is not alleged to be aimed specifically at residents of Utah. The contents of the articles do not pertain to the State of Utah or its residents. The allegedly infringing articles have no physical or geographic connection whatsoever to the State of Utah.

Plaintiff also repeatedly contends that the terms of use of the website owned by co-Defendants Best Little Sites and/or Nathan Best create a contract pursuant to which Cassidy and Wilding agreed to the jurisdiction of the courts in the State of Utah. *E.g.,* Opposition at p. 18. Even if that were true (which is not conceded), the "contracts" would be between Cassidy and Best Little Sites and between Wilding and Best Little Sites. Plaintiff is not a party to any such agreement, has no privity whatsoever with Cassidy or Wilding, and has no standing to enforce any contracts between them and the co-defendants or any terms of use of their website. Moreover, nothing about the terms of use relates to the alleged infringement in this case.

Plaintiff's own choice of words reveal the speculative nature of its arguments. For example, Plaintiff argues that Cassidy and Wilding distributed infringing photographs to a co-defendant "with the intent" (of which Plaintiff has no personal knowledge) that the co-defendant "publish and monetize them, ostensibly also from Utah." Plaintiff's use of the word "ostensibly" reveals that this conclusion is nothing more than speculation. There is no evidence that the co-defendants, despite being residents of Utah, actually conducted any of the activity giving rise to Plaintiff's claims in Utah, such as posting the specific articles by Cassidy and Wilding, or that the servers on which the website is hosted are located in Utah, or any other factors tying the posting of articles on a website to the State of Utah, other than the residence of the website's owner. Plaintiff asserts numerous other contentions of purported fact that are simply not true, as set forth in the Supplemental Declaration of Joshua Wilding, submitted concurrently herewith (**Exhibit A**). Such flimsy and speculative allegations of the alleged nexus between the events giving rise to Plaintiff's claim and the State of Utah do not support the exercise of specific jurisdiction against residents of foreign countries who have no personal ties to the State of Utah.

### B. Plaintiff Has Not Established Minimum Contacts Between Each of Cassidy and Wilding and the State of Utah

A nonresident defendant must have "certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

The first requirement for specific personal jurisdiction is a relationship that arises out of contacts that the defendant himself creates with the forum State. *Walden v. Fiore,* 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). Contacts between the plaintiff or third parties and forum State,

and the convenience of the plaintiff or third parties, are not sufficient contacts to create jurisdiction over a nonresident defendant. *Id.* Thus, the contacts that the Plaintiff or co-defendants Best Little Sites and Nathan Best may have with the State of Utah are irrelevant to the determination of this Court's specific personal jurisdiction over Cassidy and Wilding.

The second requirement of the minimum contacts analysis is that the defendant's contacts are with the forum State itself, ***not the defendant's contacts with persons who reside there***. *Walden*, 571 U.S. at 285, 134 S.Ct. at 1122. "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286. Here, all of the contacts alleged by Plaintiff (such as acceptance of a website's terms of use) are contacts between Cassidy or Wilding, on one hand, and co-defendants Best Little Sites or Nathan Best, on the other hand. There are no allegations whatsoever of contacts between Cassidy and Wilding and the State of Utah itself, such as entering a contract that "'envisioned continuing and wide-reaching contacts'" with the forum State, or deliberately exploiting a market in the forum State. *Id.* at 285 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479-480, 105 S.Ct. 2174 (1985); and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 77, 773-774, 104 S.Ct. 1473 (1984)).

Also, unlike in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984), cited by Plaintiff, Cassidy and Wilding have not interacted with the State of Utah in the direct and extensive ways that the defendant in *Calder* did, including authoring an article that was distributed widely in California, telephone calls to California sources in researching the article, describing activities in California in the article, and causing reputational harm to the plaintiff in California. *See also Xactware, Inc. v. Symbility Solution Inc.,* 402 F. Supp. 2d 1359, 1364-1366 (D. Utah 2005) (defendant's operation of an interactive website accessible to residents of Utah and national

5

advertising did not intentionally target Utah residents).  Plaintiff has not alleged that Cassidy or

Wilding authored any infringing content related to Utah, or any articles marketed or distributed to

residents of Utah, or any actual harm occurring to Plaintiff in Utah.  Cassidy and Wilding did not

even operate the accused website; they mere contributed nine and six allegedly infringing articles,

respectively, to the website.

Similarly, Plaintiff repeatedly refers to email correspondence from co-defendant Nathan

Best to Plaintiff's counsel containing a street address in Utah.  *E.g.,* Opp. at p. 20.  This

correspondence has nothing to do with Cassidy or Wilding.  It is not to them; it is not from them;

they were not copied on it; there is no evidence that they ever received a similar email; and there

is no connection between Cassidy's and Wilding's alleged infringement and this email.  It in no

way constitutes a contact between Cassidy or Wilding and the State of Utah.  In fact, nothing in

Plaintiff's complaint or in its opposition to the motion establishes a factual predicate for exercising

specific jurisdiction over Cassidy or Wilding.

### C.    Plaintiff Fails the Effects Test

Even applying the *Calder v. Jones* "effects test" to activity that is (as here) conducted

outside of the forum State, Cassidy and Wilding did not purposefully direct their activities at the

State of Utah.  Purposeful direction exists where the defendant (a) commits an intentional action;

(b) that is expressly aimed at the forum state; (c) with the knowledge that the brunt of the injury

would be felt in the forum state.  *Red Oaks West, Inc. v. Specialty Trucks & Equipment, Inc.*,

No. 2:15-cv-00128, 2015 WL 4476659, at *4 (D. Utah July 22, 2015) (unpublished) (*quoting*

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1071 (10th Cir. 2008)).  The posting

of articles on a website where neither the site itself, nor the articles, were designed for or were

otherwise targeted in any respect toward readers in Utah fails the second prong of the effects test. The fact that the Plaintiff is in New York and suffered any economic injury there, not in Utah, fails the third prong of the effects test.

### D.      Due Process Does Not Support the Exercise of Specific Jurisdiction

Plaintiff's three conclusory arguments fail to address all five of the relevant factors for determining the reasonableness for the exercise of personal jurisdiction.  None of them defeat all of the ways in which the exercise of personal jurisdiction over Cassidy and Wilding would be unreasonable here and violate due process.

The first factor, the burden on the defendant, must be given ***"primary concern."***  *Bristol-Myers Squibb,* 137 S.Ct. at 1780 (*quoting World-Wide Volkswagen*, 444 U.S. 286, 292, 100 S.Ct. 559 (1980) (emphasis added)).  A critical burden on Cassidy and Wilding here is the obligation not only to potentially travel from foreign countries oversees to defend themselves in Utah, but also to "submit" their dispute "to a foreign nation's judicial system."  *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 114, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987).  "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."  *Id.*  Plaintiff's first argument that Cassidy and Wilding could participate in the litigation "via video conferencing software" (Opp. at p. 13) fails to address the burden on them of defending themselves in a foreign legal system.  Moreover, it fails to address their right to attend trial in person and the prejudice that they could suffer in the event that they were to appear before a jury by video only while all other parties were to appear in person.

Plaintiff's second argument that Utah has a significant interest in this dispute based on the relationship among the Co-Defendants is unpersuasive. Utah has no interest in protecting Plaintiff, a New York entity, as against the alleged infringement by residents of foreign countries. Plaintiff's third argument that there is no other forum convenient for all of the parties simply does not defeat the requirement that the exercise of jurisdiction over Cassidy and Wilding in *this* forum must be reasonable. In sum, Plaintiff does not even begin to establish a reasonable basis for exercising personal jurisdiction over Cassidy and Wilding.

### E.  Federal Rule of Civil Procedure 4(k)(2) Also Does Not Confer Jurisdiction

Plaintiff further argues that the Court has personal jurisdiction over Cassidy and Wilding pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. "In order to obtain jurisdiction over a defendant under Rule 4(k)(2), three requirements must be met. *First,* the suit must arise under federal law. *Second,* the defendant must not be subject to personal general jurisdiction or personal specific jurisdiction in any state. *Third,* the defendant must have sufficient contacts within the United States which would support and be consistent with the Constitution and laws of the United States." *Xactware, supra,* 402 F. Supp. 2d at 1369.

"'The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1072 (9th Cir. 2017) (*quoting Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007)). In *Axiom Foods,* the Ninth Circuit held that the plaintiff did not satisfy the third requirement for exercising jurisdiction under Rule 4(k)(2) where the sole contact between the defendant and the United States was a newsletter

and, although the plaintiff alleged that the defendant sent the newsletter to 70 recipients with companies in the U.S., the plaintiff did not explain the relationship between the alleged recipients and their respective companies. *Id.* Thus, the court characterized those contacts as "scant, fleeting, and attenuated." *Id.*

Here, there is virtually no connection between Cassidy or Wilding and the United States. As detailed in their Declarations, neither of these Defendants travels regularly to the U.S., pays taxes in the U.S., maintains bank accounts or owns property in the U.S., attended school in the U.S., or is employed in the U.S. The *sole* contacts between these Defendants and the U.S. related to the present lawsuit was the alleged submission of *nine* and *six* allegedly infringing articles, to a website owned by a U.S. resident. This scant, fleeting and attenuated contact with the U.S. is as deficient as it is with the State of Utah and does not give rise to personal jurisdiction in Utah or anyplace else in the United States for all the reasons articulated above and in the moving papers by Cassidy and Wilding. Moreover, Cassidy and Wilding are self-employed individuals who do not have the wherewithal to defend themselves in litigation in the United States. Declaration of Mark Cassidy, ¶ 8; Declaration of Joshua Wilding, ¶ 8.

## III.   <u>JURISDICTIONAL DISCOVERY SHOULD BE DENIED</u>

The trial court is vested with broad discretion as to whether to permit discovery on jurisdictional issues. *Bell Helicopter, supra,* 385 F.3d at 1298-1299 (*citing Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 10331035 (10th Cir. 1975)). Where there is a low likelihood that jurisdictional discovery would evidence a basis for exercising personal jurisdiction, the court does not abuse its discretion to refuse to permit such discovery. *Id.* The refusal to permit jurisdictional discovery does not prejudice a plaintiff where the relevant facts are not in dispute. *Dental*

*Dynamics, LLC v. Jolly Dental Group, LLC,* 946 F.3d 1223, 1233-1234 (10th Cir. 2020). "The party seeking discovery bears the burden of showing prejudice." *Id.*

Plaintiff has identified three areas of requested inquiry: (1) agreements between Cassidy or Wilding and the other co-defendants; (2) communications between Cassidy or Wilding and the other co-defendants; and (3) payments from the other co-defendants to Cassidy or Best. These areas of inquiry would do nothing more than establish contacts between Cassidy or Wilding and the other co-defendants. They would not establish contacts between Cassidy or Wilding and the State of Utah. Moreover, they would not overcome the other due process concerns regarding the unreasonableness of exercising personal jurisdiction over Cassidy or Wilding. Therefore, the requested discovery would not change the outcome of this motion and the refusal to permit it would not prejudice the Plaintiff.

Additionally, the request for jurisdictional discovery should be denied because Plaintiff has not made a motion for such discovery in violation of Local Rule 7-1(a)(3), which prohibits making a motion in a response.

## IV.   CONCLUSION

For all of the foregoing reasons, defendants Cassidy and Wilding respectfully request that the Court dismiss the complaint against them in its entirety for lack of personal jurisdiction.

DATED this 5th day of May, 2022.

**AKERMAN LLP**

By: */s/ Robert H. Scott*
    Robert H. Scott (USB #10981)

10

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2022, I caused a true and correct copy of the foregoing **REPLY BY DEFENDANTS MARK CASSIDY AND JOSHUA WILDING TO PLAINTIFF'S OPPOSITION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION** to be filed via the Court's CM/ECF system which provided electronic notice of such filing to all persons registered to receive notice in this case.

/s/ Robert H. Scott

11