IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY d/b/a TRUNK ARCHIVE,<br><br>                Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES d/b/a www.comicbookmovies.com, NATHAN BEST, MARK CASSIDY, JOSHUA WILDING, and DOES 1 - 10,<br><br>                Defendants. | **ORDER TRANSFERRING CASE TO JUDGE BARLOW**<br><br>Case No. 2:21-cv-00567-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

On September 27, 2021, Great Bowery, Inc. d/b/a/ Trunk Archive ("Trunk Archive") filed this copyright infringement case. ECF No. 2. On December 9, 2021, this case was randomly assigned to Judge Parrish. ECF No. 19. Because this case appeared closely related to a case already pending before Judge Barlow in this District, *see* Case No. 2:19-cv-00319 ("the 2019 action"), the court ordered the parties "to show cause as to why the court should not exercise its discretion to transfer this action to Judge Barlow, who can then decide any pending motions." ECF No. 39; *see also* DUCivR 83-2(g) (permitting transfer when "two or more related cases are pending before different judges of this court").

Defendants Best Little Sites d/b/a/ www.comicbookmovie.com ("CBM") and Nathan Best ("Best") stated that they had no objection to transferring the case to Judge Barlow. ECF No. 40. Defendants Mark Cassidy ("Cassidy") and Joshua Wilding ("Wilding") expressed no

position. Plaintiff Great Bowery d/b/a Trunk Archive ("Trunk Archive") opposed the transfer.[1] For the following reasons, the court will transfer the present action to Judge Barlow.

District of Utah Local Rule 83-2(g) permits the court to transfer a case "[w]henever two or more related cases are pending before different judges of this court." To determine whether a case should be transferred, the court may consider the following factors, among others: "[w]hether the cases arise from the same or a closely related transaction or event," "[w]hether the cases involve substantially the same parties or property," "[w]hether the cases involve the same . . . copyright," and "[w]hether the cases call for a determination of the same or substantially related questions of law and fact." District of Utah Local Rule 83-2(g) permits the court to raise the issue of transfer sua sponte.

Here, Trunk Archive attempts to argue that the two actions are substantially different. Not so. First, both actions include the same two principal parties, Trunk Archive and CBM. The fact that Trunk Archive named three additional individual defendants—Best, Wilding, and Cassidy—does not alter the court's analysis. Indeed, Trunk Archive includes no claims specific to the individual defendants. Rather, it simply tacks on the individual defendants to the copyright infringement claim against CBM. Moreover, the copyrights asserted in both cases are nearly identical. In both instances, Trunk Archive asserts copyrights licensed to Trunk Archive for works created by Annie Leibovitz involving the cast and crew of *Star Wars* movies. Indeed, as Trunk Archive concedes, three of the photographs as issue in the present case are also at issue in the 2019 action. Further, the conduct underlying Trunk Archive both cases is identical. Trunk

---

[1] Trunk Archive provides its analysis under Federal Rule of Civil Procedure 42(a), which allows for consolidation of related matters to a single judge. The court leaves the question of whether to consolidate the case to Judge Barlow. Instead, the court simply considers whether to transfer the case to Judge Barlow. However, because the factors considered under Federal Rule 42(a) and District of Utah Local Rule 83-2(g) are quite similar, the court finds Trunk Archive's briefing sufficient to state its position under either rule.

Archive claims that CBM posted articles on its website that displayed unlicensed copies of *Star Wars* photographs for which Trunk Archive controlled the copyright. And the articles in both cases were searchable and accessible in the same manner. Finally, the actions involve common questions of law. While the addition of the individual defendants raises some new legal issues, both cases require resolution of several similar legal issues including whether CBM qualifies for safe-harbor protection under the DMCA and whether Trunk Archive can assert an inline linking defense. Accordingly, many of the factors listed in Local Rule 83-2(g) weigh in favor of transfer.

Trunk Archive expresses concern that transfer would cause significant delay and require Judge Barlow to reopen discovery in the 2019 action. The court makes no presumptions as to how Judge Barlow will handle the case upon transfer. But a footnote to Local Rule 82-3(g) provides that "[i]f a case is transferred to another judge with a similar case, the transferred case will remain a separate case with its own docket and scheduling order." Accordingly, the court's decision to transfer this case merely shifts this case to Judge Barlow's chambers. The cases will remain separate and scheduling in this case need not affect scheduling in the 2019 action.

Because the factual and legal underpinnings of the two cases are substantially similar, the court exercises its discretion to transfer the present case to Judge Barlow. Judge Barlow will handle all further proceedings in this case.

DATED May 5, 2022.

BY THE COURT

Jill N. Parrish
United States District Court Judge