Robert E. Aycock (#8878)
William B. Chadwick (#16416)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102
Phone: (801) 359-3333
robert@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendants*
*ComicBookMovie.com and Nathan Best*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE<br><br>Plaintiff,<br><br>vs.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10.<br><br>Defendants. | **ANSWER & COUNTERCLAIM**<br><br>Case No. 2:21-cv-00567-DBP<br><br>District Judge: David Barlow<br><br>Magistrate Judge: Jared C. Bennett |

Defendant Best Little Sites, d/b/a www.comicbookmovie.com ("CBM") and Defendant Nathan Best ("Best") (collectively, "Defendants") answer the Complaint filed by Plaintiff Great Bowery, d/b/a Trunk Archive ("Plaintiff" or "Trunk Archive") as follows:

**PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

2. Deny.

3. Admit.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

6. This paragraph does not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

## BACKGROUND

### Trunk Archive

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

19. This paragraph does not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

**www.ComicBookMovie.com**

25. Admit.

26. Admit.

27. Admit.

28. CBM receives compensation through advertisements on some of its pages.

29. Admit that the Exhibit B attached to the Complaint appears to be a true and correct copy of the page at one point accessible at https://www.comicbookmovie.com/about/advertise/. Deny the rest.

30. Deny.

31. Deny.

32. Admit that CBM's website includes the quoted language. Deny the rest.

33. Admit.

34. Admit that the Exhibit C attached to the Complaint appears to be a true and correct copy of the page at one point accessible at https://www.comicbookmovie.com/about/contribute/. Deny the rest.

35. Admit that Defendants Wilding and Cassidy are listed under the "Top Contributors" on the Website's "About" page. Deny the rest.

36. Admit that the Exhibit D attached to the Complaint appears to be a true and correct copy of the page at one point accessible at https://www.comicbookmovie.com/about/. Deny the rest.

37. Admit.

**Defendant Mark Cassidy**

38. Admit that the CBM profile for RorMachine states that profile has been a member since November 9, 2008. Deny the rest.

39. Admit that Cassidy has posted content to the Website under the username "RorMachine." Defendants lack knowledge or information sufficient to form a belief about whether other individuals also post under the username RorMachine or whether Cassidy posts to the Website under other usernames and therefore denies the remaining allegations of this paragraph.

40. Admit that the Exhibit E attached to the Complaint appears to be a true and correct copy of the page at one point accessible https://www.comicbookmovie.com/user/RorMachine. Deny the rest.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

43. Admit that CBM has paid Cassidy under its publicly available contributor program. Deny the rest.

44. Admit that the user RorMachine has the ability to make posts to the Website subject to the automated and manual review processes for content published on the website by RorMachine and other users. Deny the rest.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

**Defendant Joshua Wilding**

47. Admit that the CBM profile for JoshWilding states that profile has been a member since March 13, 2009. Deny the rest.

48. Admit that Wilding has posted content to the Website under the username "JoshWilding." Defendants lack knowledge or information sufficient to form a belief about whether other individuals also post under the username JoshWilding or whether Mr. Wilding posts to the Website under other usernames and therefore denies the remaining allegations of this paragraph.

49. Admit that the Exhibit H attached to the Complaint appears to be a true and correct copy of the page at one point accessible https://www.comicbookmovie.com/user/JoshWilding. Deny the rest.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

54. Admit that CBM has paid Wilding under its publicly available contributor program. Deny the rest.

55. Admit that the user JoshWilding has the ability to make posts to the Website subject to the automated and manual review processes for content published on the website by JoshWilding and other users. Deny the rest.

56. Deny.

**Defendants' Alleged Conduct**

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph. Defendants expressly deny the allegation that the CBM website displayed unlicensed copies of any asserted copyrighted work.

58. Admit the Website contained an article titled "STAR WARS: THE LAST JEDI Actress Laura Dern Shares New Image of Vice Admiral Amilyn Holdo" dated October 18, 2017. Deny the rest.

59. Admit the Website contained an article titled "STAR WARS: THE LAST JEDI International TV Spot Features Benicio Del Toro As The Mysterious DJ" dated November 20, 2017. Deny the rest.

60. Admit the Website contained an article titled "STAR WARS: THE LAST JEDI's Mark Hamill Shares A Lovely Tribute to Carrie Fisher One Year After Her Passing" dated December 27, 2017. Deny the rest.

61. Admit the Website contained an article titled "Billie Lourd Shares a Touching Tribute to Carrie Fisher On The Second Anniversary Of Her Passing" dated December 27, 2018. Deny the rest.

62. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER – 12 Biggest Reveals And Spoilers From Vanity Fair's Cover Story" dated May 22, 2019. Deny the rest.

63. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER Behind The Scenes Video Features New Aliens And Cast Interviews" dated May 22, 2019. Deny the rest

64. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER Has A Very Interesting Alternate Title In Japan" dated June 25, 2019. Deny the rest.

65. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER Star Daisy Ridley Promises A 'Brilliant End' To The Story" dated June 26, 2019. Deny the rest.

66. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER's Runtime Possible [sic] Revealed Along With Some Potential SPOILERS" dated August 12, 2019. Deny the rest.

67. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER – Rey And Kylo Ren Clash On New Empire Magazine Covers" dated September 27, 2019. Deny the rest.

68. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER Final Trailer Reportedly Scheduled For October 21" dated October 10, 2019. Deny the rest.

69. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER's Oscar Issacs Blames 'Disney Overlords' For No Poe/Finn Romance" dated December 26, 2019. Deny the rest.

70. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER Remains #1 At The Box Office As It Passes $900M Worldwide" dated January 5, 2020. Deny the rest.

71. Admit that the Website contained an article titled "Luke Skywalker's Big STAR WARS: THE RISE OF SKYWALKER Scene Was The Result Of Reshoots" dated January 7, 2020. Deny the rest.

72. Admit that the Website contained an article titled "STAR WARS: THE RISE OF SKYWALKER Passes $500 Million At The Domestic Box Office" dated January 26, 2020. Deny the rest.

73. This paragraph does not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph and deny that "Infringing Articles" is a proper or correct shorthand for any of the articles on CBM's Website, including the articles referenced in paragraphs 58-72 above.

74. Deny.

75. Admit that the articles identified in paragraphs 58-72 contained advertisements and generated limited revenue for CBM. Deny the rest.

76. Deny.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

77. Defendants incorporate by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Defendants lack knowledge or information sufficient to form a belief about the truth of the statement and therefore denies the allegations in this paragraph.

85. This paragraph does not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

**EXPRESS DENIAL**

Except as expressly admitted herein, CBM denies generally and specifically, each and every allegation set forth in the Complaint, including all allegations contained in the separate Prayer for Relief and any of the underlying factual assumptions or assertions made in any allegation that is hereby denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1

Trunk Archive fails to state claims for which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 2

Trunk Archive's claims are barred because there is no damage which stems directly or indirectly from any conduct complained of in the Complaint.

### AFFIRMATIVE DEFENSE NO. 3

Trunk Archive's claims are barred because they run contrary to public policy.

### AFFIRMATIVE DEFENSE NO. 4

Trunk Archive's claims are barred by Trunk Archive's failure to mitigate damages (should any damages exist).

### AFFIRMATIVE DEFENSE NO. 5

Trunk Archive's claims are barred by the Safe Harbor provisions of the Digital Millennium Copyright Act because the CBM is a service provider and the accused content was posted, stored, transmitted, or otherwise made available at the direction of a user.

### AFFIRMATIVE DEFENSE NO. 6

Trunk Archive's claims are barred by the doctrine of collateral estoppel, res judicata, issue preclusion, claim preclusion, and claim splitting.

### AFFIRMATIVE DEFENSE NO. 7

Trunk Archive's claims are barred because neither CBM nor Nathan Best had actual knowledge of the alleged infringement of knowledge of facts or circumstances from which infringing activity is apparent.

**AFFIRMATIVE DEFENSE NO. 8**

Trunk Archive's claims are barred because neither CBM nor Nathan Best materially contributed to any alleged infringement.

**AFFIRMATIVE DEFENSE NO. 9**

Trunk Archive's claims are barred because neither CBM nor Nathan Best knew or intended for their actions to lead to infringement of any of Trunk Archive's copyrights.

**AFFIRMATIVE DEFENSE NO. 10**

Trunk Archive's claims are barred because CBM acted expeditiously to remove and/or disable access to the photographs at issue upon obtaining knowledge or awareness of the alleged infringement.

**AFFIRMATIVE DEFENSE NO. 11**

Trunk Archive's claims are barred because Trunk Archive did not submit a compliant DMCA take-down notice in connection to the photographs at issue.

**AFFIRMATIVE DEFENSE NO. 12**

Trunk Archive's claims are barred because the photographs at issue were not stored and/or did not reside on a system or network controlled or operated by CBM.

**AFFIRMATIVE DEFENSE NO. 13**

Trunk Archive's claims are barred because the alleged damages, if any, were proximately caused by act or omissions, negligence, or intentional acts by third parties over whom CBM had no control or right of control or, if CBM had any right of control, were acting beyond the scope of any relationship with CBM, or such damages were caused by conditions or events over which CBM had no control or right of control.

**AFFIRMATIVE DEFENSE NO. 14**

Trunk Archive's claims are barred because of Trunk Archive's own bad faith or unlawful actions.

**AFFIRMATIVE DEFENSE NO. 15**

Trunk Archive's claims are barred under the doctrine of unjust enrichment.

**AFFIRMATIVE DEFENSE NO. 16**

Trunk Archive's claims are barred because neither CBM nor Nathan Best's infringement, if there was infringement, was malicious, deliberate, consciously wrongful, or done in bad faith.

**AFFIRMATIVE DEFENSE NO. 17**

Trunk Archive's claims are barred under the doctrine of unclean hands.

**AFFIRMATIVE DEFENSE NO. 18**

Trunk Archive's claims are barred because CBM and Nathan Best acted in good faith and were justified their actions.

**AFFIRMATIVE DEFENSE NO. 19**

Trunk Archive's claims are barred because Trunk Archive inflicted its own harm and through its acts or omissions was the sole cause or the proximate cause of the damages complained.

**AFFIRMATIVE DEFENSE NO. 20**

Trunk Archive's claims are barred because neither CBM nor Nathan Best had the right and ability to supervise the allegedly infringing activity sufficient to confer vicarious liability for the allegedly infringing activity.

**AFFIRMATIVE DEFENSE NO. 21**

Trunk Archive's claims are barred because neither CBM nor Nathan Best had a direct financial interest in the allegedly infringing activity sufficient to confer vicarious liability for the allegedly infringing activity.

**AFFIRMATIVE DEFENSE NO. 22**

Trunk Archive's claims are barred because of the equitable doctrines of laches and waiver.

**RESERVATION OF DEFENSES**

Defendants reserve their rights to add further affirmative defenses that may be discovered during the litigation.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE Defendants CBM and Nathan Best respectfully request:

1. Entry of judgment that Defendants have not directly, vicariously, or contributorily infringed any copyright owned or asserted by Trunk Archive;

2. Entry of judgment that Defendants have not induced infringement of any copyright owned or asserted by Trunk Archive;

3. Entry of judgement that Defendants have not willfully infringed any copyright owned or asserted by Trunk Archive;

4. Entry of judgment for costs and reasonable attorney fees incurred by Defendants; and

5. Such other and further relief as the Court may deem appropriate.

**COUNTERCLAIM**

Defendants and Counterclaim-Plaintiffs Best Little Sites, LLC d/b/a ComicBookMovie.com ("CBM") and Nathan Best ("Best") state their counterclaim against Plaintiff and Counterclaim-Defendant Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") as follows:

**NATURE OF ACTION**

1. CBM seeks a declaratory judgment that CBM and its users are not liable to Trunk Archive for infringement of copyright law and, in the alternative, declaration of appropriate copyright remedies under the U.S. Copyright Act, 17 U.S.C. § 106, and an award of damages, attorneys' fees and costs.

**PARTIES**

2. Plaintiff is a Utah limited liability company duly organized and existing under the laws of Utah, with a principal place of business at 237 E. Lake View Dr., Vineyard, Utah 84059.

3. Upon information and belief, Defendant Great Bowery, Inc. d/b/a Trunk Archive, is a Delaware corporation duly organized by law, having a principal place of business at 466 Broome Street, 4th Floor, New York, New York, 10013. At all times material hereto, Trunk Archive has been a division or a part of Great Bowery, Inc. and has offices at 190 Bowery, New York, New York 10012.

4. Upon information and belief, Trunk Archive represents approximately nine hundred (900) photographers and it has access to hundreds of thousands of images covering fashion, celebrity, beauty, lifestyle, still life, design, architecture and travel. Upon further information and belief, Trunk Archive is in the business of licensing photographs to its clients, which were taken by various commercial and fine art photographers for use in the entertainment, publishing and fashion industries.

Upon further information and belief, Trunk Archive conducts business on an international basis including in the District of Utah.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and under the laws of the United States concerning actions relating to copyright, 28 U.S.C. § 1338(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

7. This Court has personal jurisdiction over Trunk Archive because Trunk Archive conducts business transactions in this State. Trunk Archive has solicited a copyright license agreement with CBM in this State.

8. A substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this Judicial District. Venue therefore lies in the United States District for the District of Utah.

**FACTUAL BACKGROUND**
**www.ComicBookMovie.com**

9. CBM owns and operates ComicBookMovie.com. This website is a publicly available site where fans and other users can post text, images, and comments related to movies based on comic books and other entertainment in that genre.

10. CBM is operated and maintained by its sole owner, Nathan Best.

11. CBM has a limited staff of two employees who manage social media profiles for CBM.

12. The articles on CBM are generated and posted by third-party users of CBM's website.

13. CBM has had a Designated Agent under the Digital Millennium Copyright Act ("DMCA") at all material times.

14. CBM has a Copyright Policy published on its website providing instructions, address, and a form through which users can submit DMCA takedown requests.

15. Every user-generated post on CBM's website includes language related to CBM's copyright and DMCA policies, including a link that users can use to submit DMCA takedown requests of allegedly infringing material.

16. CBM has Community Guidelines posted on its website that prohibit users from posting content that infringes on the intellectual property rights of others.

17. CBM has Terms of Service posted on its website that prohibit users from posting content that violates CBM's Copyright and Trademark policies.

18. CBM has a policy against repeat offenders of its Copyright Policy which is publicly accessible on its website.

19. Before users can publish articles on CBM, they must consent to CBM's policies which prohibit copyright infringement.

20. CBM does not direct users regarding the content of their articles, the quantity of their articles, or the timing of their articles.

**The Subject Images**

21. Trunk Archive has claimed that CBM's Website displayed eighteen photographs allegedly taken by Annie Liebovitz.

22. Trunk Archive has described and identified these photographs in paragraph 18 of its Complaint: a photograph of actress Laura Dern as Vice Admiral Amilyn Holdo; a photograph of actor Benicio Del Toro as DJ; a photograph of actors Mark Hamill and Carrie Fisher as Luke Skywalker and Leia Organa; a photograph of actress Carrie Fisher and her daughter Billie Lourd as

Leia Organa and Kaydel Ko Connix; a photograph of actors Oscar Isaacs, and Billy Dee Williams as Poe Dameron and Lando Calrissian aboard the Millennium Falcon with Chewbacca and BB-8; a photograph of actor Mark Hamil as Luke Skywalker with R2-D2; a photograph of actors John Boyega and Naomi Ackle as Finn and Jannah; a photograph of actors Domhnall Gleeson and Richard E. Grant as General Hux and Allegiant General Pryde; eight photographs of behind the scenes production of Star Wars: The Rise of Skywalker; a photograph of actors Adam Driver and Daisy Ridley as Kylo Ren and Rey; and a photograph of actors Oscar Issacs and John Boyega as Poe Dameron and Finn. Collectively, these images will be referred to as the "Subjet Images."

23. The Subject Images were displayed on CBM's website by embedding the image and linking back to a third-party server that was not owned or controlled by CBM.

24. The Subject Images are not and were not stored on servers belonging to or controlled by CBM or Nathan Best.

25. The Subject Images were posted by CBM users who were not owners of CBM or employees of CBM or Nathan Best.

26. The Subject Images were not posted on CBM's website at the direction of CBM or Nathan Best.

27. Neither CBM nor Nathan Best had actual knowledge that the Subject Images were posted until they received the Complaint in this litigation.

28. Neither CBM nor Nathan Best had actual knowledge that the Subject Images were infringing or allegedly infringing until they received the Complaint in this litigation.

29. When CBM received the Complaint in this litigation, CBM immediately removed and disabled access to the Subject Images.

30. Neither CBM nor Nathan Best were aware of facts or circumstances from which it was apparent that the Subject Images were infringing.

31. CBM and Nathan Best obtained minimal (if any) monetary benefit directly or indirectly from the use of the Subject Images.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of No Copyright Infringement)**

32. CBM and Nathan Best repeat and re-allege each of the allegations of this complaint as though fully set forth herein.

33. There is a substantial and continuing justiciable controversy between CBM, Nathan Best, and Trunk Archive as to Trunk Archive's right to threaten or maintain suit for infringement of the Subject Images by CBM, Nathan Best, or CBM's users, as to the validity, enforceability and scope of the alleged copyright in the Subject Images, and as to whether the Subject Images as used by CBM or its users infringes any valid and enforceable rights owned by Trunk Archive.

34. Upon information and belief, the Subject Images as posted by users on CBM's website do not infringe any valid and enforceable copyright owned by Trunk Archive.

35. In the alternative, if CBM's use of the Subject Images does infringe a copyright owned by Trunk Archive, CBM's use was not willful and remedies for such use should not exceed Market Value.

36. The Court should issue a declaratory judgment stating that Trunk Archive is without right or authority to threaten or to maintain suit against CBM or its users for alleged copyright infringement, that no valid and enforceable copyright is infringed by CBM or its customers based on its use of the Subject Images, or if infringement is found, it was not willful and any remedy should not exceed Market Value.

37. By reason of Defendants' wrongful allegations of infringement and other wrongdoing committed by Defendants as alleged herein, a declaratory judgment is necessary to resolve, clarify, and settle the respective rights and legal positions of the parties.

## PRAYER FOR RELIEF

CBM and Nathan Best respectfully request judgment as follows:

1. Entry of judgment that Trunk Archive is without right or authority to threaten or to maintain suit against CBM, Nathan Best, or CBM'S users for alleged copyright infringement and that no valid and enforceable copyright is infringed by CBM or its customers based on its use of the Subject Images, or if infringement is found, it was not willful and any remedy should not exceed Market Value per Accused Image found to be infringed;

2. Entry of a preliminary and permanent injunction enjoining Trunk Archive, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Trunk Archive from threatening CBM, Nathan Best, or any of their agents, servants, employees, or customers with infringement litigation or charging any of them either verbally or in writing with copyright infringement;

3. Entry of judgment for costs and reasonable attorney fees incurred by CBM and Nathan Best; and

4. Such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

CBM and Nathan Best demand trial by jury for causes of action, claims, or issues in this action, claims, or issues in this action that are triable as a matter of right to a jury.

[Signature to follow]

Dated this 23rd day of June 2022.

KIMBALL ANDERSON

*/s/ Robert E. Aycock*
Robert E. Aycock
William B. Chadwick

*Attorneys for Defendants and Counterclaim-Plaintiffs ComicBookMovie.com and Nathan Best*

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2022, I caused a true and correct copy of the foregoing **ANSWER & COUNTERCLAIM** to be filed via the Court's CM/ECF system, which directed service by email on all counsel of record.

*/s/ Stephanie Hamilton*