Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mhigbee@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:21-cv-00567-DBB<br><br>**MOTION TO DISMISS THE COUNTERCLAIM AND TO STRIKE CERTAIN AFFIRMATIVE DEFENSES** |

Plaintiff Great Bowery, Inc., d/b/a Trunk Archive ("Trunk Archive") moves pursuant to 12(b)(6) to dismiss the Counterclaim filed by Defendant Best Little Sites d/b/a www.comicbookmovie.com ("CBM") and Defendant Nathan Best's ("Best") and hereby moves to strike pursuant 12(f) affirmative defenses 2-4, 6-22, raised in CBM and Best's Answer.

Trunk Archive's 12(b)6) motion seeks to dismiss the Counterclaim on the basis that it is merely a "mirror image" of Trunk Archive's copyright infringement claim rather than an independent case or controversy, and merely restates issues already before the Court.

1

Trunk Archive's 12(f) motion seeks to strike affirmative defenses 2-4, 6-16, and 18-22, as insufficient, redundant, impertinent, and immaterial. *See* Fed. R. Civ. Proc. 12(f). If these inapplicable defenses are not eliminated at this early stage, the parties will be forced to expend significantly more time and resources litigating legally insufficient or redundant defenses. Striking these defenses at this early stage will significantly narrow the scope of the case and will allow for more efficient and targeted litigation as to issue that go the heart of the merits of this case.

## I.     INTRODUCTION

The instant litigation involves the serial infringement of 18 photographs for which Trunk Archive holds the exclusive licensing rights. *See generally* Complaint at Dkt. #2 ("Complaint"). Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world. *Id*. at ¶12. One of Trunk Archive's most prominent clients is American portrait photographer Annie Leibovitz. *Id.* at ¶14.

Between 2014 and 2019, Leibovitz took a series of photographs of the cast and crew of *Star Wars: The Last Jedi* and *Star Wars: The Rise of Skywalker*, 18 of which make up the subject matter of this lawsuit ("Star Wars Photographs"). *Id.* at ¶¶17-20. Trunk Archive alleges that the Star Wars Photographs were displayed in 15 separate editorial articles on the CBM website which were authored by co-Defendants Mark Cassidy and Joshua Wilding[1]. *Id.* at ¶¶57-76.

On June 23, 2022, Defendants CBM and Best filed an Answer asserting 22 separate affirmative defenses and a Counterclaim[2] for declaratory relief. Dkt. #49.

## II.    THE COUNTERCLAIM SHOULD BE DISMISSED AS DUPLICATIVE

Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), district courts possess discretion in determining whether and when to entertain a request for declaratory judgment, even

---

[1] Cassidy and Wiling previously moved this Court to dismiss for lack of personal jurisdiction. That motion was denied on July 1, 2022. Dkt. #50. Cassidy and Wilding have not yet filed an answer and are not parties to the instant Motion.

[2] The Answer and Counterclaim are both contained in the same document filed at Docket #49. However, both are separately labeled and contain consecutively number paragraphs beginning with paragraph 1. As such, the citations in this Motion will refer to both documents separately.

2

when the suit otherwise satisfies subject matter jurisdictional prerequisites. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (rejecting "exceptional circumstances" test for disposing of declaratory judgment actions). Among the reasons for which a court may properly decline to hear a claim for declaratory relief is "avoiding duplicative proceedings." *Id.* at 281; *see also* 27A Federal Procedure, Lawyer's Edition, § 62:206 (June 2021 update) ("A counterclaim for declaratory relief may become redundant and moot upon the disposition of the complaint, where it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim."); *In re Syngenta AG MIR 162 Corn Litig.,* 2021 U.S. Dist. LEXIS 229599, 2021 WL 5630835 at *436 (D. Kan. Dec. 1, 2021) ("if defendant's counterclaim is truly redundant and a mirror image of plaintiff's claims, it should be dismissed or treated as a defense because it would serve no useful purpose as an affirmative claim."); *Maverick Recording Co. v. Chowdhury*, 2008 U.S. Dist. LEXIS 63783, 2008 WL 3884350, at *2 (E.D.N.Y. Aug 19, 2008) ("The central issue in these cases is whether the defendants committed copyright infringement, and the defendants' counterclaim seeking a declaratory judgment that they did not is duplicative and entirely redundant.").

Here, CBM and Best's Counterclaim is merely a "mirror image" of Trunk Archive's copyright infringement claim. In its Complaint, Trunk Archive seeks to hold CBM, its owner Best, and two of CBM's writers, Cassidy and Wilding, liable for infringement of 18 copyrighted Photographs published in 15 separate articles on the CBM website. *See* Dkt. #2 ("Complaint") at ¶¶ 57-76. The Counterclaim refers to these photographs as the "Subject Images." *See* Counterclaim ¶¶21-31.

In its Counterclaim CBM and Best state that they seek a declaratory judgment that "CBM and its users are not liable to Trunk Archive for infringement of copyright law and, in the alternative, declaration of appropriate copyright remedies under the U.S. Copyright Act, 17 U.S.C. § 106, and an award of damages, attorneys' fees and costs." Counterclaim ¶ 1; *see also* ¶¶33-36. The Counterclaim further specifies that the alleged justiciable controversy at issue relates to

3

"Trunk Archive's right to threaten or maintain suit for infringement of the Subject Images by CBM, Nathan Best, or CBM's users" and "whether the Subject Images as used by CBM or its users infringes any valid and enforceable rights owned by Trunk Archive." Counterclaim ¶ 33.

In other words, the Counterclaim only seeks declaratory relief related to Trunk Archive's ability to maintain its copyright infringement suit against the Defendants related to the photographs at issue in Trunk Archive's original Complaint. Indeed, much of the Counterclaim is dedicated to allegations as to why CBM and Best should not be held liable for infringement or, if infringement is found, why damages should not exceed "Market Value[3]." However, rather than articulating an independent case or controversy, the Counterclaim merely operates as a denial of Trunk Archive's allegations that CBM and Best are infringers.

Furthermore, CBM and Best's Answer and accompanying Affirmative Defenses completely capture the relief sought by the Counterclaim. In its Answer, Best and CBM generally deny liability, the 22 Affirmative Defenses include defenses such as failure to state a claim and statutory safe harbor defenses[4], and the Answer's prayer for relief prays for a judgment of non-infringement plus costs and attorneys' fees. *See generally*, Answer.

---

[3] Despite appearing to be a defined term, "Market Value" as used in the Counterclaim is not given a specific definition. Regardless, Trunk Archive reserves the right to elect to receive statutory damages pursuant to 17 U.S.C. §504 (b). Courts have wide latitude to determine the scope of the statutory damages award, and there need not be a direct correlation between statutory and actual damages. *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 127 (2d Cir. 2014). An award may be in such amount "as the court considers just." 17 U.S.C. § 504(c)(1); *see Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F. Supp. 730 (S.D.N.Y. 1981), (holding that defendant's profits of $5,177 would "provide a basis for examining an appropriate amount of statutory damages," but in view of defendant's willfulness, awarded statutory damages of $40,000). Statutory damages under the Copyright Act are designed to "discourage wrongful conduct," as well as to provide "reparation for injury." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). Indeed, "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *Woolworth Co.*, 344 U.S. at 233; *see also Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1012 (9th Cir. 1994) (emphasizing punitive and deterrent goals). Multipliers of what the infringer would have paid for licensing fees are common. *See generally Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 198 (S.D.N.Y. 2016) ("[A] statutory damage award should significantly exceed the amount of unpaid license fees," so as to put "infringers on notice that it costs less to obey the copyright laws than to violate them;" and awarding statutory damages equating approximately five times plaintiff's actual damages).

[4] Although Trunk Archive challenges the sufficiency of many of CBM and Best's Affirmative Defenses, see *infra*, Section III, Trunk Archive does not challenge the affirmative defenses for failure to state a claim and statutory safe harbor.

4

Because the Counterclaim fails to allege a case or controversy independent of the copyright infringement claim asserted by Trunk Archive in the Complaint, the Counterclaim is unnecessary and duplicative, and the Court should exercise its discretion to dismiss it.

## III. TWENTY OF THE AFFIRMATIVE DEFENSES ARE LEGALLY INSUFFICIENT

Under Fed. R. Civ. P. 12(f) a court may strike an affirmative defense that is "insufficient . . . redundant, immaterial, impertinent, or scandalous." Rule 12(f) permits striking an insufficient defense from a pleading where it "cannot succeed, as a matter of law, under any circumstances." *Tiscareno v. Frasier*, 2012 U.S. Dist. LEXIS 55553, 2012 WL 1377886, at *6 (D. Utah April 19, 2012). Rule 12(f) is intended to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

Since the Supreme Court's decisions in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) several courts have addressed whether the new heightened pleading standard applies to affirmative defenses. *Hayne,* 263 F.R.D. at 649. The majority of courts addressing the issue have applied the heightened pleading standard announced in *Twombly*, and further clarified in *Iqbal*, to affirmative defenses. *Id.* at 647, 649-50 (citing cases).

In *United States v. Quadrini*, 2007 U.S. Dist. LEXIS 89722, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007), the Eastern District of Michigan court specifically addressed whether Twombly's standard for pleading sufficiency applied to pleading affirmative defenses. It reasoned that:

> This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a "reasonably founded hope" of success, cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge. Thus, a wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a "reasonably founded hope" of success.

*Ibid.*

Here, CBM and Best advance 22 separate Affirmative Defenses. However, all but two of the Affirmative Defenses, even if proven, fail as a matter of law. Because the vast majority of the

5

Affirmative Defenses raised are legally insufficient, the Court should strike them so as to streamline the litigation by ridding the case of unnecessary junk pleading.

### Affirmative Defense No. 2 – No Damages

The second affirmative defense alleges that "claims are barred because there is no damage which stems directly or indirectly from any conduct complained of in the Complaint."

"The existence of damages suffered is not an essential element of a claim for copyright infringement." *On Davis v. The Gap, Inc*., 246 F.3d 152, 158 (2d Cir. 2001), as amended (May 15, 2001) (citing *Feist Pubs., Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991)); *see also* 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01, at 13-6 *159 (1999) ("Notably absent from this formulation of the prima facie case is damage or any harm to [the] plaintiff resulting from the infringement.").

Even if the allegations of this defense were accurate, it would not be an affirmative defense at all since damages, regardless of who may or may not have caused them, is not an element of Trunk Archive's copyright infringement claim. Thus, this defense must be stricken.

### Affirmative Defense No. 3 – Public Policy

The third affirmative defense alleges that "Trunk Archive's claims are barred because they run contrary to public policy."

Here, CBM and Best plead no facts regarding what alleged "public policy" reason exists to completely bar Trunk Archive's claims. Rather, American copyright law has its origins directly in the text of the Constitution itself which specifically enumerates to Congress the broad power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. art. I, § 8, cl. 8; *see also* 1 Patry on Copyright § 1:18 (setting forth the history of the copyright clause and its origins at the Constitutional Convention in 1787). Since its adoption, Congress has repeatedly chosen to exercise its Constitutional authority through copyright related legislation, the most recent of which is the Copyright Act of 1976. *See* 17 U.S.C. §§ 101 et seq.

Furthermore, the Supreme Court has definitively stated that the statutory policy of copyright is designed to "discourage wrongful conduct," as well as to provide "reparation for injury." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). Indeed, "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *Woolworth Co.*, 344 U.S. at 233; *see also Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1012 (9th Cir. 1994) (emphasizing punitive and deterrent goals).

Because this affirmative defense does not meet the requisite pleading standards, this defense must be stricken.

### Affirmative Defense No. 4 – Failure to Mitigate Damages

The fourth affirmative defense alleges that "Trunk Archive's claims are barred by Trunk Archive's failure to mitigate damages (should any damages exist)."

As explained above, damages are not an essential element of a copyright claim. Even so, "[f]ailure to mitigate damages" does not go to the heart of liability for copyright infringement and is not a proper affirmative defense. *See Interscope Records, Motown Record Co., L.P. v. Time Warner, Inc.*, 2010 U.S. Dist. LEXIS 151460, at *44-48 (C.D. Cal. June 28, 2010) (striking affirmative defense of "failure to mitigate damages" as implausible and at odds with purposes of the Copyright Act.).

Even if the allegation of this defense were accurate, it would not be an affirmative defense. Thus, this defense must be stricken.

### Affirmative Defense No. 6 – Collateral Estoppel

The Sixth affirmative defense alleges that "Trunk Archive's claims are barred by the doctrine of collateral estoppel, res judicata, issue preclusion, claim preclusion, and claim splitting."

Here, CBM and Best plead no facts regarding how the doctrines of collateral estoppel, res judicata, issue preclusion, claim preclusion, and claim splitting apply to this case, or how these

doctrines work to individually or collectively bar this action. Indeed, this Court has already addressed the "claim splitting" issue on a motion to dismiss and specifically found it to be inapplicable here. Dkt. #48.

Because this affirmative defense does not meet the requisite pleading standards, this defense must be stricken.

### **Affirmative Defense No. 7 – Lack of Actual Knowledge**

The Seventh affirmative defense alleges that "Trunk Archive's claims are barred because neither CBM nor Nathan Best had actual knowledge of the alleged infringement of knowledge of facts or circumstances from which infringing activity is apparent."

Because infringement is a strict liability regime, a plaintiff need not demonstrate the defendant's intent to infringe or knowledge of the infringing acts in order to demonstrate copyright infringement. *UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F. Supp. 2d 1164, 1172 (E.D. Cal. 2006); *see also Educational Testing Service v. Simon*, 95 F.Supp.2d 1081, 1087 (C.D. Cal.1999) (copyright infringement "is a strict liability tort"); *Pye v. Mitchell*, 574 F.2d 476, 481 (9th Cir. 1978) ("Even where the defendant believes in good faith that he is not infringing a copyright, he may be found liable.") *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 308 (2d. Cir. 1963) ("The imposition of liability upon the Green Company, even in the absence of an intention to infringe or knowledge of infringement, is not unusual. … courts have consistently refused to honor the defense of absence of knowledge or intention."); *Brammer v. Violent Hues Prods., LLC*, 922 F.3d 255, 265 (4th Cir. 2019) ("As a basic matter, copyright infringement is a strict liability offense, in which a violation does not require a culpable state of mind."); *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012) ("[T]he innocent intent of the defendant constitutes no defense to liability.").

Even if the allegations of this defense were accurate, it would not be an affirmative defense at all since actual or constructive knowledge is not an element of Trunk Archive's copyright infringement claim. Thus, this defense must be stricken.

**Affirmative Defense No. 8 – Material Contribution**

The Eighth affirmative defense alleges that "Trunk Archive's claims are barred because neither CBM nor Nathan Best materially contributed to any alleged infringement."

By its nature, an affirmative defense "does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1031 (D. Colo. 2013) quoting *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011). Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken. *Ibid.*

The three primary theories of copyright infringement are theories of direct, contributory, and vicarious infringement. *See Alexander v. Take-Two Interactive Software, Inc.*, 2020 U.S. Dist. LEXIS 46713, at *10 (S.D. Ill. Mar. 18, 2020) (explaining the elements of each theory). Here, the Eighth affirmative defenses essentially denies that CBM and Best engaged in a necessary element of contributory infringement.

Because the Eighth Affirmative Defense is merely a denial, it is not a proper affirmative defense and must be stricken.

**Affirmative Defense No. 9 – Lack of Intent**

The Ninth affirmative defense alleges that "Trunk Archive's claims are barred because neither CBM nor Nathan Best knew or intended for their actions to lead to infringement of any of Trunk Archive's copyrights."

As stated in connection with the Seventh affirmative defense, because infringement is a strict liability regime, Trunk Archive need not demonstrate the CBM or Best's intent to infringe or knowledge of the infringing acts in order to demonstrate copyright infringement. Any knowledge or intent of CBM and Best is irrelevant and not an affirmative defense.

Even if the allegations of this defense were accurate, it would not be an affirmative defense at all since intent is not an element of Trunk Archive's copyright infringement claim. Thus, this defense must be stricken.

### Affirmative Defense No. 10 – Expeditious Removal

The Tenth affirmative defense alleges that "Trunk Archive's claims are barred because CBM acted expeditiously to remove and/or disable access to the photographs at issue upon obtaining knowledge or awareness of the alleged infringement."

While certainly appreciated, removing the infringing materials after the fact, does not constitute a defense to infringement. Rather, the Supreme Court has recognized that a claim for infringement accrues "[e]ach time an infringing work is reproduced or distributed." *Petrella v. MGM*, 572 U.S. 663, 671 (2014). If CBM and Best's argument were to be embraced, anyone could infringe with impunity and reap the benefits of their infringing conduct without penalty so long as the infringing content is removed once the infringer is caught. Such is not the law, nor is it in line with the strict liability nature of copyright.

Even if the allegations of this defense were accurate, it would not be an affirmative defense at all since post infringement removal is not relevant to Trunk Archive's copyright infringement claim. Thus, this defense must be stricken.

### Affirmative Defense No. 11 – No Valid DMCA Takedown Notice

The Eleventh affirmative defense alleges that "Trunk Archive's claims are barred because Trunk Archive did not submit a compliant DMCA take-down notice in connection to the photographs at issue."

For its Fifth affirmative defense[5] Best and CBM aver that they are protected by the Safe Harbor provision of the DMCA. In order to claim protection under the DMCA Safe Harbor provision, a service provide must meet certain statutory requirements, including implementing a notice and take down procedure. *See* 17 U.S.C. §512 (c). Because the notice and take down procedure referenced in the Eleventh affirmative defense are already captured by the Fifth affirmative defense, the Eleventh affirmative defense is redundant.

---

[5] Trunk Archive does not challenge the Fifth affirmative defense as insufficiently pled.

Because the Eleventh affirmative defense is redundant of the Fifth affirmative defense for DMCA Safe Harbor, this defense must be stricken.

### Affirmative Defense No. 12 – Photographs Not On CBM's Server

The Twelfth affirmative defense alleges that "Trunk Archive's claims are barred because the photographs at issue were not stored and/or did not reside on a system or network controlled or operated by CBM."

The Copyright Act reserves for the copyright holder the exclusive right to display the copyrighted work. 17 U.S.C. § 106. Nowhere does the Copyright Act suggest that possession of an image is necessary in order to display it or violate the display right. *Goldman v. Breitbart News Network, LLC,* 302 F. Supp. 3d 585, 593 (S.D.N.Y. 2018) (holding that photograph residing on a third-party server and embedded on defendant's website constituted unauthorized display). Indeed, the purpose and language of the Act support the opposite view. *Ibid.*[6] Simply put, to "show a copy" of a work is to display it. *Am. Broad. Companies, Inc. v. Aereo, Inc.*, 573 U.S. 431, 441-48 (2014), citing 17 U.S.C. § 101; *see also The Leader's Inst., LLC v. Jackson*, 2017 U.S. Dist. LEXIS 193555, 2017 WL 5629514 (N.D. Tex. Nov. 22, 2017) (by "framing the defendant's copyrighted works, the plaintiffs impermissibly displayed the works to the public.").

Whether the photographs at issue were served on a third-party server or on the CBM server is irrelevant to determining whether CBM and Best violated the display right. Thus, this defense must be stricken.

### Affirmative Defense No. 13 – No Proximate Cause

The Thirteenth affirmative defense alleges that "Trunk Archive's claims are barred because the alleged damages, if any, were proximately caused by act or omissions, negligence, or intentional acts by third parties over whom CBM had no control or right of control or, if CBM had

---

[6] The Goldman reading is consistent with the Supreme Court's admonition that, to determine whether a work is infringed under the Copyright Act, a court must "focus on the [work] as presented to, and perceptible by" the public. *N.Y. Times Co. v. Tasini*, 533 U.S. 483, 499 (2001). For purposes of the display right, then, it is the viewer's experience that matters, not the internal mechanics of how the content is stored or retrieved.

11

any right of control, were acting beyond the scope of any relationship with CBM, or such damages were caused by conditions or events over which CBM had no control or right of control."

As stated previously, damages are not an essential element of copyright infringement, and thus proximate causation of damages, or lack thereof, is irrelevant to Trunk Archive's copyright infringement case. Thus, this defense must be stricken.

### Affirmative Defense No. 14 – Bad Faith

The Fourteenth affirmative defense alleges that "Trunk Archive's claims are barred because of Trunk Archive's own bad faith or unlawful actions."

As an initial matter, CBM and Best have failed to specifically plead any facts related to Trunk Archive's alleged "bad faith" or "unlawful actions." Even if they had, that does not necessarily give rise to a valid affirmative defense. "Illegality" is typically not a valid defense to a copyright claim and should be raised only in rare circumstances when a party can show he or she has been directly injured by the opposing party's alleged illegal conduct. *Malibu Media, LLC v. Miller*, 2014 U.S. Dist. LEXIS 80803, at *9 (D. Colo. May 20, 2014) citing *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) ("The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct."); *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 990-91 (9th Cir. 2009) ("illegal use or operation of a work by the copyright owner [does not] preclude[] the award of actual or statutory damages for copyright infringement"); *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012) ("the prevailing view is that even illegality is not a bar to copyrightability").

Because this affirmative defense is insufficiently pled, it must be stricken.

### Affirmative Defense No. 15 – Unjust Enrichment

The Fifteenth affirmative defense alleges that "Trunk Archive's claims are barred under the doctrine of unjust enrichment."

Unjust enrichment is not a catch-all claim for anyone who believes that another has acted unjustly. *Shady Records, Inc. v. Source Enters.*, 351 F. Supp. 2d 74, 78 (S.D.N.Y. 2004) citing *Dolmetta v. Uintah Nat. Corp.*, 712 F.2d 15, 20 (2d Cir. 1983). Rather, it is a specific equitable cause of action that can be asserted when one party, in the absence of contract, receives a benefit at the expense of another without providing adequate compensation, and equity and good conscience require restitution. *Ibid.* What arises is a quasi-contractual obligation to make restitution for such benefits. *Ibid.*

Setting aside the fact that damages have yet to be proven, CBM and Best do not sufficiently allege a quasi-contractual relationship with Trunk Archive or that Trunk Archive has received a benefit at the expense of CBM and Best without providing adequate compensation to CBM and Best. Regardless, as stated previously, damages are not an essential element of copyright infringement and any alleged unjust enrichment is irrelevant to Trunk Archive's copyright infringement case.

Thus, this defense must be stricken.

**Affirmative Defense No. 16 – Lack of Bad Faith**

The Sixteenth affirmative defense alleges that "Trunk Archive's claims are barred because neither CBM nor Nathan Best's infringement, if there was infringement, was malicious, deliberate, consciously wrongful, or done in bad faith."

As stated in connection with the Seventh and Ninth affirmative defenses, because infringement is a strict liability regime, Trunk Archive need not demonstrate the CBM or Best's intent to infringe or knowledge of the infringing acts in order to demonstrate copyright infringement. Any knowledge or intent of CBM and Best is irrelevant and not an affirmative defense.

Even if the allegations of this defense were accurate, it would not be an affirmative defense at all since intent is not an element of Trunk Archive's copyright infringement claim. Thus, this defense must be stricken.

### Affirmative Defense No. 17 – Unclean Hands

The Seventeenth affirmative defense alleges that "Trunk Archive's claims are barred under the doctrine of unclean hands."

In copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). The elements of unclean hands include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants." *Malibu Media, LLC v. Miller*, 2014 U.S. Dist. LEXIS 80803, at *7 (D. Colo. May 20, 2014). Because the alleged inequitable conduct "must be connected ... to the matters before the court for resolution," a court should "not refuse relief to a party merely because it has engaged in misconduct which is unrelated to the claims before the court." In re New Valley Corp., 181 F.3d 517, 525 (3d Cir. 1999).

CBM and Best have failed to specifically plead any facts related to Trunk Archive's alleged "unclean hands" in this matter, nor have the pled any facts at all. Because this affirmative defense is insufficiently pled, it must be stricken.

### Affirmative Defense No. 18 – Good Faith

The Eighteenth affirmative defense alleges that "Trunk Archive's claims are barred because CBM and Nathan Best acted in good faith and were justified their actions."

As stated in connection with the Seventh, Ninth, and Sixteenth affirmative defenses, because infringement is a strict liability regime, Trunk Archive need not demonstrate the CBM or Best's intent to infringe or knowledge of the infringing acts in order to demonstrate copyright

infringement. Any knowledge or intent of CBM and Best is irrelevant and not an affirmative defense.

Even if the allegations of this defense were accurate, it would not be an affirmative defense at all since intent is not an element of Trunk Archive's copyright infringement claim. Thus, this defense must be stricken.

### Affirmative Defense No. 19 – Own Harm

The Nineteenth affirmative defense alleges that "Trunk Archive's claims are barred because Trunk Archive inflicted its own harm and through its acts or omissions was the sole cause or the proximate cause of the damages complained."

As stated previously with respect to the similarly phrased Thirteenth affirmative defense, damages are not an essential element of copyright infringement, and thus proximate causation of damages, or lack thereof, is irrelevant to Trunk Archive's copyright infringement case. Thus, this defense must be stricken.

### Affirmative Defense No. 20 – Ability to Supervise and Control

The Twentieth affirmative defense alleges that "Trunk Archive's claims are barred because neither CBM nor Nathan Best had the right and ability to supervise the allegedly infringing activity sufficient to confer vicarious liability for the allegedly infringing activity."

By its nature, an affirmative defense "does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1031 (D. Colo. 2013) quoting *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011). Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken. *Ibid.*

The three primary theories of copyright infringement are theories of direct, contributory, and vicarious infringement. *See Alexander v. Take-Two Interactive Software, Inc.*, 2020 U.S. Dist. LEXIS 46713, at *10 (S.D. Ill. Mar. 18, 2020) (explaining the elements of each theory). Here, the

Twentieth affirmative defenses essentially denies that CBM and Best engaged in a necessary element of vicarious infringement.

Because the Twentieth Affirmative Defense is merely a denial, it is not a proper affirmative defense and must be stricken.

### Affirmative Defense No. 21 – No Direct Financial Interest

The Twenty-first affirmative defense alleges that "Trunk Archive's claims are barred because neither CBM nor Nathan Best had a direct financial interest in the allegedly infringing activity sufficient to confer vicarious liability for the allegedly infringing activity."

By its nature, an affirmative defense "does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1031 (D. Colo. 2013) quoting *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011). Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken. *Ibid.*

The three primary theories of copyright infringement are theories of direct, contributory, and vicarious infringement. *See Alexander v. Take-Two Interactive Software, Inc.*, 2020 U.S. Dist. LEXIS 46713, at *10 (S.D. Ill. Mar. 18, 2020) (explaining the elements of each theory). Here, the Twenty-first affirmative defenses essentially denies that CBM and Best engaged in a necessary element of vicarious infringement.

Because the Twenty-first Affirmative Defense is merely a denial, it is not a proper affirmative defense and must be stricken.

### Affirmative Defense No. 22 – Laches and Waiver

The Twenty-second affirmative defense alleges that "Trunk Archive's claims are barred because of the equitable doctrines of laches and waiver."

The U.S. Supreme Court has done away with laches as an affirmative defense to copyright infringement since the copyright statute of limitations, 17 U.S.C. § 507(b) takes account of delay. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677.

To prove a waiver defense, a defendant is required to show, (1) that the copyright owner had knowledge of an existing right, and (2) an intentional relinquishment of that right by the copyright owner. *Boatman v. United States Racquetball Ass'n*, 33 F. Supp. 3d 1264, 1276 (D. Colo. 2014) citing *A&M Records v. Napster*, 239 F.3d 1004, 1026 (9th Cir. 2001).

Here, CBM and Best do not challenge that Trunk Archive has brought this claim within the relevant statute of limitations, which is the only available alternative to a laches defense. Nor do CBM and Best plead any facts supporting the elements of waiver. The very fact the Trunk Archive has brought these proceedings affirmatively demonstrates that it has *not* waived any of its rights.

Indeed, it would be nonsensical to claim that a copyright holder has waived a claim that was brought prior to the expiration of the statute of limitations. The Supreme Court has explicitly stated that there is "nothing untoward about a copyright holder waiting to see" whether an infringement case is worth pursuing, even if it is not brought until decades later. *See Petrella*, 134 at 1965-66; *see also UMG Recordings, Inc.*, 92 F. Supp. 2d at 353 ("[T]he admissible evidence of records shows only that plaintiffs have reasonably exercised their right to determine which infringers to pursue, and in which order to pursue them.").

Because this affirmative defense is insufficiently pled, it must be stricken.

### IV.    CONCLUSION

In conclusion, Plaintiff Great Bowery Inc. d/b/a Trunk Archive respectfully requests that the Court dismiss the Counterclaim for Declaratory Relief alleged against Trunk Archive and that it strike affirmative defenses 2-4, 6-22, raised in Defendant CBM and Best's Answer.

Dated: July 14, 2022                                                Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
(714) 617-8373
mhigbee@higbeeassociates.com

**/s/ Ryan E. Carreon**
Ryan E. Carreon, *pro hac vice*

**HIGBEE & ASSOCIATES**
(714) 617-8373
rcarreon@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*