Mathew K. Higbee, SBN 11133
Ryan E. Carreon, *Pro Hac Vice*
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>    Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive,<br><br>    Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:21-cv-00567-DBB-JCP<br><br>Magistrate Judge Jared C. Bennett |

**1.    PRELIMINARY MATTERS**:

a.    Describe the nature of the claims and affirmative defenses:

The instant litigation involves the alleged infringement of 18 photographs for which Trunk Archive holds the exclusive licensing rights. *See generally* Complaint at Dkt. #2 ("Complaint"). Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world. *Id*. at ¶12. One of Trunk Archive's most prominent American portrait photographer Annie Leibovitz. *Id.* at ¶14. Between 2014 and 2019, Leibovitz took a series of photographs of the cast and crew of *Star Wars: The Last Jedi* and *Star Wars: The Rise of Skywalker*, 18 of which make up the subject matter of this lawsuit ("Star Wars Photographs"). *Id.* at ¶¶17-20. Trunk Archive alleges that the Star Wars Photographs

were displayed in 15 separate editorial articles on the CBM website which were authored by co-Defendants Mark Cassidy and Joshua Wilding. *Id.* at ¶¶57-76.

CBM owns and operates www.comicbookmovie.com, a "fansite" where enthusiasts can post user-generated articles, reviews, news, and other content about movies, in particular those in the comic book genre. The alleged infringement claimed by Trunk Archive is nearly identical to a separate action brought by Trunk Archive as Case No. 2:19-cv-00319, presently set for trial in December 2022 (*Trunk Archive I*). The legal issues to be resolved in *Trunk Archive I* – whether inline linking constitutes copyright infringement and whether CMB qualifies for protection under the safe harbor provisions of the DCMA. On June 23, 2022, Defendants CBM and Best filed an answer asserting 22 separate affirmative defenses and a counterclaim for declaratory relief. Dkt. #49. Co-Defendants Cassidy and Wilding have not yet filed an answer of their own. CBM's defenses include the safe harbor protection of the DCMA as well as claim-splitting. CBM is seeking a declaratory judgment that CBM and its users are not liable to Trunk Archive for infringement under copyright law or, alternatively, a declaration of the appropriate remedies under the U.S. Copyright Act, 17 U.S.C. § 106.

b. This case is not referred to a magistrate judge

c. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 5, 2022 via electronic means.

The following attended:

Ryan E. Carreon, counsel for Plaintiff Great Bowery Inc. d/b/a Trunk Archive.

Robert Aycock, counsel for Defendants Nathan Best and Best Little Sites, LLC.

Caroline Mankey, counsel for Defendants Mark Cassidy and Joshua Wilding.

d. The parties will exchange by **08/02/22** the initial disclosures required by Rule 26(a)(1).

e. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service

and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**:  The parties jointly propose to the court the following discovery plan:  *Use separate paragraphs or subparagraphs as necessary **if the parties disagree.***

   a. Discovery is necessary on the following subjects:  *Briefly describe the subject areas in which discovery will be needed.*

   **Whether Defendants' actions constitute copyright infringement.**
   **Whether Defendants CBM and Best's actions are protected by the Safe Harbor provision of the DMCA.**
   **Whether the Defendants Cassidy and Wilding, who posted the images in question, are under the control of Defendants CBM and Best or posted the images at Defendants CBM and Best's direction.**
   **Whether CBM and/or Best is/are liable to Trunk Archive for copyright infringement.**
   **If CBM and/or Best is/are liable, what are the remedies under 17 U.S.C. § 106**
   **Should Trunk Archive be permanently enjoined from threatening CBM or Best with infringement litigation.**

   b. Discovery Phases
   *Specify whether discovery will (i) be conducted in phases, or (ii) be limited to or focused on particular issues.  If (ii), specify those issues and whether discovery will be accelerated with regard to any of them and the date(s) on which such early discovery will be completed.*

   **Discovery will not be conducted in phases or limited to or focused on particular issues.**

   c. Designate the discovery methods to be used and the limitations to be imposed.

   (1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

   Oral Exam Depositions

   Plaintiff(s) __**4**__

   Defendant(s) _**4**___

   Maximum number of hours per deposition __**7**__

   (2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

   Interrogatories __**25**__

    Admissions __**100**__ (Excluding those admissions relating to the authentication of documents)

    Requests for production of documents __**75**__

  (3) Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

 **Unlimited requests for authentication of documents.**

 d. Discovery of electronically stored information should be handled as follows: *Brief description of parties' agreement.*

**The Parties will prepare a proposed ESI Order, generally requiring:**

- **Documents to be produced in PDF or TIFF format, unless native format will be more convenient**
- **Neither party has an obligation to make its production text-searchable**
- **Each document shall have a bates number**
- **Email production requests shall identify the custodian, search terms, and time frame.**
- **Each requesting party shall limit its email production request to a total of 5 search terms per custodian.**

 e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *Brief description of provisions of proposed order.*

**The Parties will adhere to the Standard Protective Order for the United States District Court for the District of Utah.**

 f. Last day to file written discovery **01/20/23**

 g. Close of fact discovery **03/03/23**

 h. *(optional)* Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e) **04/02/23**

**3.** **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

 a. The cutoff dates for filing a motion to amend pleadings are: *specify date*

  Plaintiff: **09/22/22** Defendants: **09/22/22**

 b. The cutoff dates for filing a motion to join additional parties are: *specify date*

  Plaintiff: **09/22/22** Defendants: **09/22/22**

  *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a)).*

**4.** **EXPERT REPORTS**:

    a.    The parties will disclose the subject matter and identity of their experts on (*specify dates*):

    Party(ies) bearing burden of proof:  **03/31/23**

    Counter Disclosures:  **04/28/23**

    b.    Reports from experts under Rule 26(a)(2) will be submitted on (*specify dates*):

    Party(ies) bearing burden of proof:  **03/31/23**

    Counter Reports:  **04/28/23**

**5.  OTHER DEADLINES**:

    a.    Expert Discovery cutoff:  **05/26/23**

    b.    Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case.  **06/16/23**

    c.    Deadline for filing partial or complete motions to exclude expert testimony  **06/16/23**

**6.  ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a.    The potential for resolution before trial is:  _**X**_ good   ___ fair   ____ poor

    b.    The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:   settlement conference (with magistrate judge): _____   arbitration: _____   mediation: _____

    c.    The parties intend to engage in private alternative dispute resolution for:  arbitration: _____   mediation:  __**X**__

d.    The parties will re-evaluate the case for settlement/ADR resolution on (*specify date*):  **11/18/22**

**7.  TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have __**14**__ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

    b.    This case should be ready for trial by: *specify date* ___/___/___

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

    *Specify type of trial*: Jury __X__ Bench_____

c. The estimated length of the trial is: *specify days* **4 days**

_____/s/ Ryan E. Carreon_____    Date: July 14, 2022
Signature and typed name of
Plaintiff Trunk Archive's Attorney

_____/s/ Robert Aycock_____    Date: July 14, 2022
Signature and typed name of
Defendant Best and CBM's Attorney

_____/s/ Caroline Mankey_____    Date: July 14, 2022
Signature and typed name of
Defendant Cassidy and Wilding's Attorney

---

## NOTICE TO COUNSEL

Instructions to file the Attorney Planning Meeting Report can be found on the court's Civil Scheduling webpage.