Robert E. Aycock (#8878)
William B. Chadwick (#16416)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102
Phone: (801) 359-3333
robert@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendants
ComicBookMovie.com and Nathan Best*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE<br><br>Plaintiff,<br><br>vs.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10.<br><br>Defendants. | **BEST LITTLE SITES AND NATHAN BEST'S OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**<br><br>Case No. 2:21-cv-00567-DBP<br><br>District Judge: David Barlow<br><br>Magistrate Judge: Jared C. Bennett |

Defendant Best Little Sites, d/b/a www.comicbookmovie.com ("CBM") and Defendant Nathan Best ("Best") (collectively, the "CBM Defendants") oppose the motion to dismiss and motion to strike (Motion, Dkt. 52) filed by Plaintiff Great Bowery, d/b/a Trunk Archive ("Plaintiff" or "Trunk Archive").

Trunk Archive's motion to strike material from CBM Defendants' pleadings is universally disfavored among state and federal courts across the country. Additionally, Trunk Archive does not

attempt to identify any undue prejudice arising from CBM Defendants' counterclaim or affirmative defenses. This effectively ignores the lone exception to the mountain of authority cautioning against granting this type of motion. Instead, Trunk Archive focuses on pleading hyper-technicalities to conclude that the standard noninfringement declaratory judgment counterclaim and defenses contain redundant material. Trunk Archive also asks the Court to engage in impermissible factual and legal evaluation through a motion to strike. Finally, Trunk Archive overlooks allegations and requests in its Complaint to argue that CBM Defendants' corresponding defenses are immaterial.

CBM Defendants have given clear notice of their defenses, even if these theories might also overlap with their denials. Trunk Archive's position would foster barebones answers and open the door to surprise defenses. This contradicts the purpose of the Rules of Civil Procedure. Ultimately, Trunk Archive's arguments fall far short of the standard required to strike CBM Defendants' counterclaim and defenses, and the Motion should be denied in its entirety.

## I.      CBM Defendants' Declaratory Judgment Counterclaim should not be dismissed.

CBM Defendants' declaratory judgment claim is not duplicative of their denials and defenses. CBM Defendants' claim requests a specific determination as to whether the copyrights are valid and enforceable, not just whether CBM Defendants have infringed those alleged copyrights. That request is not a "mirror image" of the relief sought in Trunk Archive's claim.

Independent of Trunk Archive's claim, CBM Defendants have the right to seek a judicial determination that Trunk Archive is without right or authority to threaten or maintain a suit against CBM Defendants or their users for alleged copyright infringement, that CBM Defendants or their users did not infringe a valid or enforceable copyright by their alleged use of the Subject Images, and that if there was infringement, it was not willful. *See* Counterclaim (Dkt. 49) at ¶ 36. Moreover, if CBM

Defendants' counterclaim is dismissed and Trunk Archive subsequently amends its claim, CBM Defendants could be estopped from seeking an independent judicial determination on specific issues. CBM Defendants' independent claim also allows them to seek a jury trial on the issues regardless of whether Trunk Archive ultimately pursues a jury trial on its claim.

If, as Trunk Archive argues, the claim is duplicative of CBM Defendants' defenses, that still is no reason to dismiss or strike the counterclaim. "It is fundamental that a motion to strike will be denied if no prejudice can result from the challenged allegations, even though the matter literally is within the categories set forth in Rule 12(f)." *Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984) (citation and quotation marks omitted). Courts should "exercise[] caution" in analyzing motions to strike and only grant them if there is "no doubt" that the counterclaim will be rendered moot by adjudication of the plaintiff's claim. *Am. Gen. Life Ins. v. Bagley*, No. 13-cv-00089, 2013 WL 5916824, at *5 (D. Utah Nov. 4, 2013). If there is doubt, "and particularly if there is no discernible prejudice to the Plaintiff, the motion to strike should be denied." *Id.*

Trunk Archive has not argued that CBM Defendants' noninfringement counterclaim will cause undue prejudice. Indeed, this counterclaim is standard and appropriate in intellectual property infringement cases. *See Altvater v. Freeman*, 319 U.S. 359, 363 (1943) ("the issue of validity may be raised by a counterclaim in an infringement suit."); *MRSI Intern., Inc. v. Bluespan, Inc.*, No. 05-cv-00896, 2006 WL 2711791, at *2 (D. Utah Sept. 21, 2006) ("The court concludes that Bluespan's declaratory judgment counterclaims are a proper and appropriate method of assuring that the issues of patent infringement and validity are adjudicated in the most efficient manner possible."). This is because "an alleged infringer is interested not only in being absolved of liability for any claimed infringement but also in having the court reach a determination regarding the validity of the

[intellectual property] in suit." *MRSI*, 2006 WL 2711791, at *2 (quoting *Brunswick Corp. v. Outboard Marine Corp.*, 297 F. Supp. 373, 374 (E.D. Wisc. 1969). Because the court may dispose of an infringement suit without going into the validity and enforceability of the copyrights at issue, "allowing a counterclaim for declaratory relief assures that a [copyright]'s validity will be determined regardless of the outcome of the infringement suit." *Id.*

Because Trunk Archive has not articulated any prejudice from the alleged redundancy, the benefits of allowing CBM Defendants to maintain their cause of action outweigh the downside of any purported redundancy.

## II.  The affirmative defenses should not be stricken.[1]

### A.  Motions to strike are disfavored and infrequently granted.

In the Tenth Circuit, "[a] court should proceed with extreme caution in striking a pleading." *Colorado Milling & Elevator Co. v. Howbert*, 57 f.2d 769, 771 (10th Cir. 1932). "Motions to strike are not favored" and "[a]ny doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading." *MRSI Intern., Inc. v. Bluespan, Inc.*, No. 05-cv-00896, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006) (quoting *Gilbreath v. Phillips Petroleum Co.*, 526 F. Supp. 657, 658 (W.D. Okla. 1980)."[B]ecause of the risk that a motion to strike may be used for some purpose other than what 12(f) intends . . . courts disfavor and infrequently grant motions to strike." *Lifetree Trading,*

---

[1] Trunk Archive frames its motion as a Rule 12(f) motion to strike legally insufficient defenses. However, Trunk Archive blends its analysis into a Rule 12(b)(6) argument by focusing its analysis on the Rule 8 pleading standards clarified in *Twombly* and *Iqbal*. At times, Trunk Archive argues that the affirmative defenses are "insufficiently pled," apparent Rule 8 and 12(b)(6) arguments. See Motion (Dkt. 52) at 12, 14, 17. At other points, Trunk Archive argues that the defenses are "legally insufficient," apparent Rule 12(f) arguments. *See id.* at 5, 6. In relation to the affirmative defenses, Trunk Archive has stylized its Motion as a Motion to Strike, and Defendants are responding accordingly. If the Court wishes to convert Trunk Archive's Motion into a Motion for Summary Judgment on the affirmative defenses, CBM Defendants request leave to file responsive briefing.

*Pte., Ltd. v. Kingston*, No. 18-cv-215, 2018 WL 2926172, at *1 (D. Utah June 11, 2018); *Tiscareno v. Frasier*, No. 07-cv-336, 2012 WL 1377886, at *13 (D. Utah Apr. 19, 2012) ("[M]otions to strike are disfavored and striking a defense is a drastic remedy.").

To overcome the steep presumption against granting a motion to strike a defense, "the moving party must show that the material proposed to be stricken is 'so unrelated to the plaintiff's claims as to be unworthy of any consideration' and is prejudicial to the moving party." *Lifetree Trading*, 2018 WL 2926172, at *1. "[I]f there is no discernible prejudice to the Plaintiff, the motion to strike should be denied." *Am. Gen. Life Ins.*, 2013 WL 5916824, at *5.

This is a "high standard." *U.S. ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 5 (D.D.C. 2015). Even when parties agree on underlying points, a motion to strike defenses is still not appropriate without a showing of prejudice. *See StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-cv-76-DAK, 2016 WL 3435189, at *7 (D. Utah, June 17, 2016). Moreover, even when defenses are redundant, they will not be stricken absent a showing of undue prejudice from leaving the redundant material. *See, e.g., Sender v. Mann*, 423 F. Supp. 2d 1155, 1163-64 (D. Colo. 2006); *see Chasan v. Mut Factors*, 3 F.R.D. 477, 478 (S.D.N.Y. 1943) (When a defense is "merely redundant" and the defendant believes that it would be prejudiced by the elimination of the defense, "obviously it should be retained."). Courts have found that even when "[i]t seems overwhelmingly probably these defenses will indeed fail," they should be permitted to stand when the motion to strike does not dispel every possibility that the defense may be successful. *Kingsrow Enters. Inc. v. Metromedia, Inc.*, 397 F. Supp. 879, 881 (S.D.N.Y. 1975).

Trunk Archive has not alleged any undue prejudice resulting from leaving the defenses or shown that they are so unrelated to plaintiff's claims as to be worthy of any consideration. Even if the defenses are redundant, they should not be stricken.

B.    <u>CBM Defendants' affirmative defenses should be viewed under a lenient pleading standard.</u>

"The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike . . . ." *R.M. v. Scottsdale Ins. Co.*, No. 20-cv-00064, 2020 WL 2801514, at *2 (D. Utah May 29, 2020) (citation omitted). Even if "all the allegations of the defense can be proved under the general denials in the answer, it would not follow that the defense must be stricken out." *Chasan*, 3 F.R.D. at 478. While Rule 12(f) confers on the court power to strike immaterial, impertinent, or redundant material, "by use of the word 'may,' [Rule 12(f)] leaves it to the discretion of the court . . . to determine whether to exercise the power." *Id.* Determining whether to strike material, even redundant material, "is a matter about which a judge is compelled to use judgment." *Id.*

In evaluating the sufficiency of CBM Defendants' affirmative defenses, "we must keep in perspective that 'the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (citation omitted). Therefore, "[w]e must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." *Id.* "Rule 8(c)'s ultimate purpose is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Id.* "Rule 12(f) does not permit the striking from a pleading of 'any insufficient defense' but whether this shall be done depends on the circumstances in each case, after considering all the pleadings together." *Am. Indem. Co. v. Webster Par. Sch. Bd.*, 98 F. Supp. 360, 364 (W.D. La. 1951). CBM Defendants' affirmative

defenses meet the required standard, especially when considered with the context of the complaint, answer, and counterclaim.

C.     The policy behind the Federal Rules of Civil Procedure favors keeping CBM
       Defendants' defenses as pled.

CBM Defendants' pleading comports with the spirit of the Federal Rules of Civil Procedure by giving ample notice to Trunk Archive of its defenses. CBM Defendants are required to plead affirmative defenses "to give the opposing party notice of the [defense] and a chance to argue, if he can, why the imposition of [the defense] would be inappropriate." *Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971). "The concern is that '[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.'" *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (citation omitted). "In most cases, recitation of the specific affirmative defenses that may be applicable is sufficient to serve this purpose because the nature of the defense may be inferred from the factual allegations already made in the complaint and answer." *Sharp v. CGG Land (U.S.) Inc.*, 141 F. Supp. 3d 1169, 1176 (N.D. Okla. 2015). CBM Defendants' defenses make its theories clear, even if these theories might also be ascertained from its denials. Trunk Archive's approach would have CBM Defendants only plead the barest defenses and then spring theories and positions later. This runs counter to the heart of the Rules.

The policy underlying the Rules also encourages over-pleading affirmative defenses. Because an affirmative defense might be deemed waived if not timely plead, "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N. D. Ill. 1982). "Since it is often unclear whether a defendant should properly plead an argument as a denial

or a defense, and because a defense not plead is waived, a 'cautious pleader' will often err on the side of labeling an argument as a defense. There is no reason to penalize such a mistaken pleading by granting a motion to strike." *Sender*, 423 F. Supp. 2d at 1164.

D.  <u>CBM Defendants' affirmative defenses are legally sufficient.</u>

CBM Defendants have properly pled their affirmative defenses and the defenses are legally sufficient. As such, they should not be stricken.

***Affirmative Defense No. 2 – No Damages***

CBM Defendants' affirmative defense is that "there is no damage which stems directly or indirectly from any conduct complained of in the Complaint." Answer (Dkt. 49) at 11. While damages may not be an essential element of a claim for copyright infringement, this defense relates directly to Trunk Archive's requested relief. In its Complaint, Trunk Archive asks explicitly for "actual damages" and value "to reimburse Trunk Archive for all damages suffered by it by reasons of CBM Defendants' acts" in its prayer for relief. Complaint at 11, Prayer for Relief ¶ 3. Trunk Archive also specifically cites 17 U.S.C. § 504(a)(1), which allows recovery of "the copyright owner's actual damages and any additional profits of the infringer . . . .". Trunk Archive has placed "actual damages" at issue, and CBM Defendants' corresponding defense should not be stricken. *See Dutcher v. Bold Films LP*, No. 2:15-cv-110-DB, 2018 WL 3849919, at *1 (D. Utah Aug. 13, 2018) (denying motion to dispose of defense that plaintiff had not suffered any actual damages in a copyright case because there were issues for a jury to resolve).

***Affirmative Defense No. 3 – Public Policy***

CBM Defendants' Third Affirmative Defense requires an analysis of legal and factual questions. This is inappropriate in a motion to strike. "[T]o the extent assertions that are labeled

'defenses' put into issue relevant and substantial legal and factual questions, they are 'sufficient' and may survive a motion to strike even if they might not totally bar the plaintiff's claim." *Donovan v. Robbins*, 99 F.R.D. 593, 596 (N.D. Ill. 1983); *see also New England Health Care Emps. Welfare Fund v. iCare Mgmt., LLC*, 792 F.Supp.2d 269, 288 (D. Conn. 2011) (finding that because "[t]he factual and legal merits of are uncertain and a motion to strike is not the appropriate mechanism to determine those merits."); *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008) ("[A] motion to strike cannot be used to test the underlying merits of the defense because the defense appears to be valid on the basis of the pleadings and its insufficiency can only be demonstrated by material that is outside the pleadings."); *F.D.I.C. v. White,* 828 F. Supp. 304, 311 (D.N.J. 1993) (denying motion to strike where analysis of defense "would necessitate a review of factual matters outside of the pleadings and thus is not appropriately resolved on a motion to strike."); *Green Mtn. Power Corp. v. Gen. Elec. Corp.*, 496 F. Supp. 169, 171 (D. Vt. 1980) (citing *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 630 (7th Cir. 1975) ("Where the defense presents a purely legal question, a motion to strike is generally regarded as an inappropriate vehicle to resolve substantial questions of law until after discovery and a hearing on the merits."); *Folsom v. Dell Pub. Co. Inc.*, 131 F. Supp. 464, 465 (S.D.N.Y. 1955) (denying motion to strike where there are "factual issues for submission to the jury under appropriate instructions.").

Ultimately, this defense is not "so unrelated to the plaintiff's claims as to be unworthy of any consideration." *Lifetree Trading*, 2018 WL 2926172, at *1.

### *Affirmative Defense No. 4 – Failure to Mitigate Damages*

As explained in connection with Affirmative Defense No. 2, CBM Defendants' defense regarding Trunk Archive's failure to mitigate damages (should damages exist) relates directly to Trunk

Archive's requested relief. In its Complaint, Trunk Archive specifically asked for relief in the form of "actual damages" and reimbursement of "all damages" suffered by Trunk Archive. *See* Complaint at 11, Prayer for Relief ¶ 3 (citing 17 U.S.C. § 504(a)(1)). CBM Defendants' affirmative defense addresses this request and should not be stricken. "The doctrine of avoidable consequences, also referred to as mitigation of damages, generally operates to prevent one against whom a wrong has been committed from recovering any item of damage arising from the wrongful conduct which could have been avoided or minimized by reasonable means." *Angelos v. First Interstate Bank of Utah*, 671 P.2d 772, 777 (Utah 1983). Because Trunk Archive has plead reimbursement of "all damages" it claims to have suffered, the defense that Trunk Archive failed to take reasonable means to avoid or minimize those damages is material.

This defense also requires an analysis of legal and factual questions and is inappropriate in a motion to strike. As outlined in connection with Affirmative Defense No. 3, "[T]o the extent assertions that are labeled 'defenses' put into issue relevant and substantial legal and factual questions, they are 'sufficient' and may survive a motion to strike even if they might not totally bar the plaintiff's claim." *Donovan v. Robbins*, 99 F.R.D. 593, 596 (N.D. Ill. 1983).

### *Affirmative Defense No. 6 – Collateral Estoppel*

Because of the inherent need to analyze facts and evidence outside of the pleadings to evaluate the defenses of collateral estoppel, res judicata, issue preclusion, claim preclusion, and claim splitting, it is inappropriate to resolve them by a motion to strike. *See, e.g., F.D.I.C. v. White*, 828 F. Supp. 304, 311 (D.N.J. 1993) ("Although none of these requirements for a defense of collateral estoppel may be present in this case, as plaintiff asserts, such a conclusion would necessitate a review of factual matters outside of the pleadings and thus is not appropriately

resolved on a motion to strike."); *Oliner v. McBride's Indus. Inc.*, 106 F.R.D. 14, 19 (S.D.N.Y. 1985) ("It is clear that the plaintiff's motion to strike the res judicata and collateral estoppel defenses must be denied since these defenses present a substantial question of law."); *Reid v. Doubleday & Co.*, 109 F. Supp. 354, 357 (N.D. Ohio 1952) (Res judicata defense was not stricken because it "depends upon evidence as to the issues involved and the determination made in the prior action, and perhaps other matters of evidence, and that question cannot be determined upon this motion.").

Moreover, some of these defenses require a final judgment in the prior proceeding, which has not occurred yet. As such, the sufficiency of these defenses cannot yet be determined. Because these are defenses that are waived if not pled, they should not be stricken. *See Sender*, 423 F. Supp. 2d at 1163-64.

### *Affirmative Defense No. 7 – Lack of Actual Knowledge*

CBM Defendants' Seventh Affirmative Defense alleges that "neither CBM nor Nathan Best had actual knowledge of the alleged infringement or knowledge of facts or circumstances from which infringing activity is apparent." Counterclaim (Dkt. 49) at 11. Trunk Archive argues that because copyright infringement is a strict liability cause of action, CBM Defendants' knowledge "is irrelevant and not an affirmative defense." Motion at 9.

However, this defense also goes directly to Trunk Archive's allegation of willful infringement, which requires "that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." *Nunes v. Rushton*, No. 2:14-cv-627, 2018 WL 2214593, at *1 (D. Utah May 14, 2018) (collecting circuit cases and a treatise).

 This defense also applies to CBM's position that it is protected from liability under the DMCA safe harbor because it "does not have actual knowledge that the material or an activity using the material on the system or network is infringing" and "in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent." 17 U.S.C. § 512(c)(1)(A)(i),(ii).

### *__Affirmative Defense No. 8 – Material Contribution__*

Trunk Archive argues that "the Eighth affirmative defense[] essentially denies that CBM and Best engaged in a necessary element of contributory infringement. Because the Eighth Affirmative Defense is merely a denial, it is not a proper affirmative defense and must be stricken." Motion at 9. This argument runs counter to the spirit of the Federal Rules of Civil Procedure. "Since it is often unclear whether a defendant should properly plead an argument as a denial or a defense, and because a defense not plead is waived, a 'cautious pleader' will often err on the side of labeling an argument as a defense. There is no reason to penalize such a mistaken pleading by granting a motion to strike." *Sender*, 423 F. Supp. 2d at 1163-64 (citations omitted).

For decades, courts across the country have expressly found that denials pled as affirmative defenses should not be stricken. *See, e.g., Home Design Servs., Inc., v. Schroeder Const.*, No. 09-cv-01437, 2012 WL 527202, at *2 (D. Colo. 2012) ("While the court agrees that a number of CBM Defendants' 'affirmative defenses' are more accurately characterized as denials, the Court does not find it necessary to grant summary judgment on this basis."); *Coach, Inc. v. Kmart Corporations*, 756 F.Supp.2d 421, 431 (S.D.N.Y. 2010) (denying motion to strike defenses in a copyright case where defenses were "nothing more than mere denials" of liability but did not prejudice plaintiff); *FTC v. Rawlins & Rivera, Inc.*, No. 6:07-cv-146, 2007 WL 1730091, at *2 (M.D. Fla. June 14,

2007) (declining to strike affirmative defenses that arguably duplicate denials made in the answer because there was no prejudice to the FTC); *Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *9–*10 (N.D. Cal. Sept. 20, 2006) (denying motion to strike denials improperly pled as defenses because there was no prejudice to the moving party and stating that the defenses should be treated as actual denials); *Best Foods v. General Mills,* 59 F. Supp. 201, 203 (D. Del.1945) ("I shall not order the defense stricken as I think it is within the spirit of the new Rules to permit a defendant to set forth specifically matters which could be proved under a general denial.").

This defense also goes directly to Trunk Archive's allegation of willful infringement, which requires "that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." *Nunes*, 2018 WL 2214593, at *1.

Most important, "redundant allegations need not be stricken if their presence in the pleading cannot prejudice the adverse party." *Sender*, 423 F. Supp. 2d at 1164 (citation omitted). Even if this affirmative defense could be characterized as a denial, there is no reason to strike it.

### *Affirmative Defense No. 9 – Lack of Intent*

CBM Defendants' Ninth Affirmative Defense alleges that "neither CBM nor Nathan Best knew or intended for their actions to lead to infringement of any of Trunk Archive's copyrights." Counterclaim (Dkt. 49) at 12. Trunk Archive argues that because copyright infringement is a strict liability cause of action, CBM Defendants' intent "is irrelevant and not an affirmative defense." Motion at 9.

As with several other defenses, this defense also goes directly to Trunk Archive's allegation of willful infringement, which requires "that the defendant either knew that his or her conduct constituted

copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." *Nunes*, 2018 WL 2214593, at *1.

This defense also applies to CBM's position that it is protected from liability under the DMCA safe harbor because it "does not have actual knowledge that the material or an activity using the material on the system or network is infringing" and "in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent." 17 U.S.C. § 512(c)(1)(A)(i),(ii).

### *Affirmative Defense No. 10 – Expeditious Removal*

CBM Defendants' Tenth Affirmative Defense alleges that "CBM acted expeditiously to remove and/or disable access to the photographs at issue upon obtaining knowledge or awareness of the alleged infringement." Counterclaim at 12. Trunk Archive argues that "removing the infringing materials after the fact does not constitute a defense to infringement." Motion at 10. However, the DMCA safe-harbor specifically states that "[a] service provider shall not be liable for monetary relief . . . for injunctive or other equitable relief, for infringement of copyright," if certain conditions are met. 17 U.S.C. 512(b)(1)-(2). One of these conditions is that "the service provider responds expeditiously to remove, or disable access to, the material that is claimed to be infringing upon notification of claimed infringement . . . ." As a result, CBM Defendants' claim that CBM acted expeditiously to remove and/or disable access to the images at issue goes, at least in part, to establishing that CBM qualifies for protection from copyright infringement liability under the DMCA safe-harbor.

This defense is directly relevant to Trunk Archive's claim of injunctive relief because there is no further injunctive remedy available if the alleged photos have already been removed. This defense also applies to Trunk Archive's allegation of willful infringement, which requires "that the defendant

14

either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." *Nunes*, 2018 WL 2214593, at *1.

As outlined in connection with Affirmative Defense No. 3, this defense requires an analysis of legal and factual questions. This is not appropriate in a motion to strike. *See, e.g., Donovan*, 99 F.R.D. 593, 596 (N.D. Ill. 1983).

### *Affirmative Defense No. 11 – No Valid DMCA Takedown Notice*

Trunk Archive's only challenge to CBM Defendants' Eleventh Affirmative Defense is that it is "already captured by the Fifth affirmative defense" and is therefore redundant. Motion at 10-11. CBM Defendants acknowledge that their Fifth Affirmative Defense (which Trunk Archive did not challenge in its Motion) alleges protection under the DMCA Safe Harbor "because CBM is a service provider and the accused content was posted, stored, transmitted, or otherwise made available at the direction of a user." Counterclaim at 11; *see also* 17 U.S.C. § 512(a)(1), (c)(1).While the Eleventh Affirmative Defense also stems from the DMCA safe-harbor, it is specifically related to Trunk Archive's failure to submit a compliant DMCA takedown notice. Because the Eleventh Affirmative Defense is an independent ground to defeat Trunk Archive's claim of copyright infringement, it should not be stricken. Even if there is some overlap, the defense should still not be stricken because Trunk Archive has not claimed any undue prejudice resulting from leaving this defense. *See Lifetree Trading*, 2018 WL 2926172, at *1.

### *Affirmative Defense No. 12 – Photographs Not on CBM's Server*

Trunk Archive argues that possessing an image is unnecessary to violate the display right. Motion at 11. However, Trunk Archive has not limited its Complaint to allegations of infringement of

only the display right. This defense addresses other potential allegations stemming from the "bundle of exclusive rights in the copyrighted work" held by the author. *Stewart v. Abend*, 495, U.S. 207, 220 (1990).

As outlined in connection with Affirmative Defense No. 3, this defense requires an analysis of legal and factual questions. This is not appropriate in a motion to strike. *See, e.g., Donovan*, 99 F.R.D. at 596.

### *Affirmative Defense No. 13 – No Proximate Cause*

CBM Defendants' Thirteenth Affirmative Defense alleges that the alleged damages, if any, were proximately caused by third parties over whom CBM had no control. As argued in connection with Affirmative Defense No. 2, while damages may not be an essential element of a claim for copyright infringement, this defense relates directly to Trunk Archive's requested relief. In its Complaint, Trunk Archive asks explicitly for "actual damages" and value "to reimburse Trunk Archive for all damages suffered by it by reasons of CBM Defendants' acts" in its prayer for relief. Complaint at 11, Prayer for Relief ¶ 3. Trunk Archive also specifically cites 17 U.S.C. § 504(a)(1), which allows recovery of "the copyright owner's actual damages. . . .". Trunk Archive has placed "actual damages" at issue, and CBM Defendants' corresponding defense should not be stricken.

### *Affirmative Defense No. 14 – Bad Faith*

It is not required for CBM Defendants to plead all facts related to their bad faith affirmative defense in their answer. CBM Defendants have put Trunk Archive on notice that it intends to pursue this defense. Discovery has not begun yet, and it is not required or expected that CBM Defendants have complete documentation of Trunk Archive's misconduct. *See Tomason v. Stanley*, 297 F.R.D. 541, 548 (S.D. Ga. 2014) (finding "Defendants have sufficiently put Plaintiffs on notice that they

intend to plead this defense [of unclean hands]" even without pleading specific wrongdoings because "[b]efore discovery, Defendants might well not have a complete listing of every Plaintiffs' inequitable conduct.").

As outlined in connection with Affirmative Defense No. 3, this defense requires an analysis of legal and factual questions. This is not appropriate in a motion to strike. *See, e.g., Donovan*, 99 F.R.D. at 596.

### *Affirmative Defense No. 15 – Unjust Enrichment*

The contours of CBM Defendants' unjust enrichment defense, such as the benefit received by Trunk Archive and the relationship between the parties, require an analysis of factual issues. As outlined in connection with Affirmative Defense No. 3, an analysis of legal and factual questions is inappropriate in a motion to strike. *See, e.g., Donovan*, 99 F.R.D. at 596.

### *Affirmative Defense No. 16 – Lack of Bad Faith*

CBM Defendants' Sixteenth Affirmative Defense alleges that "neither CBM nor Nathan Best's infringement, if there was infringement, was malicious, deliberate, consciously wrongful, or done in bad faith." Counterclaim at 13. Trunk Archive argues that because copyright infringement is a strict liability cause of action, CBM Defendants' intent "is irrelevant and not an affirmative defense." Motion at 9.

This defense goes directly to Trunk Archive's allegation of willful infringement, which requires "that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." *Nunes*, 2018 WL 2214593, at *1. Moreover, as outlined in connection with Affirmative Defense No.

17

3, an analysis of legal and factual questions is inappropriate in a motion to strike. *See, e.g., Donovan*, 99 F.R.D. at 596.

### *Affirmative Defense No. 17 – Unclean Hands*

It is not required for CBM Defendants to plead all facts related to their unclean hands affirmative defense in their answer. CBM Defendants have notified Trunk Archive that it intends to pursue this defense. Discovery has not begun yet, and it is not required or expected that CBM Defendants have complete documentation of Trunk Archive's misconduct. *See Tomason*, 297 F.R.D. at 548.

### *Affirmative Defense No. 18 – Good Faith*

CBM Defendants' Eighteenth Affirmative Defense alleges that "CBM and Nathan Best acted in good faith and were justified their actions." Counterclaim at 14. Trunk Archive argues that because copyright infringement is a strict liability cause of action, CBM Defendants' intent "is irrelevant and not an affirmative defense." Motion at 14-15.

This defense also goes directly to Trunk Archive's allegation of willful infringement, which requires "that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." *Nunes*, 2018 WL 2214593, at *1.

### *Affirmative Defense No. 19 – Own Harm*

CBM Defendants' Nineteenth Affirmative Defense alleges that "Trunk Archive inflicted its own harm and through its acts or omissions was the sole cause or the proximate cause of the damages complained." Counterclaim at 13. As argued in connection with Affirmative Defense No. 2, while damages may not be an essential element of a claim for copyright infringement, this defense relates

directly to Trunk Archive's requested relief. In its Complaint, Trunk Archive asks explicitly for "actual damages" and value "to reimburse Trunk Archive for all damages suffered by it by reasons of Defendants' acts" in its prayer for relief. Complaint at 11, Prayer for Relief ¶ 3. Trunk Archive also specifically cites 17 U.S.C. § 504(a)(1), which allows recovery of "the copyright owner's actual damages . . . .". Trunk Archive has placed "actual damages" at issue, and CBM Defendants' corresponding defense should not be stricken.

### *Affirmative Defense No. 20 – Ability to Supervise and Control*

Trunk Archive argues that "[b]ecause the Twentieth Affirmative Defense is merely a denial, it is not a proper defense and must be stricken." Motion at 15-16. As outlined in connection with Affirmative Defense No. 8, this argument contradicts the policy underlying the pleading rules. *See Sender*, 423 F. Supp. 2d at 1163-64 ("Since it is often unclear whether a defendant should properly plead an argument as a denial or a defense, and because a defense not plead is waived, a 'cautious pleader' will often err on the side of labeling an argument as a defense. There is no reason to penalize such a mistaken pleading by granting a motion to strike.") (citations omitted). For these reasons, many courts have rejected this argument. *See, e.g., Home Design*, 2012 WL 527202, at *2; *Coach*, 756 F.Supp.2d at 431; *Rawlins*, 2007 WL 1730091, at *2; *Smith*, 2006 WL 2711468, at *9– *10; *Best Foods*, 59 F. Supp. at 203. Even if there is some overlap, the defense should still not be stricken because Trunk Archive has not claimed any undue prejudice resulting from leaving this defense. *See Lifetree Trading*, 2018 WL 2926172, at *1.

Moreover, this defense goes directly to Trunk Archive's allegation of vicarious infringement, which attaches when the defendant "has the right and ability to supervise the infringing and activity" and "has a direct financial interest in such activities." *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th

Cir. 2013) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)).

This defense also applies to CBM's position that it is protected from liability under the DMCA safe-harbor regarding CBM's knowledge of the infringement or involvement in the creation, storage, transmission, or posting of the images in question. *See* 17 U.S.C. § 512(a), (c)(1)(A).

### *Affirmative Defense No. 21 – No Direct Financial Interest*

CBM Defendants' Twenty-First Affirmative Defense alleges that "neither CBM nor Nathan Best had a direct financial interest in the allegedly infringing activity sufficient to confer vicarious liability for the allegedly infringing activity." Trunk Archive argues that this defense is merely a denial of a necessary element of vicarious infringement and should thus be stricken. Motion at 16.

As outlined in connection with Affirmative Defense No. 8, this argument contradicts the policy underlying the pleading rules. *See Sender*, 423 F. Supp. 2d at 1163-64. This defense also directly to Trunk Archive's allegation of vicarious infringement, which attaches when the defendant "has the right and ability to supervise the infringing and activity" and "has a direct financial interest in such activities." *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). This defense also applies to CBM's position that it should be protected from liability under the DMCA safe-harbor. *See* 17 U.S.C. § 512(c)(1)(B).

Trunk Archive has not specified where CBM Defendants allegedly made these overlapping denials. CBM Defendants acknowledge that they have denied the boilerplate allegations that "Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed . . ." Complaint (Dkt. 2) at ¶ 80; Answer (Dkt. 49) at ¶ 80. However, this defense describes one of the

grounds behind this denial. CBM Defendants' pleading benefits Trunk Archive by giving it notice of the defenses and avoiding surprises. *See Blonder-Tongue*, 402 U.S. at 350.

Even if there is overlap between CBM Defendants' Twenty-First Affirmative Defense and its denials to paragraphs 30 and 80 of the Complaint, the defense should still not be stricken because Trunk Archive has not claimed any undue prejudice that would result from leaving this defense. *See Lifetree Trading*, 2018 WL 2926172, at *1.

### *Affirmative Defense No. 22 – Laches and Waiver*

CBM Defendants voluntarily withdraw their affirmative defense of laches. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677-78 (2014) (holding that only the three-year statute of limitations in the Copyright Act, and not laches, can preclude a claim for damages in copyright cases absent "extraordinary circumstances.").

Trunk Archive acknowledges that a waiver defense is an allowable defense to a copyright infringement claim. *See* Motion at 17, citing *Boatman v. U.S Racquetball Ass'n*, 33 F. Supp. 3d 1264 (D. Colo. 2014) and *A&M Records v. Napster*, 239 F.3d 1004 (9th Cir. 2001). Here, the defense raises factual and legal challenges inappropriate in a motion to strike. As outlined in connection with Affirmative Defense No. 3, this defense requires an analysis of legal and factual questions. This is not appropriate in a motion to strike. *See, e.g., Donovan*, 99 F.R.D. at 596. Ultimately, This defense is not "so unrelated to the plaintiff's claims as to be unworthy of any consideration." *Lifetree Trading*, 2018 WL 2926172, at *1.

### III.    Alternative request for leave to amend answer and counterclaim

CBM Defendants maintain that they adequately pled a legally sufficient declaratory judgment counterclaim and affirmative defenses. CBM Defendants argue, in the alternative, that if

their pleading is deficient, that they receive leave to amend to cure the defect. In these instances, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment will permit CBM Defendants to draw more precise distinctions between their denials, counterclaim, and defenses to avoid any perceived redundancy. Such an amendment will serve the interests of resolving the case on the merits and permitting CBM Defendants to put forward a complete defense rather than deciding the case on pleading technicalities. Notably, an amendment at this stage will not prejudice Trunk Archive. Neither party has taken any discovery. CBM Defendants' requested amendment will clarify but not change the positions already presented.

## IV.   Conclusion

CBM Defendants' counterclaim for declaratory judgment as to "the validity, enforceability, and scope of the alleged copyright in the Subject Images, and as to whether the Subject Images as used by CBM or its users infringes any valid and enforceable rights owned by Trunk Archive" is not duplicative of Plaintiff's claim of infringement. Counterclaim at ¶ 33. But even if it was, a motion to dismiss or strike is strongly disfavored because the counterclaim will not prejudice Plaintiff.

Similarly, CBM Defendants have sufficiently pled relevant, legally sufficient affirmative defenses that will not unduly prejudice Trunk Archive. Evaluating the legal merits of the defenses or exploring factual questions outside the scope of the pleadings is improper. As such, CBM Defendants respectfully request that the Court deny Trunk Archive's Motion in its entirety. In the alternative, CBM Defendants request an opportunity to amend their pleading.

Dated this 25th day of August, 2022.

KIMBALL ANDERSON

*/s/ Robert E. Aycock*
Robert E. Aycock
William B. Chadwick

*Attorneys for Defendants and Counterclaim-Plaintiffs ComicBookMovie.com and Nathan Best*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 25, 2022, I caused a true and correct copy of the foregoing **BEST LITTLE SITES AND NATHAN BEST'S OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE CERTAIN AFFIRMATIVE DEFENSES** to be filed via the Court's CM/ECF system, which directed service by email on all counsel of record.

*/s/ Stephanie Hamilton*