Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mhigbee@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>        Plaintiff,<br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:21-cv-00567-DBB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE** |

**I.    THE DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED**

First, CBM and Best argue that their declaratory judgment claim is not duplicative of their denials and defenses because the declaratory relief counterclaim "requests a specific determination as to whether the copyrights are valid and enforceable, not just whether CBM Defendants have infringed those alleged copyrights." Opposition at p. 2.

To establish a *prima facie* case of copyright infringement, a plaintiff must demonstrate "(1) *ownership of a valid copyright*, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (emphasis added). Because copyright validity is an essential element of Trunk Archive's copyright infringement case,

1

CBM and Best's declaratory judgment Counterclaim is necessarily a "mirror image" of Trunk Archive's copyright infringement claim.

CBM and Best also assert that the Counterclaim requests a judicial determination "that Trunk Archive is without right or authority to threaten or maintain a suit against CBM Defendants or their users for alleged copyright infringement, that CBM Defendants or their users did not infringe a valid or enforceable copyright by their alleged use of the Subject Images, and that if there was infringement, it was not willful." Motion at p. 2 quoting Dkt. #49 at ¶ 36. However these allegations also mirror Trunk Archive's infringement claim.

First, a determination as to whether Trunk Archive is without right or authority to threaten or maintain suit is simply a request for the Court to determine whether Trunk Archive is the holder of the requisite rights in the photographs at issue to allege copyright infringement. In other words, CBM and Best seek a determination as to whether Trunk Archive "owns" a valid copyright which falls squarely under the first element of Trunk Archive's copyright infringement claim.

Second, as explained above, the request that the "CBM Defendants or their users did not infringe a valid or enforceable copyright" also mirrors the first element Trunk Archive's infringement claim.

Third, while the issue of "willfulness" is not necessarily part Trunk Archive's *prima facie* infringement case, under the Copyright Act, a finding of willfulness is necessary in order to increase the available statutory damages threshold. *See* 17 U.S.C. § 504(c)(2). Thus, a request for a declaration as to "willfulness" directly mirrors Trunk Archive's burden of proof for statutory damages.

Next, CBM and Best assert that they *could* be estopped from seeking a judicial determination on these issues if Trunk Archive were to amend its Complaint. With the September 22 amendment deadline looming, in order to amend its Complaint, Trunk Archive would be required to obtain CBM and Best's consent or to file a motion for leave to amend. *See* Fed. R. Civ. Proc. 15(a)(2). Ostensible, CBM and Best could simply raise the issue directly to counsel or in

2

Opposition to any motion and either obtain permission to file an amended counterclaim or argue why it should be entitled to do so. Even still, CBM and Best would be required to respond to any amended complaint filed by Trunk Archive and could simply assert a matured counterclaim at the time it responds to Trunk Archive's amendment. *See* Fed. R. Civ. Proc. 13.

Thus, CBM and Best's theoretical estoppel argument is without merit.

Finally, CBM and Best contend that Trunk Archive would not be prejudiced if the Counterclaim were to survive. However, the nature of a counterclaim and the burdens of proof associated therewith, coupled with the duplicative nature of the issues presented would prejudice Trunk Archive by unnecessarily multiplying these proceedings.

For Trunk Archive's infringement claim, it bears the burden of proof associated with establishing the elements of copyright infringement. In contrast, Trunk Archive bears no burden to disprove Trunk Archive's copyright claim, but merely bears the burden of proving any applicable affirmative defenses. However, in a declaratory judgment context, the burdens of proof are flipped and CBM and Best bear the burden of proof as to invalidity and non-willfulness. Because the Counterclaim mirror's the elements of Trunk Archive's infringement claim, allowing the Counterclaim to move forward will create a situation where both parties bear competing burdens of proof on identical legal issues. Not only would this create unnecessarily duplicative litigation in terms of discovery and pretrial motion practice, but if the case were to proceed to trial, the competing burdens of proof would require the same issues to be presented twice to the jury, once by Trunk Archive during its case in chief, and once by CBM and Best in their case in chief.

Because the Counterclaim is merely the "mirror image" of Trunk Archive's infringement claim, the Court should exercise its discretion and dismiss it.

## II. THE MOTION TO STRIKE SHOULD BE GRANTED

### A. The Relevant Legal Standard For Pleading Affirmative Defenses

CBM and Best complain that Trunk Archive blends its 12(f) analysis into a 12(b)(6) argument by focusing on Rule 8 pleading standards. CBM and Best further argue that Trunk

Archive uses both "insufficiently pled" and "legally insufficient" in its Motion. However, CBM and Best apparently misunderstand the relevant pleading standards and the distinction between a defense which may be valid but is insufficiently pled affirmative defense and once which, even if sufficiently pled, is legally deficient and cannot succeed as a matter of law.

Trunk Archive asserts that affirmative defenses 14 (bad faith), 17 (unclean hands), and 22 (laches and waiver) are "insufficiently pled." Trunk Archive recognizes that these are valid affirmative defenses[1] however asserts that they lack sufficient detail to meet the relevant pleading standard and are thus subject to being stricken. *See* Fed. R. Civ. P. 12(f) (a court may strike an affirmative defense that is "insufficient."). Fed. R. Civ. P. 8(b) governs the pleading of defenses, instructing that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Although the 10th Circuit has not directly addressed the issue, district courts in this Circuit have routinely applied the heightened Rule 8 pleading standard announced in *Twombly*, and further clarified in *Iqbal*, to affirmative defenses. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649-650 (D. Kan. 2009) (citing cases).

Here, CBM and Best's pleading consists solely of unsupported conclusory statements which is not sufficient under the Rule 8 standard. *Id.* at 650 ("a wholly conclusory affirmative defense is not sufficient" [citation and quotation omitted]). Thus, while defenses 14, 17, and 22 as pled by CBM and Best meet the definition of an affirmative defense, the complete dearth of any factual allegations makes them insufficiently pled and thus "insufficient" under the Rule 12(f) standard.

As to the remaining defenses sought to be stricken, Trunk Archive contends that these defenses are either redundant of other affirmative defenses or "legally insufficient" because under any pleading standard, these defenses cannot succeed as a matter of law. Fed. R. Civ. P. 12(f) authorizes a court to strike an affirmative defense that is "insufficient … immaterial [or]

---

[1] While affirmative defenses 14 (bad faith) and 17 (unclean hands) are separately pled, both are essentially the same unclean hands defense.

impertinent." A defense is insufficient if, as a matter of law, it cannot succeed under any circumstances. *Resolution Tr. Corp. v. Tri-State Realty Inv'rs*, 838 F. Supp. 1448, 1450 (D. Kan. 1993).

Here, affirmative defenses 2-4, 6-16, and 18-21 are not proper affirmative defenses at all and must be stricken in order to simplify and streamline the litigation.

### Affirmative Defense No. 2 – No Damages

As to the second affirmative defense, CBM and Best argue that the defense should not be stricken because it is in direct response to Trunk Archive's prayer for relief requesting actual and statutory damages. Opposition at p. 8. However, simply because it addresses an allegation in the Complaint does not render it a valid affirmative defense. Rather, as an invalid affirmative defense, it must be stricken.

CBM and Best's citation to *Dutcher v. Bold Films LP*, 2018 WL 3849919, at *1 (D. Utah Aug. 13, 2018) is inapposite. In *Dutcher*, the plaintiff moved for summary judgment on the defendant's burden to prove deductible expenses as required by 17 U.S.C. § 504(b) arguing that the defendant "failed to timely provide admissible evidence to establish their deductible expenses." *Ibid.* The *Dutcher* court held that, regardless of the timeliness argument, sufficient facts existed in the record to create a dispute of material fact that was withing the purview of the jury to decide. *Ibid.*

Unlike the instant case, the *Dutcher* case was decided on summary judgment, involved a specific statutory burden of proof by the defendant, and concerned an argument of timely disclosure of evidence. The *Dutcher* did not address whether "speculative damages" is a valid affirmative defense and thus gives little insight into the issues raised here. Rather, as CBM and Best apparently concede, "no damages" is not a valid affirmative defense.

Thus, this defense must be stricken.

/ / /

/ / /

### **Affirmative Defense No. 3 – Public Policy**

CBM and Best's sole argument to this affirmative defense is that it would "require[] an analysis of legal and factual questions" and thus should not be stricken. Opposition at pp. 8-9. However, as a threshold matter, CBM and Best plead no facts regarding what alleged "public policy" it invokes or what reason the alleged policy exists to completely bar Trunk Archive's claims. Thus, far from requiring an analysis of legal or factual questions, CBM and Best fail to even explain what the defense even is or how this even qualifies as a legal affirmative defense at all. Thus, even under the most liberal of pleading standards, this affirmative defense fails because it fails to even give Trunk Archive fair notice of what is being pled.

Thus, this defense must be stricken.

### **Affirmative Defense No. 4 – Failure to Mitigate Damages**

As Best and CBM appear to concede, this affirmative defense is essentially a rehash of the second affirmative defense. Even so, while CBM and Best cite to a case explaining the general proposition of what a failure to mitigate defense entails, CBM and Best fail to address that courts have concluded that "failure to mitigate damages" is not an applicable defense in copyright infringement cases. *See Interscope Records, Motown Record Co., L.P. v. Time Warner, Inc.*, 2010 U.S. Dist. LEXIS 151460, at *44-48 (C.D. Cal. June 28, 2010) (striking affirmative defense of "failure to mitigate damages" as implausible and at odds with purposes of the Copyright Act.). Indeed, simply because this defense addresses an allegation in the Complaint does not render it a valid affirmative defense.

Thus, this defense must be stricken.

### **Affirmative Defense No. 6 – Collateral Estoppel**

As CBM and Best appear to concede no factual basis exists to invoke a collateral estoppel defense. *See* Opposition at p. 11 ("some of these defenses require a final judgment in the prior proceeding, which has not occurred yet. As such, the sufficiency of these defenses cannot yet be determined."). Because, as CBM and Best concede, this defense is not yet ripe, it would be

impossible for Trunk Archive to adequately take discovery or address as Trunk Archive is not on notice of what is collaterally estopped.

Thus, this defense must be stricken.

### **Affirmative Defense No. 7 – Lack of Actual Knowledge**

In response to this affirmative defense, CBM and Best apparently admit to comingling affirmative defenses by stating that lack of actual knowledge "also applies to CBM's [fifth affirmative defense] that it is protected from liability under the DMCA safe harbor." Fed. R. Civ. P. 12(f) authorizes a court to strike an affirmative defense that is "redundant." Thus, to the extent that this defense is redundant of the fifth affirmative defense it must be stricken on that basis.

CBM and Best also argue that while copyright infringement is a strict liability offense, lack of actual knowledge goes to whether the infringement was willful. However, simply because the argument may bear some relevance does not turn it in to a legitimate affirmative defense.

Regardless, actual knowledge is not required to find willful infringement. Rather, "[a] copyright infringement is 'willful' if the infringer knows its conduct is infringing *or if the infringer has acted in reckless disregard of the copyright owner's rights*. [cite]. The willfulness of a copyright infringement may be actual *or constructive* and it need not be proven directly but may be inferred from the infringer's conduct." *Schmidt v. Holy Cross Cemetery*, 840 F. Supp. 829, 834-35 (D. Kan. 1993) (citations omitted emphasis added). Thus, even if CBM and Best succeed in proving that they lacked actual knowledge of the infringements alleged, that would not necessarily act as a complete defense to a finding of willfulness.

Thus, this defense must be stricken.

### **Affirmative Defense No. 8 – Material Contribution**

In Opposition, Best and CBM essentially concede that "lack of material contribution" is not a true affirmative defense, instead primarily arguing that Trunk Archive would suffer no prejudice if the defense were maintained. As explained in section II.C, *infra*, Trunk Archive would be prejudiced if the defenses stated were not stricken. In any event, a striking of "lack of material

contribution" *as an affirmative defense* would not preclude CBM or Best from raising this as an argument to potentially negate Trunk Archive's copyright infringement claim if such evidence were to arise in the course of the litigation. Rather, the purpose of this Motion is to weed out inapplicable defenses at an early stage by requiring CBM and Best to only assert defenses that have legitimate factual support which will allow for more efficient and targeted litigation as to issues that go the heart of the merits of this case.

Additionally, CBM and Best argue that "lack of material contribution" is relevant to willfulness, however as explained in the analysis of the seventh affirmative defense, simply because the argument may bear some relevance does not turn it in to a legitimate affirmative defense and knowledge or "material contribution" is not required to find willful infringement occurred.

Thus, this defense must be stricken.

### Affirmative Defense No. 9 – Lack of Intent

In response to this affirmative defense, CBM and Best apparently admit that this defense is supplicative of both the fifth and seventh affirmative defense. Fed. R. Civ. P. 12(f) authorizes a court to strike an affirmative defense that is "redundant." As such, Trunk Archive incorporates by reference its arguments raised herein in support of striking the seventh affirmative defense.

Thus, to the extent that this defense is redundant of other affirmative defenses it must be stricken on that basis.

### Affirmative Defense No. 10 – Expeditious Removal

In response to this affirmative defense, Best and CBM contend that it is relevant to its DMCA safe harbor defense. However, Best and CBM's fifth affirmative defense already invokes the very same DMCA safe harbor provision, thus rendering this affirmative defense redundant.

Thus, to the extent that this defense is redundant of other affirmative defenses it must be stricken on that basis.

/ / /

### Affirmative Defense No. 11 – No Valid DMCA Takedown Notice

In response to this affirmative defense, Best and CBM again contend that it is relevant to its DMCA safe harbor defense. However, Best and CBM's fifth affirmative defense already invokes the very same DMCA safe harbor provision, thus rendering this affirmative defense redundant.

For its Fifth affirmative defense[2] Best and CBM aver that they are protected by the Safe Harbor provision of the DMCA. In order to claim protection under the DMCA Safe Harbor provision, a service provide must meet certain statutory requirements, including implementing a notice and take down procedure. *See* 17 U.S.C. §512 (c). Because the notice and take down procedure referenced in the Eleventh affirmative defense are already captured by the Fifth affirmative defense, the Eleventh affirmative defense is redundant.

Thus, to the extent that this defense is redundant of other affirmative defenses it must be stricken on that basis.

### Affirmative Defense No. 12 – Photographs Not On CBM's Server

For this affirmative defense, CBM and Best contend that it is relevant to Trunk Archive's claims of infringement of rights other than the display right. CBM and Best have not identified which other rights this defense appears to relate to, nor do they explain how this qualifies as an affirmative defense. Simply because the argument may bear some relevance does not turn it in to a legitimate affirmative defense. Furthermore the lack of any explanation as to the factual or legal basis of this alleged defense renders it insufficient to put Trunk Archive on notice of what is being pled.

Thus, this defense must be stricken.

/ / /

/ / /



---

[2] Trunk Archive does not challenge the Fifth affirmative defense as insufficiently pled.

### Affirmative Defense No. 13 – No Proximate Cause

As to the thirteenth affirmative defense, CBM and Best argue that the defense should not be stricken because it is in direct response to Trunk Archive's prayer for relief requesting damages. Opposition at p. 16. However, simply because it addresses an allegation in the Complaint does not render it a valid affirmative defense.

Additionally, this affirmative defense is essentially a rehash of the second affirmative defense of "no damages" rendering it redundant.

Thus, this defense must be stricken.

### Affirmative Defense No. 14 – Bad Faith

CBM and Best argue that it is not required of them to plead all facts related to their "bad faith" defense as discovery has only begun. However, Trunk Archive is not request that CBM and Best plead *all* facts related to this defense, but rather that they meet the requisite pleading standard by pleading *some* plausible factual basis for asserting this defense. Furthermore, CBM and Best also fail to explain how this argument qualifies as an affirmative defense and fail to distinguish the authorities cited by Trunk Archive demonstrating that this is not a valid affirmative defense.

Thus, this defense must be stricken.

### Affirmative Defense No. 15 – Unjust Enrichment

As its sole argument, CBM and Best contend that the Court should not strike this defense because it requires analysis of factual and legal issues. Opposition at p. 17. However, CBM and Best fail to allege *any* factual basis for its unjust enrichment defense. Nor do CBM and Best explain how an unjust enrichment defense, which is applied where a quasi-contractual relationship has been formed, applies in Trunk Archive's copyright infringement claim.

Thus, this defense must be stricken.

### Affirmative Defense No. 16 – Lack of Bad Faith

In response to this affirmative defense, CBM and Best make the same arguments raised in response to the seventh and ninth affirmative defenses. This is because the sixteenth affirmative

defense is essentially substantively identical to those defenses. Fed. R. Civ. P. 12(f) authorizes a court to strike an affirmative defense that is "redundant." As such, Trunk Archive incorporates by reference its arguments raised herein in support of striking the seventh and ninth affirmative defenses.

Thus, to the extent that this defense is redundant of other affirmative defenses it must be stricken on that basis.

### Affirmative Defense No. 17 – Unclean Hands

This affirmative defense is redundant of CBM and Best's fourteenth affirmative defenses of "bad faith" and should be stricken on that basis. CBM and Best argue that it is not required of them to plead all facts related to their "unclean hands" defense as discovery has only begun. However, Trunk Archive is not request that CBM and Best plead *all* facts related to this defense, but rather that they meet the requisite pleading standard by pleading *some* plausible factual basis for asserting this defense. Indeed, CBM and Best admit that they possess "complete documentation of Trunk Archive's misconduct" meaning that they could plead a factual basis for this defense. *See* Opposition at p. 18.

Because the alleged inequitable conduct "must be connected ... to the matters before the court for resolution," *In re New Valley Corp.*, 181 F.3d 517, 525 (3d Cir. 1999), it is incumbent on Best and CBM to plead a plausible factual basis to invoke unclean hands so that Trunk Archive can be on sufficient notice of what conduct is at issue. CBM and Best have failed to specifically plead any facts related to Trunk Archive's alleged "unclean hands" in this matter, nor have the pled any facts at all.

Because this affirmative defense is insufficiently pled, it must be stricken.

### Affirmative Defense No. 18 – Good Faith

This defense is substantively identical to Best and CBM's seventh, ninth and sixteenth affirmative defenses. As such, Trunk Archive incorporates by reference its arguments raised herein in support of striking the seventh, ninth, and sixteenth affirmative defenses.

Thus, to the extent that this defense is redundant of other affirmative defenses it must be stricken on that basis.

### Affirmative Defense No. 19 – Own Harm

This defense is practically identical to Best and CBM's second, fourth, and thirteenth affirmative defenses. As such, Trunk Archive incorporates by reference its arguments raised herein in support of striking the second, fourth, and thirteenth affirmative defenses.

Thus, to the extent that this defense is redundant of other affirmative defenses it must be stricken on that basis.

### Affirmative Defense No. 20 – Ability to Supervise and Control

In Opposition, Best and CBM essentially concede that "lack of ability to supervise and control" is not a true affirmative defense, instead primarily arguing that Trunk Archive would suffer no prejudice if the defense were maintained. As explained in section II.C, *infra*, Trunk Archive would be prejudiced if the defenses stated were not stricken. In any event, a striking of "lack of ability to supervise and control" *as an affirmative defense* would not preclude CBM or Best from raising this as an argument to potentially negate Trunk Archive's copyright infringement claim if such evidence were to arise in the course of the litigation. Rather, the purpose of this Motion is to weed out inapplicable defenses at an early stage by requiring CBM and Best to only assert defenses that have legitimate factual support which will allow for more efficient and targeted litigation as to issues that go the heart of the merits of this case.

Additionally, CBM and Best argue that "lack of ability to supervise and control" is relevant to their DMCA safe harbor defense, however, simply because the argument may bear some relevance does not turn it in to a legitimate affirmative defense. Furthermore, CBM and Bests fifth affirmative defense fully captures their claim to DMCA safe harbor, thus making this defense redundant.

Thus, this defense must be stricken.

/ / /

### Affirmative Defense No. 21 – No Direct Financial Interest

This defense is practically identical to Best and CBM's twentieth affirmative defense. As such, Trunk Archive incorporates by reference its arguments raised herein in support of striking the twentieth affirmative defense.

Thus, to the extent that this defense is redundant of other affirmative defenses it must be stricken on that basis.

### Affirmative Defense No. 22 – Laches and Waiver

CBM and Best voluntarily agree to withdraw their laches defense.

As to their waiver defense, Best and CBM fail to plead anything beyond a mere conclusory statement that Trunk Archive's claim is barred by waiver. CBM and Best do not even explain what was allegedly waived. Thus, even under the most liberal of pleading standards, this affirmative defense fails because it fails to even give Trunk Archive fair notice of what is being pled.

Thus, this defense must be stricken.

**B.    Trunk Archive Has Identified Sufficient Prejudice**

Finally, CBM and Best argue that Trunk Archive has not identified any prejudice that it would suffer if the defenses are not stricken. However, the very first paragraph of Trunk Archive's Motion states that

> If these inapplicable defenses are not eliminated at this early stage, the parties will be forced to expend significantly more time and resources litigating legally insufficient or redundant defenses. Striking these defenses at this early stage will significantly narrow the scope of the case and will allow for more efficient and targeted litigation as to issue that go the heart of the merits of this case.

Motion at p. 1.

Rule 12(f) is intended to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009). Increased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense. *See Estee Lauder, Inc. v. Fragrance Counter, Inc.,* 189 F.R.D. 269, 272 (S.D.N.Y. 1999). For example, in *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d

109, 114 (S.D.N.Y. 2005), the court held that plaintiff would be prejudiced because inclusion of an improper unclean hands defense would require additional discovery and would expand the length and scope of the trial. *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 114 (S.D.N.Y. 2005). Moreover, inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation. *See Estee Lauder*, 189 F.R.D. at 272 (explaining that when "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim").

      Here, CBM and Best have alleged a total of 22 affirmative defenses, of which 20 are insufficient, immaterial, or impertinent to Trunk Archive's copyright infringement claim. If these inapplicable defenses are not eliminated at this early stage, the parties and the Court will be forced to expend significantly more time and resources in litigation. For example, in order to properly prosecute this case Trunk Archive will be forced to take discovery as to each of the 22 affirmative defenses at issue which would result in perhaps over one hundred additional discovery requests.

      Not only does prejudice to Trunk Archive lie in the multiplication of these proceedings, but given the conclusory "shotgun" nature of the defenses pled, it is likely that CBM and Best will end up abandoning most if not all of the defenses when they fail to stand up to legal scrutiny, thus rendering Trunk Archive's discovery efforts in vain. Even if the defenses not ultimately abandoned, Trunk Archive will be forced to address each defense in turn on summary judgment or at trial which, considering the legal invalidity of the majority of the defenses pled, will needlessly waste party and judicial resources on defenses that could never pass legal muster.

      In contrast, striking these defenses at this early stage will significantly narrow the scope of the case and will allow for more efficient and targeted litigation as to issue that go the heart of the merits of this case.

      Thus, Trunk Archive's Motion should be granted.

### III.  CONCLUSION

In conclusion, Plaintiff Great Bowery Inc. d/b/a Trunk Archive respectfully requests that the Court dismiss the Counterclaim for Declaratory Relief alleged against Trunk Archive and that it strike affirmative defenses 2-4, 6-22, raised in Defendant CBM and Best's Answer.

Dated: September 8, 2022                              Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
(714) 617-8373
mhigbee@higbeeassociates.com

**/s/ Ryan E. Carreon**
Ryan E. Carreon, *pro hac vice*
**HIGBEE & ASSOCIATES**
(714) 617-8373
rcarreon@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*