Robert E. Aycock (#8878)
William B. Chadwick (#16416)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102
Phone: (801) 359-3333
robert@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE<br><br>    Plaintiff,<br><br>vs.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10.<br><br>    Defendants. | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:21-cv-00567-DBP<br><br>District Judge: David Barlow<br><br>Magistrate Judge: Jared C. Bennett |

Defendants Best Little Sites, d/b/a www.comicbookmovie.com ("CBM"), Nathan Best, Mark Cassidy, and Joshua Wilding (collectively, "Defendants") move for judgment on the pleadings on the lone cause of action for copyright infringement alleged by Plaintiff Great Bowery, d/b/a Trunk Archive ("Plaintiff" or "Trunk Archive").

Even if the allegations in Trunk Archive's Complaint (Dkt. 2) are accepted as true, Trunk Archive lacks standing to assert a violation of the display right and it has not plead facts that constitute a violation of the distribution right associated with the works.

According to Trunk Archive's Complaint, Trunk Archive has only been granted an exclusive right to <u>distribute or license</u> the allegedly copyrighted works. However, Trunk Archive has not plead any facts that would provide relief for violation of that right. Instead, Trunk Archive's Complaint alleges that Defendants have only violated the right to <u>publicly display</u> the works without claiming that Trunk Archive is the owner or licensee of that exclusive right. Therefore, even if Trunk Archive could establish every allegation in its Complaint, it still would not be entitled to any relief.

The contradictions are set forth plainly in Trunk Archive's cause of action:

> 78. Trunk Archive holds the <u>exclusive right to license</u> the Star Wars Photographs, which are original works of authorship subject to copyright protection under the laws of the United States.
>
> 79. The Star Wars Photographs have been registered with the United States Copyright Office and perfected registration certificates have been issued.
>
> 80. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed the copyrights to the Star Wars Photographs <u>by causing them to be displayed</u> as part of the Infringing Article on the Website without authorization in violation of 17 U.S.C. § 501 *et seq*.

1

Dkt. 2 at ¶¶ 78-80 (emphasis added). Simply put, displaying a work does not violate the exclusive right to license the work. Trunk Archive has not made any allegations that any Defendant took any actions that constitute a violation of the exclusive right to distribute a work.

This is not splitting hairs over a word choice—Trunk Archive has intentionally specified that it holds the exclusive right to license the works without identifying any other exclusive right in the copyrights. It is not reasonable to infer that Trunk Archive also owns the exclusive right to display the works because Trunk Archive's pleading expressly states that others have the right to publicly display the copyrighted works. Even in the most favorable light to Trunk Archive, this means that Trunk Archive cannot be the exclusive licensee of the right to publicly display the works. Without an exclusive license to the right to publicly display the work, Trunk Archive does not have standing to sue for a violation of that right.

Trunk Archive's obligation to allege that it owns the rights it claims have been violated "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan v. Defenders of Wildlif*, 504 U.S. 555, 561 (1992). Trunk Archive has failed to meet its burden and has pursued costly litigation in pursuit of an alleged violation of a right that it has not even claimed that it owns. Trunk Archive's claim should be dismissed and judgment on the pleadings should be entered in Defendants' favor.

I.  **Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion "is reviewed under the same standard applicable to a motion under Rule 12(b)(6)." *Landmark American Ins. Co. v. VO Remarketing Corp.*, 619 Fed. Appx. 705, 708 (10th Cir. 2015). In evaluating the motion, the Court

2

must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (internal quotation marks and citation omitted). If, after viewing the pleadings in the light most favorable to the non-moving party, it appears that the non-moving party can prove no set of facts to support its legal theory, then judgment must be entered on the pleadings. *See Fernandez v. Mora San Mugyek Elec. Coop.*, 462 F.3d 1244, 1250 (10th Cir. 2006).

II. **Argument**

Trunk Archive can only pursue and receive relief for a violation of a right that it owns. Under 17 U.S.C. § 501(b), "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to instate an action for an infringement <u>of that particular right</u> committed while he or she is the owner of it." (emphasis added). Similarly, under 17 U.S.C. § 201(d)(2), "[t]he owner of an exclusive right is entitled, <u>to the extent of that right</u>, to all of the protection and remedies accorded to the copyright owner by this title." (emphasis added).

Trunk Archive did not create any of the copyrighted works at issue. *See* Dkt. 2 at ¶¶ 17, 18 ("Between 2014 and 2019, Leibovitz took a series of photographs of the case and crew of *Star Wars: The Last Jedi* and *Star Wars: The Rise of Skywalker*."). Nor did Trunk Archive register the underlying copyrights. *See* Dkt. 2 at ¶¶ 22, 23 ("Leibovitz registered the Star Wars Photographs with the United States Copyright Office). Moreover, Trunk Archive does not claim that it owns any of the copyrights. *See* Dkt. 2 generally. Rather, Trunk Archive has only plead that it has one exclusive right in the Star Wars Photographs: "the exclusive right to <u>license</u>" them. Dkt. 2 at ¶¶ 24, 78.

Interpreted in the light most favorable to Trunk Archive, the "exclusive right to license" could qualify as the exclusive right enumerated in 17 U.S.C. § 106(3) (exclusive right "to distribute copies

3

or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending."). Trunk Archive, however, does not plead that it holds the exclusive right to publicly display the copyrighted works. *See* Dkt. 2 generally. Indeed, Trunk Archive's pleading establishes that it could not have the exclusive right to display the images because "[t]he Star Wars Photographs were originally published exclusively by the publication *Vanity Fair* in print and online at the *Vanity Fair* website." *Id.* at ¶ 21. This paragraph also includes links where the images are still publicly displayed on Vanity Fair's website. *See id.* In other words, at least one other entity had and still has the rights to publicly display the works. At most, Trunk Archive might have a nonexclusive license to publicly to display the works, but it has made no effort to plead that. Even if it had included that allegation, it still would not be enough to sustain the case because, "a mere 'nonexclusive license' does not constitute a 'transfer of copyright ownership' and therefore cannot confer standing to assert an infringement claim." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC* 870 F.3d 978, 983 (9th Cir. 2017) (citing 17 U.S.C. § 101).

The right to distribute copyrighted works is separate from the right to reproduce or publicly display the copyrighted works, and is independently delineated in the Copyright Act. *See* 17 U.S.C. § 106(1), (5). "Plainly, 'publication' and 'distribution' are not identical." *London-Sire Recs., Inc. v. Doe 1*, 542 F. Supp. 2d 153, 169 (D. Mass. 2008). "Congress' decision to use the latter term when defining the copyright holder's rights in 17 U.S.C. § 106(3) must be given consequence." *Id.*

Trunk Archive's only allegations of infringement are that Defendants violated the exclusive right to publicly display the copyrighted works. For example, Trunk Archive pleads, "[i]n February 2019, Trunk Archive began to discover a number of articles on the CBM website that displayed unlicensed copies of the Star Wars Photographs." Dkt. 2 at ¶ 57; *see also id.* at ¶¶ 58-72 (alleging that

4

pages on CBM's website "displayed" various images). Trunk Archive concludes that Defendants have "infringed the copyrights to the Star Wars Photographs by causing them to be <u>displayed</u> as part of the Infringing Article on the Website without authorization . . . ." Dkt. 2 at ¶ 80.

Trunk Archive does not plead that Defendants violated the right to distribute or license the work. *See* Dkt. 2 generally. "The plain meaning of [17 U.S.C. § 106(3)] requires an identifiable copy of the work to change hands in one of the prescribed ways for there to be distribution," namely, sale, rental, lease, license, assignment, lending, or other transfer of ownership. *Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 986 (D. Ariz. 2008). Allegations that defendants "made a copy of a work available to the public" without something more "does not prove that the copy changed hands." *Id.* at 983-84. The House Report on the 1976 Amendment to the Copyright Act confirms that Section 106(3) relates to the copyright owner's right to control distribution "whether by sale, gift, loan, or some rental or lease arrangement," and not simply by displaying the work. *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 299 (3d Cir. 1991) (quoting H.R. Rep. NO. 94-1476). "In the internet context, an actual dissemination means the transfer of a file from one computer to another." *Perfect 10 v. Google, Inc.*, 416 F. Supp.2d 828, 844 (C.D. Cal. 2006); *see Perfect 10, Inc. v. Amazon, Inc.* 508 F.3d 1146, 1162 (9th Cir. 2007) (affirming this portion of district court decision because "the district court's conclusion on this point is consistent with the language of the Copyright Act.").

Trunk Archive does not make any allegations Defendants sold, rented, leased, lent, transferred ownership, or transferred a file of any of the allegedly copyrighted works. As such, it cannot receive relief under its claim, and its complaint should be dismissed with prejudice.

5

### III.     Conclusion

Trunk Archive has sued Defendants for allegedly violating the right to publicly display the copyrighted works. Trunk Archive, however, has not plead that it owns the copyrights or is the exclusive licensee to the right to publicly display the works at issue. While Trunk Archive has plead that it is the exclusive licensee or the right to license the photos, it has not plead any facts that, if true, would support a finding that Defendants have violated that right. Consequently, Trunk Archive's claim for copyright infringement should be dismissed with prejudice and judgment on the pleadings should be entered in Defendants' favor.

DATE: February 1, 2023

                                                                       KIMBALL ANDERSON

                                                                       */s/ Robert E. Aycock*
                                                                       Robert E. Aycock
                                                                       William B. Chadwick

                                                                       *Attorneys for Defendants and Counterclaim-Plaintiffs ComicBookMovie.com and Nathan Best*

## CERTIFICATE OF SERVICE

I certify that on February 1, 2023, I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** to be filed via the Court's CM/ECF system, which directed service by email on all counsel of record.

*/s/ Stephanie Hamilton*