Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8373
mhigbee@higbeeassociates.com
*Attorneys for Plaintiff Trunk Archive*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>    Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-00567-DBB<br><br>**OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS** |

I.      INTRODUCTION

The instant litigation involves the serial infringement of 18 photographs for which Trunk Archive holds the exclusive licensing rights. *See generally* Complaint at Dkt. #2 ("Complaint"). Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world. *Id*. at ¶12. One of Trunk Archive's most prominent clients is American portrait photographer Annie Leibovitz. *Id.* at ¶14.

Between 2014 and 2019, Leibovitz took a series of photographs of the cast and crew of *Star Wars: The Last Jedi* and *Star Wars: The Rise of Skywalker*, 18 of which make up the subject matter of this lawsuit ("Star Wars Photographs"). *Id.* at ¶¶17-20. Trunk Archive alleges that the Star Wars Photographs were displayed in 15 separate editorial articles on the CBM website which were authored by co-Defendants Mark Cassidy and Joshua Wilding. *Id.* at ¶¶57-76.

As relevant here, Trunk Archive's Complaint contains the following allegations related to Trunk Archive's standing to pursue an infringement claim:

> 24. Leibovitz subsequently granted Trunk Archive the exclusive right to license the Star Wars Photographs.
> …
> 57. In February 2019, Trunk Archive began to discover a number of articles on the CBM website that displayed unlicensed copies of the Star Wars Photographs.
> …
> 78. Trunk Archive holds the exclusive right to license the Star Wars Photographs, which are original works of authorship subject to copyright protection under the laws of the United States.
> …
> 80. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed the copyrights to the Star Wars Photographs by causing them to be displayed as part of the Infringing Article on the Website without authorization in violation of 17 U.S.C. § 501 et seq.
>
> 81. All Defendants' acts were performed without Trunk Archives' permission, license, or consent.

Complaint, ¶¶24, 78, 80-81.

Because the pleadings clearly demonstrate that Trunk Archive's exclusive rights include the right to issue licenses for the public display of the Star Wars Photographs, Defendants' Motion for Judgment on the Pleadings must be denied.

1

## II.  TRUNK ARCHIVE HAS STANDING TO PURSUE THIS INRINGMENT CLAIM

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard that governs a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). That is, the court must accept all the well-pleaded allegations as true and must construe them in the light most favorable to the non-moving party. *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996). If, after viewing the pleadings in the light most favorable to the non-moving party, it appears that the non-moving party can prove no set of facts to support its legal theory, then judgment must be entered on the pleadings. *See Fernandez v. Mora San Mugyek Elec. Coop.*, 462 F.3d 1244, 1250 (10th Cir. 2006)

### A.  The Exclusive Right To License Allows Trunk Archive To Enforce Violations Of Any Of The Rights Enumerate In §106.

A copyright has six statutorily created exclusive rights. 17 U.S.C. § 106; *Fahmy v. Jay-Z*, 908 F.3d 383, 394 (9th Cir. 2018). To have standing to bring the infringement claim alleged in the Complaint, Trunk Archive must show that it is "[t]he legal or beneficial owner of an exclusive right under a copyright." 17 U.S.C. § 501(b). The Copyright Act also allows for transferring copyright ownership. 17 U.S.C. § 204. A "transfer of copyright ownership" includes an "exclusive license" or any other conveyance "of the exclusive rights comprised in a copyright;" it does not include non-exclusive licenses. 17 U.S.C. at § 101.

"Either an *assignment* (which transfers legal title to the transferee) or an *exclusive license* (which transfers an exclusive permission to use to the transferee) qualifies as a 'transfer' of a right in copyright for purpose of the Act." *DRK Photo v. McGraw-Hill Global Education Holdings, LLC*, 870 F.3d 978, 983 (9th Cir. 2017) (quoting *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1003 (9th Cir. 2015) (holding that Plaintiff has standing to bring an infringement action under the Copyright Act because the Agency Agreements conveyed rights via an "exclusive license")). "[A] license is an authorization by the copyright owner to enable another party to

2

engage in behavior that would otherwise be the exclusive right of the copyright owner, but without transferring title in those rights." *F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958, 965 (9th Cir. 2010).

Construing the pleadings in the light most favorable to Trunk Archive, it is clear that the "exclusive right to license" transferred to Trunk Archive means the right to grant licenses for exploitation of any of the six statutorily created exclusive rights, including the right of public display. In their Motion, Defendants conflate the "exclusive right to license" *i.e.* the ability for Trunk Archive to grant permission to exploit any of the six statutory rights, with the "right to distribute" which is but one of the six statutory rights and solely relates to dissemination of physical copies of a work. Thus, while distribution of physical copies does require a license from the rights holder, the ability of a rights holder to grant a "license" is not necessarily limited to the distribution right only. There is nothing in the pleadings to suggest that the "exclusive right to license" granted to Trunk Archive is limited in any manner or that it does not include the display right.

In fact, the pleadings suggest the opposite. The pleadings specifically state that "Defendants [] willfully infringed the copyrights to the Star Wars Photographs *by causing them to be displayed* as part of the Infringing Article on the Website," and that these "acts were performed *without Trunk Archives' permission, license, or consent*." Complaint ¶¶80-81 (emphasis added). The pleadings also state that Defendants engaged in "display[ of] *unlicensed* copies of the Star Wars Photographs." Complaint ¶57 (emphasis added).

In other words, the pleadings specifically allege that the act of public display of the Star Wars Photographs required a license from Trunk Archive. Conversely, the pleadings are silent as to the "right to distribute." Yet, somehow Defendants conclude this unstated right *is the only right* granted to Trunk Archive and that the display right, which is the only right specifically mentioned in the pleadings, is not.

Because the pleadings state that Trunk Archive has the "exclusive right to license" the Star Wars Photographs without specifying any limitations, construing the pleadings in the light most

3

favorable to Trunk Archive, it is plausible that the exclusive licensing rights granted to Trunk Archive include the right to publicly display the Star Wars Photographs. Similarly, because the pleadings are silent as to the distribution right, it is implausible to infer that Trunk Archive's ability to license is limited to the distribution right.

Defendants also argue that the sentence in the pleadings stating that the Star Wars Photographs were first published *Vanity Fair* somehow defeats Trunk Archive's standing to pursue the infringements alleged in this case. The sentence at issue specifically states that "The Star Wars Photographs were originally published exclusively by the publication *Vanity Fair* in print and online at the *Vanity Fair* website." Complaint ¶21. The sentence does not state or suggest that *Vanity Fair* was given any exclusive *right*s in the Star Wars Photographs. Rather it simply states that the publication Vanity Fair was chosen to be the exclusive *publication* through which the Star Wars photographs were first released, as opposed to allowing multiple publications to simultaneously participate in the initial release of the Star Wars Photographs.

Even if *Vanity Fair* were given some form of exclusive rights in the first publication of the Star Wars Photographs, this lawsuit does not suggest that Defendants violated any right of first publication by publishing before *Vanity Fair* did. Rather this lawsuit is centered solely on Defendants' *subsequent* exploitation[1] of Star Wars Photographs after the initial publication in *Vanity Fair*. So even if someone other than Trunk Archive owns an alleged "right of first publication" such right is not implicated here and thus does not affect Trunk Archive's standing to pursue these infringements.

Because the pleadings clearly show that the exclusive rights given to Trunk Archive include the right to publicly display the Star Wars Photographs, Trunk Archive has standing to pursue Defendants for infringement of those rights. As such, Defendants' Motion should be denied.

---

[1] For example, many of the articles at issue reference the original *Vanity Fair* publication and expressly state that the Star Wars Photographs infringed on Defendants' website were taken directly from *Vanity Fair*. *See e.g.,* Complaint ¶¶62-63.

## II. CONCLUSION

In conclusion, Plaintiff Great Bowery Inc. d/b/a Trunk Archive respectfully requests that the Court deny Defendants Motion for Judgment on the Pleadings.

Dated: Fenruary 2, 2023                               Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
(714) 617-8373
mhigbee@higbee.law

**/s/ Ryan E. Carreon**
Ryan E. Carreon, *pro hac vice*
**HIGBEE & ASSOCIATES**
(714) 617-8373
rcarreon@higbee.law
*Attorneys for Plaintiff Trunk Archive*