Robert E. Aycock (#8878)
KIMBALL ANDERSON
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102
Phone: (801) 359-3333
robert@kimballanderson.com
will@kimballanderson.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE<br><br>Plaintiff,<br><br>vs.<br><br>BEST LITTLE SITES, d/b/a www.comicbookmovie.com; NATHAN BEST; MARK CASSIDY; JOSHUA WILDING; and DOES 1 through 10.<br><br>Defendants. | **DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:21-cv-00567-DBB<br><br>District Judge: David Barlow<br><br>Magistrate Judge: Jared C. Bennett |

On September 22, 2023, Plaintiff Great Bowery, d/b/a Trunk Archive ("Plaintiff"), filed a Motion for Summary Judgment ("Motion"). *See* Dkt. 97.[1] Plaintiff's Motion is not in compliance with Local Civil Rule 56 as it does not include a "Statement of Undisputed Material Facts." *See* Local Rule 56-1(b)(3). As set forth below, Plaintiff's Motion for Summary Judgment should be stricken.

---

[1] Originally filed as Dtk. 87.

## I. Plaintiff's Motion for Summary Judgment Fails to Meet FRCP 56 and Local Civil Rule 56-1(b)(3) and Should be Stricken.

Under FRCP 56, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Because granting summary judgment deprives the nonmoving party of its chance to litigate and to be heard, the standards for granting such a motion are high. The facts on which the summary judgment is based, in the case of a moving party, must be supported by "citing to particular parts of materials in the record" or, in the case of the opposing party, by a "showing that the materials cited do not establish the absence or presence of a genuine dispute" or that admissible supporting evidence cannot be produced. Fed. R. Civ. P. 56(c)(1). Plaintiff's motion provides its arguments but does not provide undisputed facts to justify judgment as a matter of law.

Further, because the outcome of a motion for summary judgment depends on whether all the material facts necessary to sustain the motion are supported by evidence in the record, and if supported, whether those facts are in dispute, Local Rule 56-1(b) imposes strict requirements regarding how the material facts are presented and supported by evidence. All motions for summary judgment "must" include, *inter alia*, the section "Statement of Undisputed Material Facts." Local Rule 56-1(b)(3). This Statement of Undisputed Facts section must include "a concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law." *Id*. And, each fact in in the Statement of Undisputed Facts must be supported by "cit[ing] with particularity the evidence in the Appendix that supports each factual assertion" *Id*.

Plaintiff's Motion does not comply with Local Rule 56-1(b)(3) as it does not include a Statement of Undisputed Facts section. Plaintiff may attempt to argue that its Introduction section is

equivalent to a Statement of Undisputed Facts. However, Plaintiff's Introduction does not convey the same purpose. Although in its Introduction Plaintiff characterizes certain alleged facts as "undisputed," they appear to be used more as background facts to set the stage for the dispute. For example, Plaintiff states that, "Leibovitz took a series of photographs of the cast and crew of *Star Wars: The Last Jedi and Star Wars: The Rise of Skywalker*, 18 of which make up the subject matter of this dispute. Dkt. #87 ("Motion for Summary Judgment"). Plaintiff also lists the photographs and articles in dispute and discusses the job titles and responsibilities of the Defendants. *Id*. These introductory background facts do not lay the necessary ground work to determine whether there are, or are not, genuine factual disputes and that Plaintiff is entitled to judgment as a matter of law.

Additionally, many of the statements made in Plaintiff's Introduction are in fact disputed. Plaintiff uses the heading "Defendants Engaged In Mass Infringement Of The Star Wars Photographs." This not only is a disputed fact but the very subject of the parties' dispute. *Id*. Also, Plaintiff states, "Content on CBM's Website is monetized through paid advertisements." *Id*. Defendant did not admit to this, but instead responded in its answer that CBM only receives compensation on *some* of its pages. Dkt. #49. ("Answer & Counterclaim"). Plaintiff also states, "Trunk Archive began to discover a number of articles on the CBM Website that displayed unlicensed copies of the Star Wars Photographs ("Infringing Articles"). Dkt. #87. Again, Defendant's answer does not admit to this, but instead "expressly den[ies] the allegation that the CBM website displayed unlicensed copies of any asserted copyrighted work." Dkt. #49. Plaintiff's Motion for Summary Judgment not only lacks the required section "Statement of Undisputed Facts", but the content of the Motion does not provide the required undisputed facts.

Plaintiff's Motion for Summary Judgment also violates the requirements of Local Rule 56-1(b)(3) for failure to identify undisputed facts which entitle Plaintiff to judgment as a matter of law. Plaintiff may attempt to argue that undisputed facts are provided throughout the body of the Motion. If so, these "undisputed" facts are hard to distinguish as they are woven between Plaintiff's legal arguments and do not provide conclusive evidence. This unfairly forces Defendants, and subsequently the Court, to (a) identify the material facts it contends are disputed or irrelevant, (b) explain why the facts are disputed or immaterial, and (c) provide evidence refuting the facts. *See* Local Rule 56-1(c)(3)). Because of Plaintiff's failure to comply with Local Rule 56-1(b)(3), Defendants are left guessing as to what Plaintiff believes are the alleged undisputed material facts. In the context of a dispositive motion, Defendants should not, because of Plaintiff's failure to comply with the local rules, be left to guess which allegations in their motion Plaintiff contends are facts (or are material facts) allegedly supporting their motion. Nor should the Court be required to "sift through Plaintiffs' Motion and exhibits to discern whether there are disputes of material fact." *Khan v. Merit Medical Sys.*, Inc., Case No. 2:21-CV-00337, 2021 WL 8269546 (D. Utah Central Div. 2021).

## CONCLUSION

Without the required Statement of Undisputed Facts, neither the Court nor Defendants can properly respond to, analyze, or rebut Plaintiff's assertions. The Court should, therefore, strike Plaintiff's motion for Summary Judgement (or deny the motion without prejudice) for failure to comply with Local Rule 56. If the Motion is not stricken, Defendants request that the Court allow Defendants 28 days from that order to oppose the Motion.

DATE: October 1, 2023

                                                                                                                                   KIMBALL ANDERSON

                                                                                                                                   */s/ Robert E. Aycock*
                                                                                                                                  Robert E. Aycock
                                                                                                                                  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 1, 2023, I filed a true and correct copy of the foregoing **DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** via the Court's CM/ECF system, which directed service by email on all counsel of record.

/s/Robert E. Aycock